# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF VIRGINIA

### ALEXANDRIA DIVISION

|  |  |
|---|---|
| Navient Solutions, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>The Law Offices of Jeffrey Lohman<br>Jeffrey Lohman<br>Jeremy Branch<br>Alyson Dykes<br>Ibrahim Muhtaseb<br>David Mize Law, PLLC<br>David Mize<br>Champion Marketing Solutions, LLC<br>John Does #1-20,<br><br>    Defendants. | Civil Action No. 1:19-cv-00461 |

**MEMORANDUM OF LAW IN SUPPORT OF LOHMAN DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT OR TO TRANSFER VENUE UNDER 28 U.S.C. § 1404**

Respectfully Submitted,

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys for The Lohman Defendants
Michelle Arbitrio
Dana C. Withers
685 3rd Avenue, 18th Floor
New York, New York 10017

# Contents

TABLE OF AUTHORITIES .................................................................................3

I.      SUMMARY OF ARGUMENT ...........................................................5

II.     FACTUAL BACKGROUND .............................................................5

    a.      The Defendants Have No Connection to this District. .......................6

        i.      The Majority of Defendants are Located in the Central District of California. .......................................................................6

        ii.     Maintaining this Action in Virginia would not allow all Parties to Actively Participate in the Litigation. ................................7

    b.      NSL Lacks a Significant Connection to this District. ........................7

    c.      Non-Party Witnesses are Located in California. ...............................8

III.    STANDARD OF REVIEW ................................................................9

IV.     ARGUMENT ...................................................................................10

    a.      This Case Should be Transferred to the Central District of California. ........10

        i.      This Action Could Have Been Brought Originally in the Central District of California. ......................................................10

        ii.     The Convenience Factors and Interests of Justice Overwhelmingly Favor Transfer to the Central District of California. .................11

    b.      The Amended Complaint Should be Dismissed for Improper Venue Under Rule 12(b)(3). ..............................................................16

    c.      The Case Should Be Dismissed For Lack of Personal Jurisdiction. ...............17

    d.      The Amended Complaint Fails to Allege a Claim for Violation of RICO and Should Be Dismissed Pursuant to Rule 12(b)(6). ..........................19

        i.      The Amended Complaint fails to allege "conduct" of an "enterprise." ................................................................20

        ii.     The Amended Complaint  fails to allege a "pattern of racketeering activity." ..............................................................21

V.      CONCLUSION AND PRAYER .......................................................... 23

## __TABLE OF AUTHORITIES__

Statutes

Fed. R. Civ. P 12 (b)(2) …………………………………….......………………………19
Fed R. Civ. P. 12(b)(3) ……………………………………………………………..16
Fed. R. Civ. P. 12(b)(6) …………………………………………………………….19,23
28 U.S.C. § 1404(a) ……………………………………….……………………*passim*
28 U.S.C. § 1391(b) …………………………………………...……………………11
18 U.S.C. § 1965(a) ………………………………………………………………16
18 U.S.C. § 1962(c) …………………………………………………………...19, 20
18 U.S.C. § 1962(d) …………………………………………………...…………19
18 U.S.C. § 1961(3) …………………………………………………………………20
18 U.S.C. § 1961(4) …………………………………………………………………20


Va. Code § 8.01–328.1(A) …………………………………………………….......17
Va. Code § 8.01– 328.1(C) …………………………………….……………………17

Cases


*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ……..…………………………………….19,20
*Boyle v. United States*, 556 U.S. 938 (2009)…………………………………………20
*Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158 (2001) ………………….…..20
*Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) ………………………………..…17
*Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770 (1984) …………………...………18
*Sedima, S.P.R.L.*, 473 U.S. 479 (1985) ……………………………………….……20

*In re Genentech, 566 F.3d 1138 (Fed. Cir. 2009)* ……..………………………….....13
*In re Microsoft Corp.*, Misc. No. 944, slip op.(Fed. Cir. 2011) …………………………12
*In re T.S. Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008) ……………………..…….11, 14

*ePlus Tech., Inc. v. Aboud*, 313 F.3d 166 (4th Cir. 2002) ………………………………..17
*Federal Ins. Co. v. Lake Shore, Inc.*, 886 F.2d 654 (4th Cir. 1989) ….………………….18
*GE Investment Private Placement Partners II v. Parker*, 247 F.3d 543 (4th Cir. 2001) …22
*Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776 (4th Cir. 1999) ………....22
*Menasco, Inc. v. Wasserman*, 886 F.2d 681 (4th Cir. 1989) ……………………...……21, 22
*Mitrano v. Hawes*, 377 F.3d 402 (4th Cir. 2004) …………………….……………......16
*Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130 (4th Cir. 1993) …………………………………19
*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250 (4th Cir. 2009) ….…..19
*Nichols v. G.D. Searle & Co.*, 991 F.2d 1195 (4th Cir. 1993) ……………………………18
*Republican Party of N.C. v. Martin*, 980 F.2d 943 (4th Cir. 1992) ……………………....19
*Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544
(4th Cir. 2006) …………………………………………………………………….16

*Bd. of Trustees v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253
(E.D. Va. 1988) …………………………………………………………………………9
*Cognitronics Imagin Sys. v. Recognition Inc.*, 83 F.Supp.2d 689 (E.D. Va. 2000) ………10
*D'Addario v. Geller*, 264 F.Supp.2d 367 (E.D. Va. 2003) ……………………………….20
*Lycos, Inc. v. TiVo, Inc.*, 499 F. Supp. 2d 685 (E.D. Va. 2007) …………….………..…9
*Myers v. Finkle*, 758 F.Supp. 1102 (E.D. Va. 1990) …………………………………….20
*Myers v. Lee*, 2010 WL 3745632 (E.D. Va. Sept. 21, 2010) ……………………………20, 21
*Original Creatine Patent Co., Ltd. v. Met-RS USA, Inc.*, 387 F.Supp. 2d 564
(E.D. Va. 2005) …………………………………………………………………………6
*Rannoch, Inc. v. Rannoch Corp.*, 52 F.Supp.2d 681 (E.D. Va. 1999) ……………….........17
*Rice Contracting Corp. v. Callas Contractors, Inc.*, No. 1:08-cv-1163, 2009 WL 21597
(E.D. Va. January 2, 2019) …………………………………………………………..…16
*Telepharmacy Solutions, Inc. v. Pickpoint Corp.*, 238 F.Supp. 2d 741 (E.D. Va. 2003) ...10
*Thousand Oaks Barrel Co., LLC v. Deep S. Barrels LLC*, 241 F. Supp. 3d 708
(E.D. Va. 2017) ………………………………………………………………….........17, 18, 19
*U.S. Ship Mgmt. v. Maersk Line, Ltd.*, 357 F. Supp. 2d 924 (E.D. Va. 2005) ………........9
*Williams v. Equity Holding Corp.*, 245 F.R.D. 240 (E.D. Va. 2007) ………………….....22

Defendants, The Law Offices of Jeffrey Lohman, Jeffrey Lohman, Jeremy Branch, Alyson Dykes, and Ibrahim Muhtaseb (hereinafter collectively referred to as the "Lohman Defendants"), by counsel, respectfully submit this memorandum of law in support of their Motion to Dismiss Plaintiff Navient Solutions, LLC ("NSL")'s Amended Complaint, or in the alternative, Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Central District of California.   As grounds therefor, the Lohman Defendants state as follows:

## I.   SUMMARY OF ARGUMENT

The crux of this lawsuit lies not in the Eastern District of Virginia, but rather in the Central District of California. The Lohman Defendants are all located in the Central District of California, and the vast majority of their potential witnesses and potentially relevant documents are located in that district. Furthermore, the bulk of the likely non-party witnesses reside in the Central District of California. In stark contrast, NSL has little connection to this District. As will be explained in detail below, the Court should transfer this action to the Central District of California pursuant to Section 1404(a) because that district is "clearly more convenient" than the Eastern District of Virginia for litigation of this dispute. For the same reasons that support transferring this matter, this Court could also dismiss NSL's claims for lack of personal jurisdiction. Finally, NSL has failed to plead its RICO claim with sufficient particularity which should be dismissed as a matter of law.

## II.   FACTUAL BACKGROUND

NSL states in its complaint that venue within this jurisdiction is appropriate because Defendants have marketed their services within this jurisdiction and have brought lawsuits

against NSL knowing that its corporate office is located within this state. However, these statements are false and this matter should be transferred to California as discussed more fully below.

   **a.  The Defendants Have No Connection to this District.**

The Law Offices of Jeffrey Lohman, P.C. (the "Lohman Firm") has no presence in the Commonwealth of Virginia and never marketed its consumer protection services here. *See* Jeffrey Lohman Affidavit attached hereto as **Exhibit A**. The Lohman Firm has never solicited clients regarding violations of the Telephone Consumer Protection Act through its website or through any other means. *Id.* Further, the Lohman Firm's current website offers Probate and Estate services in the greater Los Angeles and Phoenix areas. *Id.* Additionally, the Lohman Firm has never brought a matter against NSL in Virginia. *Id.* All matters related to litigation with NSL were directed to the Plaintiff's corporate office in Wilmington, Delaware or its corporate offices in Indiana. *Id.* All arbitration demands were sent to NSL's corporate address in Wilmington, Delaware. *Id.* All service of process were served to NSL's corporate address in Wilmington, Delaware. *Id.* Additionally, all depositions of NSL's corporate witnesses took place in either Delaware, Indiana, or Pennsylvania. *Id.* Additionally, the Lohman Firm has never filed a complaint or demand for arbitration with the American Arbitration Association in this district. *Id.*

   i.    <u>The Majority of Defendants are Located in the Central District of California.</u>

The majority of defendants, possible defendants, and non-party witnesses are located in California. As described in NSL's complaint, The Law Offices of Jeffrey Lohman, P.C. is located in California. Additionally, Jeffrey Lohman, Alyson Dykes, Jeremy Branch, and Ibrahim Muhtaseb are located in California. In its complaint, NSL has reserved its right to name Amanda

Johanson as well as Ryan and Rory Leisinger as potential defendants. All three of these attorneys are also located in California.

    ii.    <u>Maintaining this Action in Virginia would not allow all Parties to Actively Participate in the Litigation.</u>

Should this matter be maintained in the Commonwealth of Virginia, most of the Lohman Defendants would not be able to actively participate in the litigation due to their work in California. For example, both Ms. Dykes and Mr. Muhtaseb have recently accepted new associate positions at law firms in Los Angeles County. Neither of these defendants has the ability be absent from their new positions for multiple days of travelling to the Commonwealth of Virginia to attend hearings. Additionally, Mr. Lohman and Mr. Branch are two of the four attorneys at the Firm. With a case load of over 400 active cases, the Firm would not be able to maintain effective representation of its clients should Mr. Lohman and Mr. Branch be required to spend three days of travel to attend hearings.

    **b.  NSL Lacks a Significant Connection to this District.**

In its 2018 SEC filing, NSL lists its corporate headquarters as being located in Wilmington, Delaware, "[o]ur headquarters is currently in leased space at 123 Justison Street, Wilmington, Delaware, 19801." *See* NSL SEC Filing attached hereto as **Exhibit B**  at 25. NSL's annual shareholder meeting is held at its Wilmington, Delaware office. Additionally, in the same SEC filing, NSL lists the locations of its corporate offices across the country. This list includes locations at:

- Fischers, IN –          450,000 sq. ft.
- Wilkes-Barre, PA –   133,000 sq. ft.
- Muncie, IN –            75,400 sq. ft.
- Big Flats, NY –         60,000 sq. ft.
- Arcade, NY –            46,000 sq. ft.
- Perry, NY –             45,000 sq. ft.
- Hendersonville, TN –  92,000 sq. ft.

- Reston, VA –              90,000 sq. ft.
  (with 38,000 sq. ft. leased to another company, First Data)
- Newark, DE –             86,000 sq. ft.
- Austin, TX –             55,000 sq. ft.
- Mason, OH –             54,000 sq. ft.
- Wilmington, DE –       46,000 sq. ft.
- San Francisco, CA –    36,000 sq. ft.
- Milwaukee, WI –        31,000 sq. ft.
- Moorestown, NJ –      30,000 sq. ft.
- Guaynabo, PR –         21,000 sq. ft.
- Salt Lake City, UT –    14,000 sq. ft.

As noted above, NSL has locations in twelve states throughout the country, including a location in California. Further, NSL is currently incorporated in California as well as Texas and Arizona (and likely all 50 states). It should not be found to be an inconvenience for NSL to maintain this action in California when the company is incorporated in California and maintains an office in California and has chosen to bring this action against five or more California residents.

### c.   Non-Party Witnesses are Located in California.

In addition to the defendants' inability to effectively defend themselves should this matter not be transferred to California, a substantial number of non-party witnesses are also located in California. For example, NSL identifies "LL" in the Complaint as a witness located in California. Other potential witnesses able to speak to the parties' defenses also live in California, including Miguel Ibarra, Laura Dye, Cynthia Baldon, and Ralph Salazar. These potential witnesses were clients referred to the Lohman Defendants by David Mize Law and would be critical to the defendants' ability to zealously defend themselves. Their testimony may be unattainable should this matter be maintained in the Eastern District of Virginia.

III. **STANDARD OF REVIEW**

A district court may transfer a civil action to any other district where the action might originally have been brought if doing so would serve the convenience of the parties and witnesses and the interests of justice. *See* 28 U.S.C. § 1404(a). A court must perform a two-step analysis to determine if a transfer is appropriate under Section 1404(a). First, the court must determine whether the action could originally have been brought in the proposed transferee forum; and second, the court must determine whether transferring the case would serve the convenience of the parties and witnesses and the interests of justice. *Lycos, Inc. v. TiVo, Inc.*, 499 F. Supp. 2d 685, 689 (E.D. Va. 2007).

To determine whether transferring a case would serve the goals of convenience and justice, this Court considers six factors: (1) the convenience of the parties and witnesses; (2) the cost of obtaining the attendance of witnesses; (3) the availability of compulsory process; (4) the interest in having local controversies decided at home; (5) in diversity cases, the court's familiarity with the applicable law; and (6) the interest of justice. *See*, *U.S. Ship Mgmt. v. Maersk Line, Ltd.*, 357 F. Supp. 2d 924, 936 (E.D. Va. 2005). The plaintiff's choice of forum is by no means dispositive. *See Bd. of Trustees v. Baylor Heating & Air Conditioning, Inc.*, 702 F. Supp. 1253, 1257 (E.D. Va. 1988). The less of a connection between a plaintiff's choice of forum and the underlying cause of action, the less weight a Court will afford to that choice. *Id*. at 1256. As discussed below, an analysis of the above factors strongly weighs in favor of transferring this matter to the Central District of California.

IV.   **ARGUMENT**

    **a.  This Case Should be Transferred to the Central District of California.**

    The Lohman Defendants request that this Court transfer venue of this action to the U.S. District Court for the Central District of California. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  The Court should exercise its power to transfer a case in order to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Original Creatine Patent Co., Ltd. v. Met-RS USA, Inc.*, 387 F.Supp. 2d 564, 566 (E.D. Va. 2005).  "If a plaintiff chooses a foreign forum and the cause of action bears little or no relation to that forum, the plaintiff's chosen venue is not entitled to substantial weight."  *Telepharmacy Solutions, Inc. v. Pickpoint Corp.*, 238 F.Supp. 2d 741, 743 (E.D. Va. 2003).  In deciding whether to transfer, a court considers a number of factors that include "ease of access to sources of proof; the convenience of the parties and witnesses and the costs associated with the attendance of witness; the interest in having local controversies decided at home; and the interests of justice."  *See, Cognitronics Imagin Sys. v. Recognition Inc.*, 83 F.Supp.2d 689, 696 (E.D. Va. 2000).

       i.  <u>This Action Could Have Been Brought Originally in the Central District of California.</u>

    NSL could  not have brought suit against the Defendants in the Central District of California. A civil action may be brought in: (1) any judicial district where any defendant resides, if all defendants reside in the same state; (2) any judicial district in which a substantial part of the events giving rise to suit occurred; or (3) if there is no proper forum under either (1)

or (2), then any judicial district in which any defendant may be subject to the court's personal jurisdiction with respect to such action. 28 U.S.C. § 1391(b). The Mize Defendants reside in Phoenix, Arizona, the CMS Defendants reside in Plano, Texas, and the Lohman Defendants all reside in the Central District of California, so the first prong is not possible. *See* Amended Compl. §§ 12-16. However, the second prong is possible because as the Amended Complaint alleges, the Lohman Defendants allegedly carried their scheme against Plaintiff which would necessarily occur where the Lohman Defendants are located, which is the Central District of California. There is no other judicial district which would have a more substantial part of events giving rise to suit. Accordingly, venue for this suit would therefore be appropriate in the Central District of California under both the first and second prongs of Section 1391(b). Should this Court find that there is no single district in which a substantial part of the events occurred, as they allegedly occurred in various states, then venue would be appropriate in the Central District of California under the third prong of Section 1391(b) because that is where the Lohman Defendants are located and subject to personal jurisdiction. Therefore, the Central District of California is a venue in which this action could originally have been brought against all Defendants and the first part of the test to transfer Section pursuant to Section 1391(b) is met.

   ii. <u>The Convenience Factors and Interests of Justice Overwhelmingly Favor Transfer to the Central District of California.</u>

    1. *The Convenience of the Parties and Access to Sources of Proof.*

The factors of convenience of the parties and access to sources of proof overwhelmingly favor transfer to the Central District of California. As noted above, the Lohman Defendants, their employees and relevant witnesses are all located in the Central District of California. Additionally, the majority of sources of proof, including documentation and records related to the underlying litigation would be located in the Lohman Defendants' office. S*ee In re T.S. Tech*

*USA Corp.*, 551 F.3d 1315, 1320-21 (Fed. Cir. 2008) (finding that the convenience of access to sources of proof is not diminished by the electronic nature of such evidence). Therefore, the Central District of California would indisputably be a more convenient forum for all of the Defendants to litigate this case.

Although NSL claims that its principal place of business is in Virginia, it is unknown whether any of NSL's employees who would have relevant information regarding these claims work in Virginia, or if they have any records or other documents in Virginia relevant to this matter. There would be no apparent inconvenience to NSL if it were required to litigate its claims in the Central District of California. Significantly, the Federal Circuit has held that courts need not "honor connections to a preferred forum made in anticipation of litigation and for the likely purpose of making that forum appear convenient." *In re Microsoft Corp.*, Misc. No. 944, slip op. at 5 (Fed. Cir. 2011). In *In re Microsoft*, the Federal Circuit accorded "little consideration" to plaintiff's corporate domicile in its convenience analysis and concluded that the district where the defendant was located was the more convenient forum because the defendant's potential witnesses and relevant documents were located at its headquarters in that district. *Id.* at 3, 7 (internal quotation omitted) (granting petition for mandamus and ordering transfer to Western District of Washington).

Here, the Court should similarly accord little consideration to NSL's alleged corporate domicile in Virginia. In fact, NSL is incorporated in Delaware and other states. By contrast, as explained above, the Lohman Defendants have significant connections to the Central District of California, the vast majority of potential witnesses are in said district, and relevant documents are located in their offices in that district. Therefore, the factors of convenience of the parties and witnesses and access to sources of proof overwhelmingly favor the transfer of this case to the

Central District of California. *See In re Genentech*, 566 F.3d 1138, 1345 (Fed. Cir. 2009) (finding that transfer was favored where a substantial number, though not all, of the material witnesses resided in the transferee district).

> 2. *The Availability of Compulsory Process and the Convenience of Non-Party Witnesses.*

The availability of compulsory process also overwhelmingly favors transfer of this case to the Central District of California since a substantial number of non-party witnesses are also located in California. For example, NSL's suggested witness "LL" is located in California. Other potential witnesses, able to speak to the parties' defenses also live in California, including Miguel Ibarra, Laura Dye, and Ralph Salazar. Their testimony may be unattainable should this matter be maintained in the Eastern District of Virginia. Securing these critical witnesses' attendance at trial—instead of viewing excerpts of videotaped depositions— would undoubtedly better serve the finder of fact on these issues. Because these non-party witnesses are located within the Central District of California, it is evident that transfer of this case to that venue would also significantly increase the convenience to all of these witnesses. Accordingly, the factors of the availability of compulsory process and the convenience of non-party witnesses overwhelmingly favor transfer of this case to the Central District of California. *See In re Genentech*, 566 F.3d at 1345 (finding transferee venue's compulsory subpoena power over witnesses favors transfer).

> 3. *The Cost of Obtaining the Attendance of Witnesses.*

As explained above, the Lohman Defendants and non-party potential witnesses work in the Central District of California. Thus, if this case went to trial in the Central District of California, the Lohman Defendants would incur virtually no costs for overnight travel for its employees. However, if the Lohman Defendants are required to litigate this dispute here, each

would incur significant airfare, lodging, and meal expenses for its employees and counsel traveling from the West Coast. In addition, the burden and cost on the Mize Defendants to present witnesses at trial would be significantly reduced by litigating this case in the Central District of California because their potential witnesses work in Arizona which is significantly closer to California than Virginia.

NSL will likely have few potential party witnesses in this case. In any event, it is unknown whether any potential NSL witnesses actually work or reside within this District. Additionally, proceeding in the Eastern District of Virginia would also impose unnecessary cost to most of the relevant non-party witnesses. As explained above, likely material witnesses reside in the Central District of California. To the extent that these witnesses were to testify at trial, transfer of this case to the Central District of California would eliminate the travel, lodging, and meal costs incurred by these witnesses as well. On balance, the cost of obtaining attendance of witnesses strongly favors transfer to the Central District of California. *See T.S. Tech*, 551 F.3d at 1320 (recognizing the significant expense and inconvenience of long-distance travel for material witnesses).

### 4.  *The Interest in Having Local Controversies Decided at Home.*

This factor strongly favors transfer to the Central District of California. The Lohman Defendants  are all headquartered in the Central District of California. Each of those Defendants has been located there since inception of their firm.  By contrast, NSL has little connection with this forum. Therefore, NSL's suit against Defendants is a controversy centered in the Central District of California, and should be litigated there.

### 5.  *The Interests of Justice.*

The interests of justice favor transfer to the Central District of California because this

forum bears little to no relation to the causes of action alleged.  As explained above, NSL alleges that the Lohman Defendants sent wires or mails to consumers as part of an alleged scheme against NSL (Am. Compl. ¶ 48). It is axiomatic that these alleged communications came from the Lohman Defendants' offices located in California.  Plaintiff fails to plead, with any specificity, details of marketing materials or letters sent into Virginia by the Lohman Defendants – and that is because none exist. Further, the Plaintiff also fails to attach as exhibits any copies of letters or communications sent by the Lohman Defendants into Virginia, also because none exist. Additionally, Plaintiff fails to plead that any of the previous lawsuits against it by the Lohman Defendants occurred in Virginia or that they were even served in Virginia.  Of the previous matters brought by the Lohman Defendants, none have occurred in Virginia and any service was issued at NSL's Corporate address in Delaware.

Weighing the factors, the only relation to Virginia is that NSL's alleged principal place of business is located in Virginia.  Am. Compl. ¶ 11.  However, NSL fails to plead that they also have offices all over the United States, including Delaware and Indiana where the events of most of the previous lawsuits brought by the Lohman Defendants have been initiated.  Of the eight alleged examples of the Scheme that NSL details, not a single person is located in Virginia, but are located in various other states including Texas, Georgia, Arizona, and even California.  Am. Compl. ¶¶ 98-241.  Accordingly, the ease of access to sources of proof does not weigh in favor of this court retaining jurisdiction over this matter.  The Lohman Defendants are located in California and a substantial majority of any necessary witnesses would also be located in California.  Therefore, interests of justice will be better served by transferring this case to the Central District of California.  Accordingly, the great weight of all of the factors identified above compels the transfer of this lawsuit to the Central District of California.

### b. The Amended Complaint Should be Dismissed for Improper Venue Under Rule 12(b)(3).

For the same reasons warranting transfer above, the Court could alternatively dismiss the lawsuit based on improper venue under Rule 12(b)(3). Courts within the Fourth Circuit consider the "entire sequence of events underlying the claim" when determining where venue is proper. *See Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir. 2004). A court does not take all facts pled in the complaint as true, but is free to consider additional facts outside the pleadings. *Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 549-50 (4th Cir. 2006). "Any civil action or proceeding…against any person may be instituted in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a). Once venue is challenged, the plaintiff has the burden to show that venue is proper. *Rice Contracting Corp. v. Callas Contractors, Inc.*, No. 1:08-cv-1163, 2009 WL 21597, at *1 (E.D. Va. January 2, 2019).

In this case, venue is not proper in Virginia as none of the Defendants reside in Virginia and no substantial portion of the events or omissions giving rise to NSL's claims occurred in Virginia. Specifically, NSL has failed to allege any facts that show the Defendants reside, are found, have agents, or transact their affairs in this District. Plaintiff's allegations that the Lohman Defendants sent wires or mails to consumers (Am. Compl. ¶ 48) are insufficient on their face. Plaintiff fails to plead, with any specificity, details of marketing materials or letters sent into Virginia by the Lohman Defendants. To this point, the Plaintiff also fails to attach as exhibits any copies of letters or communications sent specifically by the Lohman Defendants into Virginia, as none exist. Accordingly, the relevant sequence of events begins and ends outside of this district and the Court should grant the Lohman Defendants' motion to dismiss for improper venue.

### c. The Case Should Be Dismissed For Lack of Personal Jurisdiction.

For the reasons stated above supporting transfer, this Court could alternatively dismiss the Complaint on grounds that it lacks personal jurisdiction over the Lohman Defendants. Courts can exercise personal jurisdiction over a defendant only if "(1) such jurisdiction is authorized by the long-arm statute of the state in which the district court sits; and (2) application of the relevant long-arm statute is consistent with the Due Process Clause." *Thousand Oaks Barrel Co., LLC v. Deep S. Barrels LLC*, 241 F. Supp. 3d 708, 714 (E.D. Va. 2017). (internal quotation marks omitted). The long-arm statute must reach defendant's conduct, and that reach must not exceed the statute's constitutional grasp. *Id.* citing *Rannoch, Inc. v. Rannoch Corp.*, 52 F.Supp.2d 681, 684 (E.D. Va. 1999). Virginia's long-arm statute provides for the exercise of personal jurisdiction where a defendant "transact[s] any business" in Virginia. Va. Code § 8.01–328.1(A). *Thousand Oaks*, at 714. When personal jurisdiction "is based solely upon [the long-arm statute], only a cause of action arising from acts enumerated in [this statute] may be asserted" against the defendant. *Id. See* Va. Code § 8.01– 328.1(C). The Fourth Circuit has explained that Virginia's long-arm statute "extends the jurisdiction of its courts as far as federal due process permits." *ePlus Tech., Inc. v. Aboud*, 313 F.3d 166, 176 (4th Cir. 2002). Accordingly, the "statutory inquiry necessarily merges with the constitutional inquiry, and the two inquiries essentially become one." *Id.* The Due Process Clause requires a nonresident defendant to have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, (1945) (internal quotation marks omitted). To satisfy the "minimum contacts" requirement a plaintiff must show that specific jurisdiction exists over the named defendants, which requires plaintiff to show that the "defendant's qualifying contacts with the forum state

also constitute the basis for the suit." *Thousand Oaks*, 241 F. Supp. 3d at 714. Whether a nonresident defendant's contacts with the forum state sufficiently qualify for specific jurisdiction depends on the "extent to which the defendant purposefully availed itself of the privilege of conducting activities in the forum state," whether plaintiff's claims arise out of defendant's forum activities, and "whether the exercise of personal jurisdiction is constitutionally reasonable." *Id.*

Here, NSL fails to allege that the Law Offices of Jeffrey Lohman, Jeffrey Lohman, individually, Jeremy Branch, individually, Alyson Dykes, individually and Ibrahim Muhtaseb, individually, have sufficient "minimum contacts" to establish this Court's personal jurisdiction over them.  In fact, NSL recognizes that they are ***all*** residents of California, and have not identified any factual allegation of any contact with Virginia. *See* Amended Compl. §§ 12-16. The Amended Complaint is devoid of any facts that would suggest satisfaction of "minimum contacts."

Additionally, when a suit arises out of the defendant's activities with the forum state then a court may exercise specific jurisdiction. *See Federal Ins. Co. v. Lake Shore, Inc.,* 886 F.2d 654, 660 (4th Cir. 1989). In such a case, the contacts need not be so extensive, but "the fair warning requirement inherent in due process still demands that the defendant purposely directed its activities at the forum." *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 774(1984). When "a suit does not arise out of the defendant's activities in the forum state, the court must exercise general jurisdiction and the requisite minimum contacts between the defendant and the forum state are fairly extensive." *Nichols v. G.D. Searle & Co.,* 991 F.2d 1195, 1199 (4th Cir.1993).

Here, the Amended Complaint fails to even address personal jurisdiction other than alleging that venue is proper because the named Defendants, "all transact their affairs in the Commonwealth of Virginia by advertising for clients and/or operating the Scheme here." *See* Amended Compl ¶ 27, *See also* ¶ 26.  With only general allegations, Plaintiff has not met its

burden to allege that this court properly exercises personal jurisdiction over the Law Offices of Jeffrey Lohman, Jeffrey Lohman, Jeremy Branch, Alyson Dykes, and Ibrahim Muhtaseb. Accordingly, such deficient pleading fatally precludes this Court from reaching an evaluation as to "whether the exercise of personal jurisdiction is constitutionally reasonable." *See Thousand Oaks*, 241 F. Supp. 3d at 714. NSL's Complaint fails to sufficiently allege a basis for personal jurisdiction. As such, NSL's Complaint must be dismissed in its entirety, pursuant to F.R.C.P. 12(b)(2).

### d. The Amended Complaint Fails to Allege a Claim for Violation of RICO and Should Be Dismissed Pursuant to Rule 12(b)(6).

The Lohman Defendants also move to dismiss Counts 1, 2 and 3 for RICO 18 U.S.C. § 1962(c) and (d) violations for failure to state a claim, arguing that NSL has not sufficiently alleged two of the elements of RICO. Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss tests the sufficiency of a complaint and does not resolve any contests surrounding the facts, merits of a claim, or applicability of defenses. *See, Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In considering a motion to dismiss, [the court] accept[s] as true all well-pleaded allegations and view[s] the complaint in the light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Facial plausibility is established "once the factual content of a complaint allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). Although a court must accept as true all well-pleaded factual allegations, the same is not true for legal conclusions as "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "To test the legal sufficiency of [a RICO claim], the court must begin with an outline of RICO's requirement for recovery." *D'Addario v. Geller*, 264 F.Supp.2d 367, 396 (E.D. Va. 2003). "Common to these provisions are the elements of a (1) person, (2), an enterprise, (3) a pattern of (4) racketeering activity (5) which causes injury to the plaintiff." *Myers v. Finkle*, 758 F.Supp. 1102, 1111 (E.D. Va. 1990).

i.   <u>The Amended Complaint fails to allege "conduct" of an "enterprise."</u>

A complaint alleging violations of RICO will fail if it does not adequately plead an "enterprise." *See Sedima, S.P.R.L.*, 473 U.S. 479, 496 (1985). "[A]n association-in-fact enterprise must have at least three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States*, 556 U.S. 938, 946 (2009). "[T]o establish liability under § 1962(c) one must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 161 (2001). Accordingly, "liability depends on showing that the defendants conducted or participated in the conduct of the '<u>enterprise's affairs</u>,' not just their <u>own</u> affairs." *Myers v. Lee*, 2010 WL 3745632, at *3 (E.D. Va. Sept. 21, 2010) (emphasis in original).

The RICO statute defines a "person" as "any individual or entity capable of holding a legal or beneficial interest in property." 18 U.S.C. § 1961(3). And, an "enterprise" is defined as an "individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). An association-in-fact enterprise "is simply a continuing unit that functions with a common purpose. *Boyle v. United States*, 556 U.S. 938, 948 (2009). An "enterprise" must operate as a continuous

unit or function in a way distinct from the defendants themselves. *See, Myers*, 2010 WL 3745632, at*3 (finding complaint fails to allege a RICO enterprise where there is "a complete overlap between the defendants, their alleged agents, and the enterprise," such that it does not operate in a way distinct from the defendants themselves).

Here, NSL broadly alleges that the association operates as an enterprise, engaging in activities to carry out the alleged Scheme.  Am. Compl. ¶ 258.  The Lohman Defendants are alleged to have made fraudulent and false statements through the wires to fabricate TCPA actions against NSL. *Id.* ¶ 249.  These allegations are no different from the alleged activities attributed to the enterprise itself.  *See* Am. Compl. ¶ 242. Nowhere in the Amended Complaint are there any allegations that the affairs of the alleged enterprise are any different from the affairs of the Defendants.  NSL has only alleged an enterprise that is the Defendants by a different name, the "association."  Ultimately, the Amended Complaint alleges only that RICO persons joined together for the purposes of conducting their own affairs, and fails to plead a separate function that is distinct from the Defendants themselves. Thus, NSL fails to sufficiently plead the required elements of "conduct" of an "enterprise" under the RICO statute.

ii.   The Amended Complaint  fails to allege a "pattern of racketeering activity."

In order to survive a motion to dismiss a RICO claim, a "plaintiff must plead [the] circumstances of the fraudulent acts that form the alleged pattern of racketeering activity with sufficient specificity pursuant to Fed. R. Civ. P. 9(b)." *Menasco, Inc. v. Wasserman*, 886 F.2d 681, 684 (4th Cir. 1989).  "Conclusory allegations that are not stated with particularity do not satisfy Rule 9(b)'s requirements.  The pattern requirement and Rule 9(b)'s heightened pleading requirements ensure that RICO's extraordinary remedy does not threaten the ordinary run of commercial transactions; that treble damage suits are not brought for their harassment and

settlement value; and that the multiple state and federal laws bearing on commercial transactions are not eclipsed or preempted." *Williams v. Equity Holding Corp.*, 245 F.R.D. 240, 244 (E.D. Va. 2007), citing *Menasco*, 886 F.2d at 683. A plaintiff "must show that predicate acts are related and that they amount to or pose a threat of continued criminal activity." *GE Investment Private Placement Partners II v. Parker*, 247 F.3d 543, 549 (4th Cir. 2001).

NSL fails to sufficiently plead a pattern of racketeering activity based on mail and wire fraud. NSL's claims of a pattern of racketeering rest on broad and undetailed statements that the Lohman Defendants sent letters, filings, and discovery responses on behalf of clients that were not actually their clients in furtherance of the Scheme. Am. Compl. ¶ 245. NSL fails to allege with any specificity details of any letters or communications that are purportedly fraudulent, as well as fails to specifically plead how these "clients" are not actually clients of the Lohman Defendants. NSL must plead "the time, place, and content of the false representations, the person making them, and what the person gained from them." *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 784 (4th Cir. 1999). NSL cannot simply plead that the Lohman Defendants made "numerous fraudulent and false statements" to NSL and establish a pattern of racketeering activity. Am. Compl. ¶ 249. Allegations of fraud by NSL alone are not enough to establish a pattern; NSL must plead with specificity details and the identity of others alleged defrauded by the Lohman Defendants. *See, Williams*, 245 F.R.D. 240 at 244 (holding that a plaintiff must do more than assert defendants have engaged in a varied number of "similar transactions" to other consumers to establish a pattern of racketeering activity). Because NSL has failed to plead with specificity the required elements of a RICO violation, the Lohman Defendants respectfully ask the court to grant its Motion to Dismiss the RICO violations.

V.      **CONCLUSION AND PRAYER**

For the foregoing reasons, the Lohman Defendants request that the Court grant their Motion to Dismiss and/or Transfer NSL's Amended Complaint to the Central District of California. This relief includes either dismissing with prejudice the complaint for failure to state a claim for which relief can be granted under 12(b)(6), or alternatively, dismissing the complaint without prejudice for lack of personal jurisdiction over the Defendants, or transferring this case to the Central District of California, for proper venue.

Respectfully submitted,

Dated:  July 12, 2019

/s/ Dana C. Withers
Michelle Arbitrio
Dana C. Withers
WOOD, SMITH, HENNING &
BERMAN LLP
685 3rd Avenue, 18th Floor
New York, New York 10017
212-999-7100
*Attorneys for The Lohman Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 12, 2019 a true copy of the foregoing MOTION TO

DISMISS PLAINTIFF'S COMPLAINT AND/OR MOTION TO TRANSFER VENUE UNDER

28 U.S.C. § 1404 was filed electronically with the Clerk of Court using the CM/ECF system,

which will send a notification of such filing to the following:

    Whitney A. Fore
    Jeffrey Robin Hamlin
    Ifrah PLLC
    1717 Pennsylvania Avenue NW
    Suite 650
    Washington, DC 20006
    202-524-4160
    Fax: 202-524-4141
    Counsel for Plaintiff


                    /s/ Dana C. Withers
                  Michelle Arbitrio, *pro hac vice*
                  Dana C. Withers
                  WOOD, SMITH, HENNING &
                  BERMAN LLP
                  685 3rd Avenue, 18th Floor
                  New York, New York 10017
                  212-999-7100

                  *Attorneys for The Lohman Defendants*