**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| NAVIENT SOLUTIONS, LLC<br><br>                    Plaintiff,<br><br>          v.<br><br>David Mize, et al.,<br><br>                    Defendants. | CIVIL ACTION No. 19-cv-00461-LMB-TCB |

**RULE 26(f) JOINT PROPOSED DISCOVERY PLAN**

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 26(A), and this Court's initial scheduling Order dated January 31, 2018, Plaintiff Navient Solutions, LLC ("Plaintiff") and Defendants David Mize, David Mize Law PLLC, The Law Offices of Jeffrey Lohman, P.C., Jeffrey Lohman, Jeremy Branch, Alyson Dykes, and Ibrahim Muhtaseb (the "Defendants") collectively known as "The Parties," have conferred through their respective counsel and jointly submit the following report of Rule 26(f) Conference and Proposed Discovery Plan[1]:

**I.      Conference of the Parties**

The Parties have conferred prior to this conference in accordance with Rule 26(f) to consider claims, defenses, possibility of a prompt settlement, trial before a magistrate judge, arrange for disclosures as required by Rule 26(a)(1), and preservation of discoverable information.

---

[1] Defendant Champion Marketing Solutions, LLC, d/b/a CMS, is in default, as entered by the Court on August 20, 2019 (ECF No. 36).  Plaintiff will submit a motion for default judgment.

## II.     Initial Disclosures

The Parties request that the initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) be exchanged on or before Monday September 16, 2019. The Parties do not foresee any need to change the form or requirements for disclosure under Rule 26(a)(1).

## III.    Settlement Potential

Plaintiff and the Mize Defendants have discussed settlement, and will continue to do so. The Lohman Defendants have indicated that they have no intention to settle, although Plaintiff remains willing to discuss settlement with any or all of them.

## IV.     Magistrate Judge

The Parties have conferred and do not agree to try this matter in front of a United States Magistrate Judge.

## V.      Changes in the Limitations on Discovery – Fed. R. Civ. P. 26(f)(3)(E)

Given the number of individuals with information potentially relevant to the claims and defenses in the litigation, Plaintiff likely will seek additional non-party, non-expert deposition discovery and the Defendants likely will object to that request. Prior to bringing such a request, the Parties will confer in good faith concerning the reasonableness of any additional requested depositions and the potential applicability of any privilege. The Parties do not anticipate that they will need any further changes in the limitations on discovery set forth in the Federal Rules of Civil Procedure, this Court's Local Rules, and the Court's January 31, 2018 Order.

### A.      Interrogatories

No Party will serve more than thirty (30) interrogatories, including parts and subparts, on any opposite party without leave of court.

**B.      Requests for the Production of Documents**

The Parties agree that the exchange of written requests for the production of documents and responses shall be conducted pursuant to Fed. R. Civ. P. 34, including the specific requirements governing electronic documents.

**C.      Requests for Admissions**

The Parties agree that the exchange of written requests for admission shall be conducted pursuant to Fed. R. Civ. P. 36.

**VI.      Expert Witnesses**

The Parties agree to make expert disclosures at the times set forth in Local Rule 26(D). The Parties will cooperate in the scheduling of expert depositions.

**VII.      Subpoenas**

The Parties reserve their rights to conduct additional discovery through the use of subpoenas pursuant to Fed. R. Civ. P. 45 as is indicated by each party's investigation of, discovery in, and litigation of this case.

**VIII**.   **Serving and Filing Pleadings, Motions, and Other Papers**

Service and filing of pleadings in this case shall adhere to the United States District Court for the Eastern District of Virginia Electronic Case Filing policies and procedures.

Pursuant to Fed. R. Civ. P. 5(b)(2)(E), the Parties agree that service of notices of deposition, discovery requests, written responses to discovery, and other discovery notices and other papers not required to be filed with the Clerk of Court will be accepted by electronic means, and that service is complete upon and on the day of transmission provided that the party to be served receives the transmission by 11:59 p.m. Electronic transmissions received by a party after 11:59 p.m. on a day shall be effective as service on the following day. Discovery requests served pursuant

to Fed. R. Civ. P. 33, 34, or 36 shall also be served in an editable format readable in Microsoft Word. Any attachments to discovery, deposition notices or other discovery notices not filed with the Clerk of Court shall either be e-mailed simultaneously, or faxed as soon as possible following the e-mail transmission in the same calendar day. If the attachments are too voluminous to send by email or facsimile, they shall be sent by messenger or overnight delivery on the same day as the e-mail transmission. In such case and notwithstanding the earlier receipt of the partial filing, service will not be effective until receipt of the attachments by the other party. When specifically requested by a receiving party, the hard copy shall also be sent by first class mail, postage pre-paid no later than the day following the e-mail transmission, unless it has been delivered by messenger or overnight delivery. The Parties also agree and acknowledge, pursuant to Fed. R. Civ. P. 5(b)(2)(E), that service by e-mail is not effective if the party making service receives any type of communication that the document(s) being served was not received by the intended recipient. In such a case, service must be made as soon as practicable after receipt of such communication, by messenger or overnight mail and shall be considered effective upon receipt by either method.

**IX**.    **Disclosure or Discovery of Electronically Stored Information** - **Fed. R. Civ. P. 26(f)(3)(C)**

The Parties must take steps to ensure that discoverable information is being preserved.

Subject to Rule 26(b)(1) and (2), pursuant to Rule 26(f)(3)(C), the Parties may produce responsive documents, including electronically stored information, in the most cost-effective manner given the type and volume of responsive information, and any requested information may be produced in a standard hard-copy form, electronic document transfer, or compact disc. The Parties agree that any electronically stored information may be produced in native format, .doc, .xls, .tiff, .pst or .pdf format, of sufficient quality, where practicable, to be searched by optical scanner. In the event any party, after reviewing the document, determines it would like additional

4

ESI, including metadata, it shall request the additional metadata, and if reasonably available and subject to any Party's right to object, the metadata shall be produced promptly. Absent an agreement of the Parties, a party shall have no obligation to transfer information that is not stored in an electronic format into an electronic format for purposes of discovery.

**X.      Claims of Privilege or Protection of Attorney Work Product**

The Parties anticipate that there will be motions practice concerning the applicability of the attorney/client privilege, work product doctrine, or other evidentiary privilege or doctrine to the Parties' discovery. With respect to inadvertently produced materials, however, the Parties agree that:

(1)      upon notification or discovery of an inadvertently-produced document, the opposing party shall be notified;

(2)      all copies of the inadvertently produced document should be returned to the producing party or be destroyed;

(3)      any copies of the inadvertently-produced privileged document provided to third-parties, contained in the discovery record, or filed with the Court should be retrieved and, again, returned to the producing party or destroyed;

(4)      to the extent the receiving party is challenging the assertion of privilege, the receiving party may retain one copy of the inadvertently-produced record until the issue of privilege can be timely addressed by the Court, and during such time the inadvertently-produced documents shall not be used for any purpose other than challenging the privilege assertion.

The Parties agree that the inadvertent production of information subject to a privilege (including the work product doctrine) shall not constitute a waiver of the privilege. Each party will also produce a log of all documents withheld on the basis of attorney client privilege or other evidentiary privilege or doctrine.

**XI.     Completion of Discovery**

The Parties understand that discovery must be completed by Friday, January 10, 2010, pursuant to this Court's Order dated August 23, 2019.

**XII.     Protective Order**

The Parties will confer on the terms of an appropriate protective order that may be deemed necessary to protect any confidential, personal, or proprietary information that may be exchanged during the course of discovery. The Parties shall file the appropriate motion with the Court for approval of same should it become necessary.

**XIII.     Other Matters**

    **A.     Dispositive Motions**

All dispositive motions shall be governed by Local Rule 7.

    **B.     Motions in Limine**

The Parties shall file their Motions in Limine to be heard the Friday before trial or earlier, if possible.

    **C.     Witness List, Exhibits (objections) and Stipulations**

These matters are addressed in this Court's Order dated August 23, 2019, which sets the Final Pretrial Conference for Thursday, January 16, 2020, at 10:00 a.m. The Parties shall exchange their witness lists and shall provide full copies, marked and tabbed, of their proposed trial exhibits at or prior to the Final Pretrial Conference. The Parties shall file their objections to the other party's witnesses/trial exhibits within 10 days after the Final Pretrial Conference.

### D.      Waiver of Initial Pre-trial Conference

The Parties waive the requirement of the initial pretrial conference and jointly request

that the Court accept the Joint Proposed Discovery Plan and cancel the Initial Pre-Trial

Conference scheduled in this matter for Wednesday, September 11, 2019.

Respectfully submitted,

*/s/ Jeffrey R. Hamlin*
Jeffrey R. Hamlin (VSB No. 46932)
George R. Calhoun V (*pro hac vice*)
IFRAH PLLC
1717 Pennsylvania Avenue NW
Suite 650
Washington, DC 20006-2004
(202) 600-2076
Fax: (509) 749-7057
jhamlin@ifrahlaw.com
george@ifrahlaw.com

*Counsel for Plaintiff*

*/s/ Dana C. Withers*
Dana C. Withers (VSB No. 41674)
Wood Smith Henning Berman
901 Main Street
Suite 3670
Dallas, TX  75202
(469) 210-2050
Fax: (469) 210-2051
dwithers@wshblaw.com

*Counsel for Defendants The Law Offices of*
*Jeffrey Lohman, Jeffrey Lohman, Jeremy*
*Branch, Alyson Dykes, and Ibrahim*
*Muhtaseb*

*/s/ Frank A. Webb*
Frank A. Webb
Law Office of F.A. Webb PLLC
4103 Chain Bridge Road
Suite 300
Fairfax, VA  22030

(703) 539-2003
(602) 412-3149
frank@fawebb.com

*Counsel for Defendant David Mize Law,*
*PLLC*

*/s/ David Mize*
David Mize
2415 East Camelback Road
Suite 700
Phoenix, AZ  85016

*Pro Se Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that, on August 30, 2019, I filed the foregoing **Rule 26(f) Joint Proposed Discovery Plan** with the Clerk of Court using the Court's CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

/s/ Jeffrey R. Hamlin
Jeffrey R. Hamlin (VSB No. 46932)