UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

NAVIENT SOLUTIONS, LLC

    Plaintiff,

v.

DAVID MIZE, *et al.*,

    Defendants.

CIVIL ACTION No.1:19-cv-00461

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff Navient Solutions, LLC, ("NSL"), by and through undersigned counsel, respectfully requests leave of Court to file a Second Amended Complaint, a copy of which is attached hereto. In support of its Motion, NSL states as follows:

1. NSL filed its original Complaint on April 15, 2019. The Complaint sought compensatory damages, trebling of compensatory damages, punitive damages, reasonable costs and attorney's fees, pre- and post-judgment interest, and other such relief as the Court deems just and proper. Dkt. 1, Compl. at 58. In that Complaint, NSL named as Defendants John Does #1–20 in anticipation of learning the identities of other participants of the Scheme through discovery. *Id.* at 2.

2. The Complaint originally omitted the attached exhibits, and although the case manager instructed NSL to submit these exhibits in the form of an Amended Complaint, Dkt. 4, there were no changes to the text of the Complaint. As such, the proposed Second Amended Complaint is NSL's first substantive amendment.

3. Both the original Complaint and the Amended Complaint asserted that the Defendants operated a Scheme in which they conspired to manufacture federal lawsuits and arbitration proceedings. The Defendants operated the Scheme by recruiting and exploiting borrowers in search of so-called "debt relief counseling"—misleading them into stopping payments on their student loans (and thus ruining their credit) and directing them instead to pay the Defendants. Although customers were told that Defendants would renegotiate their debts with the customer's lenders, few if any attempts at renegotiation were ever made. Instead, once borrowers had been recruited, Defendants induced them to stop paying their loans (if they had not already) and instructed them to follow a script intended to induce telephone calls from NSL in the hope that those calls would form the basis for a claim under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Defendants then perpetuated their Scheme by manufacturing TCPA claims against NSL for Defendants' own personal gain. Am. Compl. ¶¶ 2–10, 44–97. Plaintiff's Amended Complaint alleges detailed facts evidencing this Scheme and the acts taken by the Defendants to further it.

4. On August 23, 2019, this Court denied without prejudice the Lohman Defendants' amended motion to dismiss and/or transfer venue. Dkt. 38. In denying the Lohman Defendants' motion, the Court held that this District is the appropriate venue for this action, this Court has personal jurisdiction over the Lohman and Mize Defendants, and that the Amended Complaint states plausible claims for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq*. *Id.*

5. On September 12, 2019, the Lohman Defendants filed four separate answers and in each asserted identical counterclaims for "abuse of process." *See generally* Dkts. 45–48.

6. On September 6, 2019, the Court entered a Scheduling Order providing that all discovery shall be completed by January 10, 2020. Scheduling Order, Dkt. 42, at 1. With respect to amendments, the Court's Scheduling Order states "[a]ny motion to amend the pleadings or to join a party must be made as soon as possible after counsel or the party becomes aware of the grounds for the motion." *Id.* at 42.

7. NSL now seeks leave of court to file a Second Amended Complaint and exhibits thereto (attached as **Exhibit A**). "Rule 15(a) directs that leave to amend 'shall be freely given when justice so requires.' This liberal rule gives effect to the federal policy of resolving cases on their merits instead of disposing them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (*en banc*). "'[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile.'" *Id.* (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)).

8. "'[D]iscretionary amendments interposed during or promptly after discovery proceedings which have revealed the existence of facts not previously known have been allowed over objections to their timeliness under Rule 15(a) of the Federal Rules of Civil Procedure, the courts reasoning that litigants should not be required to forward claims or defenses on the bases of mere suspicion.'" *Antanuos v. First Nat'l Bank of Ariz.*, No. 4:06-cv-104, 2007 WL 1378542, at *4 (E.D. Va. May 1, 2007) (quoting Sidney Bernstein, Annotation, *Timeliness of Amendments to Pleadings Made by Leave of Court Under Federal Rule of Civil Procedure 15(a)*, 4 A.L.R. Fed. 123 (2006) and citing *Picker Int'l v. Leavitt*, 128 F.R.D. 3 (D. Mass. 1989) and *Am. Elec. Power Co. v. Westinghouse Elec. Corp.*, 418 F. Supp. 435 (S.D.N.Y. 1976)).

9. There are no substantive changes with respect to the existing Defendants. The proposed Second Amended Complaint adds nine individual Defendants and one corporate Defendant. These individuals operated the financing and marketing arms of the Scheme described in NSL's Complaint. The proposed new Defendants are:

- Scott Freda – Owner of Defendant Champion Marketing Solutions, LLC d/b/a CMS and instrumental in establishing and perpetuating the Scheme;

- GST Factoring, Inc. ("GST") – The financial arm of the Scheme, GST operated as a factoring company to sweep and distribute proceeds from duped borrowers;

- Gregory Trimarche – A principal of Defendant GST and instrumental in establishing and perpetuating the Scheme;

- Rick Graff – A principal of Defendant GST and instrumental in establishing and perpetuating the Scheme;

- Herbert "Buddy" Sievers – A principal of Defendant GST and instrumental in establishing and perpetuating the Scheme;

- RJ Marshal – One of the individuals operating affiliate marketing companies to perpetuate the Scheme, including "Go2Finance" and "DocuPrep";

- Manny Kashto – One of the individuals operating affiliate marketing companies to perpetuate the Scheme, including "Go2Finance" and "DocuPrep";

- Bill Carlson - Upon information and belief, Carlson owns and/or controls some or all of the affiliate marketing companies uses to perpetuate the Scheme;

- David Sklar – One of the individuals operating affiliate marketing companies to perpetuate the Scheme, and believed to be a principal of "DocuPrep"; and

- Wes Sabri – One of the individuals operating affiliate marketing companies to perpetuate the Scheme, including "Student Processing Relief."

10. Although NSL knew generally that these individuals and entities may have existed (thus its identification of John Doe defendants), it did not know the actual names of the legal entities or individuals supporting the Scheme or otherwise have details of their participation. NSL learned of these additional defendants and their roles only recently through diligently pursuing discovery and discussions with the existing Defendants, and it could not have known of their existence prior to discovery. These additional defendants, as detailed in the attached Second Amended Complaint, directly participated in the recruitment of vulnerable consumers and sharing of payments from those consumers to Defendants – the very actions that undergird the Scheme.

11. In addition, the Second Amended Complaint contains minor stylistic changes and revisions based on evidence produced in discovery.

12. The Second Amended Complaint would not prejudice Defendants and is not offered in bad faith. Discovery has not yet closed and the current scheduling order provides time for Defendants to serve any additional discovery requests. Should this Court find, however, that more time for discovery for the new defendants is required based on NSL's amendment, NSL respectfully requests that this Court modify the Scheduling Order accordingly, pursuant to Federal Rule of Civil Procedure 16(b). *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.")

13. The Second Amended Complaint would also not be futile. "Leave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510. *See Parker v. Berryhill*, No. 4:17-cv-143, 2018 WL 5255233, at *1 (E.D. Va. Oct. 22, 2018) (parenthetical). The sufficiency of the

proposed amendment is assessed by the same standards as a motion to dismiss for failure to state a claim. *See id.*

14. NSL's proposed amendments easily meet that standard. This Court has already ruled that NSL has plausibly alleged that the Defendants have operated a Scheme in violation of RICO. Dkt. 38. The proposed amendments serve only to add gravamen to those allegations by adding additional players who established a formalized structure connecting the various Defendants in the Scheme. Indeed, one of the newly-proposed Defendants, Scott Freda, admits in an email that the Defendants (both existing and proposed) operated as an "enterprise" and chastised his coconspirators for communicating in a discoverable fashion ("Scott Freda never wanted or wants to communicate by email or text regarding business discussions regarding private and I have even messages as of years ago where this was the general rule of thumb . . ..").  *See* Ex. A ¶ 132. Under these circumstances, NSL easily satisfies the standards for amendment.

15. Counsel for NSL provided a copy of the proposed Second Amended Complaint to Defendants' counsel on November 26, 2019. On December 2, 2019, counsel for the Defendants The Law Offices of Jeffrey Lohman, P.C., and Jeffrey Lohman advised that those Defendants had no objection to the filing of the Second Amended Complaint, provided that any necessary extension of time for discovery was minimal and that the court fixed a time for the filing of summary judgment motions. On December 2, 2019, counsel for Defendants Branch, Dykes, and Muhtaseb advised that those Defendants do not consent to filing of NSL's Second Amended Complaint.

For the foregoing reasons, NSL respectfully requests that the Court grant leave to file the attached Second Amended Complaint.

DATED: December 3, 2019                    Respectfully submitted,

<div style="margin-left: 3em;">

<u>/s/ Jeffrey R. Hamlin</u>
Jeffrey R. Hamlin (Va. Bar No. 46932)
George R. Calhoun V (*pro hac vice*)
Whitney A. Fore (Va. Bar No. 87526)
IFRAH PLLC
1717 Pennsylvania Avenue NW
Suite 650
Washington, DC 20006-2004
(202) 524-4140 – Tel.
(202) 524-4141 – Fax
jhamlin@ifrahlaw.com
george@ifrahlaw.com
wfore@ifrahlaw.com

*Counsel for Plaintiff Navient Solutions, LLC*

</div>

**CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2019, I will electronically file Plaintiff's Motion for Leave to File Second Amended Complaint using the Court's CM/ECF system, which will send a notification of such filing (NEF) to the following counsel of record for all parties who have appeared in this action:[1]

Michelle Arbitrio
Wood, Smith, Henning & Berman LLP
685 3rd Avenue, 18th Floor
New York, NY  10017
(212) 999-7100
marbitrio@wshblaw.com
*Counsel for Defendants Jeremy Branch, Alyson Dykes and Ibrahim Muhtaseb*

Thomas F. Urban, II
Law Firm of Urban & Falk, PLLC
6066 Leesburg Pike, Suite 400
Falls Church, VA  22041
(703) 340-1450
tfu@urbanlawva.com
*Counsel for Defendants Jeffrey Lohman and The Law Offices of Jeffrey Lohman*

Jeffrey E. Grell
Grell Feist PLC
825 Nicollet Mall, Suite 625
Minneapolis, MN  55402
(612) 353-5530
jgrell@grellfeist.com
*Counsel for Defendants Jeffrey Lohman and The Law Offices of Jeffrey Lohman*

Frank Webb
Law Office of F.A. Webb, PLLC
4103 Chain Bridge Road, Suite 300
Fairfax, VA  22030
(703) 539-2003
frank@fawebb.com
*Counsel for Defendant David Mize Law, PLLC*

---

[1] A courtesy copy will be delivered to chambers within twenty-four hours in accordance with the Alexandria Division's chambers-copy rules.

David Mize
2415 East Camelback Road, Suite 700
Phoenix, AZ  85016
dmizejr1@gmail.com
*Pro Se Defendant*

  In addition, I hereby certify that on December 3, 2019, I will send via United States Postal Service first-class mail a copy of Plaintiff's Motion for Leave to File Second Amended Complaint to the following:

  Champion Marketing Solutions, LLC
  c/o Scott Michael Freda, Registered Agent
  6302 Creekwood Court
  Sachse TX 75048

          /s/ Jeffrey R. Hamlin
          Jeffrey R. Hamlin