UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| NAVIENT SOLUTIONS, LLC<br><br>                  Plaintiff,<br><br>v.<br><br>DAVID MIZE, *et al.*,<br><br>                  Defendants. | CIVIL ACTION No.: 1:19-cv-00461 |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT**

Respectfully submitted,

Dana C. Withers
Michelle M. Arbitrio (*pro hac vice*)
**Wood, Smith, Henning & Berman LLP**
685 3rd Avenue, 18th Floor
New York, New York 10017
(212) 999-7100
*Attorneys for Defendants Jeremy Branch,
Ibrahim Muhtaseb and Alyson Dykes*

Defendants Jeremy Branch, Ibrahim Muhtaseb, and Alyson Dykes ("Defendants") oppose Plaintiff Navient Solutions, LLC's ("NSL") Motion for Leave to File a Second Amended Complaint and respectfully state as follows:

## STATEMENT OF THE CASE

Seven months after filing its original Complaint, NSL now seeks leave to file a Second Amended Complaint. The filing of this Second Amended Complaint is sought only thirty-eight (38) days before the discovery deadline date and forty-four (44) days before the pre-trial conference. Allowing NSL's Motion would add an additional ten Defendants into this already complex civil action. These additional ten Defendants would then be required to file an Answer in response. That Answer would be due after the January 10, 2020, discovery end date and after the January 16, 2020, pre-trial conference.

This would unduly prejudice the Defendants. The Defendants would be unable to investigate new affirmative defenses and any grounds for impleader raised in this pleading because the discovery deadline would have expired. Additionally, the parties have already begun to exchange voluminous discovery and schedule both party and non-party depositions. Indeed, one deposition of a co-defendant has already been conducted and three depositions of the Plaintiff will be conducted prior to oral arguments on this motion. The additional ten Defendants would be entitled to re-depose witnesses and serve discovery demands. Thus, the inclusion of ten additional Defendants would significantly delay discovery and delay this case from pursuing to trial in accordance with this Court's Scheduling Order.

NSL's Motion to File a Second Amended Complaint must be denied.

## LEGAL STANDARD

A plaintiff may amend his complaint once as a matter of course before the defendant files a responsive pleading. *Laber v. Harvey*, 42 F.3d 404, 426 (4th Cir. 2006) (citing Fed. R. Civ. Proc. 15(a)). Once the defendants files a responsive pleading, a plaintiff may amend his complaint only with the defendant's consent or by leave of court. *Id.* (citing Fed. R. Civ. Proc. 15(a)). Although leave to amend "should be freely given when justice so requires," the court "may deny leave to amend for reasons such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, or futility of the amendment." *Glaser v. Enzo Biochem, Inc.*, 464 F.3d 474, 480 (4th Cir. 2006); *see also Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)) (permitting denial of motion for leave to amend "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile").

The decision to grant or deny a motion to amend is within the sound discretion of the court. *Forman*, 371 U.S. at 230. A motion to amend should be denied when required for fairness to the party opposing the motion. *Zenith Radio Corp v. Hazeltine*, 401 U.S. 321, 330, 91 S.Ct. 795, 802 (1971). A district court may deny a motion to amend a pleading where it would be futile, or where the filing of the motion has been delayed so as to result in undue prejudice to defendant, or it will delay trial. *Deasy v. Hill*, 833 F.2d 38 (4th Cir. 1987). Thus, the denial of a motion to amend pursuant to Rule 15(a) as futile, prejudicial, dilatory, or in bad faith serves to properly protect the interests of justice and the party opposing the amendment. *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980).

## ARGUMENT

### A. NSL's Proposed Amendment Will Unduly Prejudice The Defendants

NSL's motion must be denied lest unduly prejudicing the Defendants. Despite the liberality of amendments under the Federal Rules, when there is undue delay in seeking an amendment or undue prejudice to the opposing party, a proposed amendment should be denied. *Forman*, 371 U.S. at 182). If an amendment is proposed too late and requires the opponent to engage in significant new preparation, or results in added expense and the burden of a more complicated and lengthy trial, prejudice may be found. *Smith v. Angelone*, 111 F.3d 1126, 1134 (4th Cir. 1997). Undue prejudice exists when additional claims require the opponent to expend additional resources to conduct discovery or the amendment would significantly delay the resolution of the dispute. *Block v. First Blood Assoc.*, 988 F.2d 344, 350 (2nd Cir. 1993).

Although the Second Amended Complaint does not allege any new claims, it significantly alters the paradigm for which the original claims against the Defendants are analyzed. NSL muddies this fact by erroneously stating that its Second Amended Complaint merely "contains minor stylistic changes and revisions." (Dkt. 77, ¶ 11). This is false. The addition of ten additional defendants alters the framework for evaluating Plaintiff's original claims for each and every essential RICO element. Thus, adhering to the current discovery schedule would be impossible with the addition of ten new defendants.

The addition of ten new defendants would delay trial and significantly increase costs in discovery. If NSL's motion is granted, discovery would have to be extended and an entirely new schedule would have to be set. This would cause substantial prejudice to the Defendants and also the public interest by undermining the orderly administration of justice. *See Burton v. Youth Services Intern., Inc.*, 40 Fed.R.Serv.3d 684, 176 F.R.D. 517 (District. Ct. MD 1997).

In this case, the parties have already expended significant costs in discovery. For example, the parties have already flew to Arizona to conduct the deposition of a co-defendant. The Defendants will also incur additional travel costs - by flying to Virginia - to take the deposition of three fact witnesses before this motion is heard. These witnesses are being produced on behalf of Plaintiff and thus, any additional defendants would be afforded the opportunity to notice new depositions. Adding ten additional defendants at this stage in the proceedings will only add greater expenses to the parties and unreasonably delay trial.

Furthermore, the parties have already begun to exchange voluminous discovery. The discovery exchanged includes, inter alia, Rule 26(a) disclosures, interrogatories, requests for productions, and lengthy document disclosures. The Defendants have invested in e-discovery experts to provide full and complete responses to Plaintiff's demands and address the allegations contained in the First Amended Complaint. Thus, the addition of ten additional defendants – whom are not referenced in any of the previously exchanged discovery – would open the flood gates for the exchange of even more burdensome and voluminous discovery. This can only be accomplished at a great cost to the parties. Simply put, the Court should not permit the parties to incur even further substantial discovery costs just 38 days before the discovery end date.

NSL's Motion must also be denied because of undue delay in adding these ten additional defendants. Although the original Complaint named "John Doe" defendants, NSL does not point to a shred of newly discovered evidence that these so-called affiliates could not have been discovered through due diligence before the commencement of suit. Rather, the proposed addition of these 10 defendants is akin to a dilatory tactic. The tactic is to obfuscate the rocket docket and prolong discovery to avoid this Court's discovery deadlines. NSL cannot file a case and then hope to backfill its allegations through amended pleadings and discovery from added

defendants. NSL's request to include ten more defendants to this action is merely an attempt to embark on fishing expedition.

The Motion must be denied.

### B. NSL's Proposed Amendment Is Futile

NSL's Motion to Amend should be denied under the doctrine of futility. A district court may deny leave if amending the complaint would be futile – that is, "if the proposed amendment complaint fails to satisfy the requirements of the federal rules," including Rule 12(b)(6). *United States ex rel Wilson v. Kellog Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008) (quoting *United States ex rel. Fowler v. Caremark RX, LLC*, 496 F.3d 730, 740 (7th Cir. 2007).

NSL contends that the proposed amendment would not be futile because this Court has already ruled on a motion to dismiss. This is misleading. Although this Court ruled that NSL's First Amended Complaint met federal pleading requirements, the Second Amended Complaint would supersede the original. *Young v. City of Mount Rainer*, 238 F.3d 567, 572 (4th Cir. 2001). (holding "as a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") Thus, the Defendants motion to dismiss the First Amended Complaint may be denied as moot. *Colin v. Marconi Commerce Sys. Emps.' Ret. Plan*, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) (earlier motion to dismiss was rendered moot by the filing of second amended complaint); *Turner v. Kight*, 192 F.Supp.2d 391, 397 (D.Md. 2002) ("A pleading that has been amended…supersedes the pleading it modifies…Once an amended pleading is interposed, the original pleading no longer performs any function in the case).

Here, the Second Amended Complaint would add ten additional defendants that were ostensibly responsible for operating the financing and marketing arms of the scheme. The Defendants would be entitled to – and will likely – file a motion to dismiss the Second Amended

Complaint based on the newly worded allegations contained in the Second Amended Complaint. NSL's proposed amendment would result in futility.

## CONCLUSION

Based on the foregoing, the Defendants respectfully request that this Court deny Plaintiff's Motion for Leave to File Second Amended Complaint.

DATED: December 11, 2019        Respectfully submitted,

/s/ Dana C. Withers

Dana C. Withers
Michelle M. Arbitrio (*pro hac vice*)
**Wood, Smith, Henning & Berman LLP**
685 3rd Avenue, 18th Floor
New York, New York 10017
(212) 999-7100
*Attorneys for Defendants Jeremy Branch, Ibrahim Muhtaseb and Alyson Dykes*