# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF VIRGINIA

### ALEXANDRIA DIVISION

| | |
|---|---|
| Navient Solutions, LLC, | |
| Plaintiff, | |
| v. | |
| The Law Offices of Jeffrey Lohman, a professional corporation; Jeffrey Lohman; Jeremy Branch; Alyson Dykes; Ibrahim Muhtaseb; David Mize Law, PLLC; David Mize; Scott Freda; Champion Marketing Solutions, LLC; Gregory Trimarche; Rick Graff; Herbert "Buddy" Sievers; GST Factoring, Inc.; RJ Marshal; Manny Kashto; Bill Carlson; David Sklar; Wes Sabri; | Civil Action No. 1:19-cv-00461  **JURY DEMANDED** |
| Defendants. | |

## DEFENDANTS THE LAW OFFICES OF JEFFREY LOHMAN AND JEFFREY LOHMAN'S AMENDED ANSWER TO SECOND AMENDED COMPLAINT

Defendants, The Law Offices of Jeffrey Lohman and Jeffrey Lohman (hereinafter collectively referred to as the "Lohman Defendants"), by counsel, respond to the Second Amended Complaint filed by Plaintiff Navient Solutions, LLC ("Plaintiff") as follows:

1.      The Lohman Defendants admit the allegations contained in paragraph "1" of the Second Amended Complaint, to the extent that it is alleged that the Plaintiff brought the captioned action. The Lohman Defendants deny the remaining allegations contained in paragraph "1" of the Second Amended Complaint.

### Preliminary Statement

2.      The Lohman Defendants deny the allegations contained in paragraph "2" of the Second Amended Complaint.

3-6.     To the extent the allegations in paragraphs "3" through "6" of the Second Amended Complaint are directed at individuals other than the Lohman Defendants, the Lohman Defendants lack sufficient information to admit or deny the allegations and, accordingly, deny the same.  The Lohman Defendants deny the remaining allegations to the extent that the remaining allegations relate to the Lohman Defendants.

7.     The allegations in paragraph "7" of the Second Amended Complaint discuss the alleged conduct of  individuals or entities other than the Lohman Defendants, and as such, the Lohman Defendants are not required to respond to same.

8-10.     To the extent that the allegations contained in paragraphs "8" through "10" of the Second Amended Complaint are directed at individuals or entities other than the Lohman Defendants, the Lohman Defendants lack sufficient information to admit or deny the allegations and, accordingly, deny the same. The Lohman Defendants deny the remaining allegations contained in paragraphs "8" through "10" of the Second Amended Complaint, to the extent that the remaining allegations relate to the Lohman Defendants.

## Parties

11.     The Lohman Defendants are without information sufficient to admit or deny the allegations in paragraph "11" of the Second Amended Complaint and therefore, deny same and call for strict proof thereof.

12.     The Lohman Defendants admit the allegations contained in paragraph "12"  of the Second Amended Complaint.

13.     The Lohman Defendants admit the allegations contained in paragraph "13" of the Second Amended Complaint only to the extent that it alleges that Defendant Lohman

is a natural person domiciled in the state of California, is a principal of the Law Offices of Jeffrey Lohman and managed the affairs of the Law Offices of Jeffrey Lohman. The Lohman Defendants deny the remaining allegations contained in paragraph "13."

14.    The Lohman Defendants admit the allegations contained in paragraph "14" of the Second Amended Complaint to the extent that it alleges that Defendant Branch is an employee of the Law Offices of Jeffrey Lohman and has represented parties in TCPA matters. The Lohman Defendants deny the remaining allegations contained in paragraph "14" of the Second Amended Complaint, in the form that the Plaintiff set forth the allegations in the Second Amended Complaint.

15.    The Lohman Defendants deny the allegations contained in paragraph "15" of the Second Amended Complaint to the extent that they allege that Defendant Dykes is an employee of the Law Offices of Jeffrey Lohman. The Lohman Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph "15" of the Second Amended Complaint and, accordingly, deny the same.

16.    The Lohman Defendants admit the allegations contained in paragraph "16" of the Second Amended Complaint to the extent that Defendant Muhtaseb is a former employee of the Law Offices of Jeffrey Lohman. The Lohman Defendants lack sufficient information to admit or deny the remaining allegations in paragraph "15" of the Second Amended Complaint and, accordingly, deny the same.

17-29.    The Lohman Defendants lack sufficient information to admit or deny the allegations in paragraphs "17-29" of the Second Amended Complaint and, accordingly, deny the same.

30-33.     There are no allegations to admit or deny in paragraphs "30-33" of the Second Amended Complaint. To the extent there are implied or express allegations, they are denied as to the Lohman Defendants.

## Jurisdiction

34-37.     The allegations contained in paragraphs "24 - 27" of the Second Amended Complaint are allegations of law that depend upon the resolution of disputed questions of fact, and are, accordingly, denied by the Lohman Defendants.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

## NSL and the TCPA

38-53.     Because paragraphs "38 - 53" of the Second Amended Complaint allege facts that the Lohman Defendants lack sufficient information to admit or deny, allege legal opinions upon which courts may differ, or allege interpretations of law that depend upon the resolution of disputed questions of fact, the Lohman Defendants deny the allegations contained in paragraphs "38 - 53" of the Second Amended Complaint.

## The Scheme

54.        The Lohman Defendants deny paragraph "54" of the Second Amended Complaint to the extent it is directed at the conduct of the Lohman Defendants; to the extent paragraph "54" of the Second Amended Complaint is directed at the conduct of other defendants, the Lohman Defendants lack sufficient information to admit or deny paragraph "54" of the Second Amended Complaint and, accordingly, deny the same.

55-61.     To the extent paragraphs "55-61" of the Second Amended Complaint relate to other defendants, the Lohman Defendants lack sufficient information to admit or deny paragraphs "55-61" of the Second Amended Complaint and, accordingly deny the

same; to the extent paragraphs "55-61" of the Second Amended Complaint relate to the Lohman Defendants, the Lohman Defendants deny paragraphs "55-61" of the Second Amended Complaint and, in particular, deny that they were ever involved in a scheme to defraud or other unlawful conduct.

62.     To the extent paragraph "62" of the Second Amended Complaint relates to other defendants, the Lohman Defendants lack sufficient information to admit or deny paragraphs "62" of the Second Amended Complaint and, accordingly deny the same; to the extent paragraph "62" of the Second Amended Complaint relates to the Lohman Defendants, the Lohman Defendants deny paragraph "62" of the Second Amended Complaint and, in particular, deny that they "participated" in any unlawful activity.

63.     To the extent paragraph "63" relates to the Lohman Defendants; the Lohman Defendants deny paragraph "63" of the Second Amended Complaint; to the extent paragraph "63" relates to others, the Lohman Defendants lack sufficient information to admit or deny paragraph "63" and, accordingly, deny the same.

64.     In response to paragraph "64" of the Second Amended Complaint, the Lohman Defendants specifically deny that they "intended" to engage in any unlawful conduct; with regard to the remainder of paragraph "64" of the Second Amended Complaint, the Lohman Defendants state that they lack sufficient information to admit or deny the allegations and, accordingly, deny the same.

65-66.     The Lohman Defendants deny paragraphs "65-66" of the Second Amended Complaint.

## "Debt Counseling" Companies

67-84.   To the extent paragraphs "67-84" of the Second Amended Complaint relate to the Lohman Defendants, the Lohman Defendants deny paragraphs "67-84" of the Second Amended Complaint and specifically deny that they engaged in any unlawful activity; to the extent paragraphs "67-84" of the Second Amended Complaint relate to other defendants, the Lohman Defendants state that they lack sufficient information to admit or deny the allegations and, accordingly, deny the same.

85.   To the extent paragraph "85" of the Second Amended Complaint relates to the Lohman Defendants, the Lohman Defendants admit that certain employees of The Law Offices of Jeffrey Lohman participated in some of their clients' calls to NSL but deny the remaining allegations of paragraph "85" of the Second Amended Complaint and specifically deny that they engaged in any unlawful activity; to the extent paragraph "85" of the Second Amended Complaint relates to other defendants, the Lohman Defendants state that they lack sufficient information to admit or deny the allegations and, accordingly, deny the same.

86-88.   The Lohman Defendants state that they lack sufficient information to admit or deny the allegations in paragraphs "86-88" of the Second Amended Complaint and, accordingly, deny the same.

89.   To the extent paragraph "89" of the Second Amended Complaint relates to the Lohman Defendants, the Lohman Defendants deny the allegations of paragraph "89" of the Second Amended Complaint and specifically deny that they engaged in any unlawful activity; to the extent paragraph "89" of the Second Amended Complaint relates to

other defendants, the Lohman Defendants state that they lack sufficient information to admit or deny the allegations and, accordingly, deny the same.

90.   With regard to paragraph "90" of the Second Amended Complaint, the Lohman Defendants admit the allegations to the extent they are consistent with the "client's" sworn testimony and deny the allegations to the extent they are inconsistent with the "client's" sworn testimony.

91.   The Lohman Defendants state that they lack sufficient information to admit or deny the allegations in paragraphs "91" of the Second Amended Complaint and, accordingly, deny the same.

92.   To the extent paragraph "92" of the Second Amended Complaint relates to other defendants, the Lohman Defendants state that they lack sufficient information to admit or deny the allegations and, accordingly, deny the same; to the extent paragraph "92" of the Second Amended Complaint relates to the Lohman Defendants, the Lohman Defendants admit that they received referrals from other attorneys and that some of these referrals resulted in the filing of legal actions in federal court or arbitration; the Lohman Defendants deny the remaining allegations of paragraph "92" of the Second Amended Complaint and specifically deny that they engaged in any unlawful activity.

93.   The Lohman Defendants state that they lack sufficient information to admit or deny the allegations in paragraph "93" of the Second Amended Complaint and, accordingly, deny the same; and to the extent paragraph "93" of the Second Amended Complaint implicitly alleges that the Lohman Defendants unlawfully "pocketed" money, the Lohman Defendants deny that allegation.

94-95.   The Lohman Defendants state that they lack sufficient information to admit or deny the allegations in paragraphs "94-95" of the Second Amended Complaint and, accordingly, deny the same.

**Mize Defendants**

96-101.   To the extent paragraphs "96-101" of the Second Amended Complaint relate to other defendants, the Lohman Defendants state that they lack sufficient information to admit or deny the allegations and, accordingly, deny the same; to the extent paragraphs "96-101" of the Second Amended Complaint relate to the Lohman Defendants, the Lohman Defendants deny the allegations of paragraphs "96-101" of the Second Amended Complaint and specifically deny that they engaged in any unlawful activity.

102.   To the extent paragraph "102" of the Second Amended Complaint relates to other defendants, the Lohman Defendants state that they lack sufficient information to admit or deny the allegations and, accordingly, deny the same; to the extent paragraph "102" of the Second Amended Complaint relates to the Lohman Defendants, the Lohman Defendants admit that they received referrals from the Mize Defendants and that some of these referrals resulted in lawsuits or arbitrations against NSL; the Lohman Defendants deny the remaining allegations of paragraph "102" of the Second Amended Complaint and specifically deny that they engaged in any unlawful activity.

**Lohman Defendants**

103.   In response to paragraph 103 and footnote 5 of the Second Amended Complaint, the Lohman Defendants admit that they have substituted as counsel for some clients after Krohn & Moss Ltd. withdrew from representation of them, that the Lohman Defendants have counseled clients on how to revoke consent under the TCPA, and that the Lohman

Defendants have participated in calls between clients and NSL; the Lohman Defendants deny the remaining allegations of paragraph "103" to the extent the allegations relate to the Lohman Defendants; to the extent the allegations relate to other defendants, the Lohman Defendants lack sufficient information to admit or deny the allegations and, accordingly, deny the same.

104-105.   To the extent paragraphs "104-105" of the Second Amended Complaint relate to other defendants, the Lohman Defendants state that they lack sufficient information to admit or deny the allegations and, accordingly, deny the same; to the extent paragraphs "104-105" of the Second Amended Complaint relate to the Lohman Defendants, the Lohman Defendants deny the allegations of paragraph "104-105" of the Second Amended Complaint and specifically deny that they engaged in any unlawful activity.

106.   The Lohman Defendants deny the allegations contained in paragraph "106" of the Second Amended Complaint.

107.   In response to paragraph "107" of the Second Amended Complaint, the Lohman Defendants deny that they were the actual or proximately cause of any harm to NSL or their clients; with regard to the remaining allegations of paragraph "107" of the Second Amended Complaint, the Lohman Defendants admit that the quoted language was alleged in the First Amended Petition filed in *Johnson v. Law Offices of Jeffrey Lohman & Veritas Legal Plan, Inc.*, No. 1822-AC07696 (Mo. Cir. Ct. filed March 15, 2019) to the extent the quoted language is consistent with the First Amended Petition and denies the allegations to the extent the quoted language is inconsistent with that document; the Lohman Defendants further deny the substance of the allegations made by the plaintiff in *Johnson v. Law Offices of Jeffrey Lohman & Veritas Legal Plan, Inc.*, No. 1822-

AC07696 (Mo. Cir. Ct. filed March 15, 2019) and deny any remaining allegations made in paragraph "107".

108.     In response to paragraph "108" of the Second Amended Complaint, the Lohman Defendants admit that they have been retained by debtors and have filed claims on behalf of debtors; the Lohman Defendants denying any remaining allegations in paragraph "108" of the Second Amended Complaint to the extent the allegations relate to the Lohman Defendants and lack sufficient information to admit or deny the allegations to the extent they relate to other defendants and, accordingly, deny the same.

<u>**Role of the Attorney Defendants**</u>

109-110.   The Lohman Defendants lack sufficient information to admit or deny the allegations made in paragraphs "109-110" of the Second Amended Complaint and, accordingly, deny the same.

111-112.   The Lohman Defendants deny paragraphs "111-112" of the Second Amended Complaint.

113-116.   The Lohman Defendants lack sufficient information to admit or deny the allegations made in paragraphs "113-116" of the Second Amended Complaint and, accordingly, deny the same.

117-118.   In response to paragraphs "117-118" of the Second Amended Complaint, the Lohman Defendants admit that the Mize Defendants and Ms. Johanson referred clients to the Law Offices of Jeffrey Lohman; to the extent paragraphs "117-118" of the Second Amended Complaint relate to the Lohman Defendants, the Lohman Defendants deny paragraphs "117-118" and specifically deny that they engaged in any unlawful or unethical conduct; to the extent paragraphs "117-118" of the Second Amended

Complaint relate to other defendants, the Lohman Defendants lack sufficient information to admit or deny the allegations made in paragraphs "117-118" of the Second Amended Complaint and, accordingly, deny the same.

119.    The Lohman Defendants deny the first sentence of paragraph "119" of the Second Amended Complaint; the Lohman Defendants lack sufficient information to admit or deny the second sentence of paragraph "119" of the Second Amended Complaint and, accordingly, deny the same; the Lohman Defendants specifically deny that they engaged in any unlawful conduct.

120-122.    To the extent paragraphs "120-122" of the Second Amended Complaint relate to the Lohman Defendants, the Lohman Defendants deny paragraphs "120-122" and specifically deny that they engaged in any unlawful or unethical conduct; to the extent paragraph "120-122" of the Second Amended Complaint relate to other defendants, the Lohman Defendants lack sufficient information to admit or deny the allegations made in paragraph "120-122" of the Second Amended Complaint and, accordingly, deny the same.

123-134.    In response to paragraphs "123-134" of the Second Amended Complaint, the Lohman Defendants admit that Jeffrey Lohman introduced Daniel Ruggiero to David Mize and that Mr. Ruggiero has acted as local counsel for the Lohman Defendants; with regard to the remaining allegations of paragraphs "123-134" of the Second Amended Complaint, the Lohman Defendants lack sufficient information to admit or deny the remaining allegations made in paragraphs "123-134" of the Second Amended Complaint and, accordingly, deny the same.

## Cases "Exemplifying the Scheme"

### C.S.

135-149.   The Lohman Defendants lack sufficient information to admit or deny paragraphs "135-149" of the Second Amended Complaint and, accordingly, deny the same.

150.   The Lohman Defendants lack sufficient information to admit or deny the first sentence of paragraph "150" of the Second Amended Complaint and, accordingly, deny the same; the Lohman Defendants admit the second sentence of paragraph "150" of the Second Amended Complaint.

151.   The Lohman Defendants admit that Defendant Muhtaseb was present at C.S.'s deposition but deny the remainder paragraph "151" of the Second Amended Complaint on the basis that quotations from the deposition transcript are inaccurate or taken out of context.

152-153.   The Lohman Defendants lack sufficient information to admit or deny paragraph "152-153" of the Second Amended Complaint and, accordingly, deny the same.

154.   The Lohman Defendants lack sufficient information to admit or deny that "C.S. nearly elected to withdraw from the litigation process" and, accordingly, deny the same; the Lohman Defendants admit the remainder of paragraph "154" of the Second Amended Complaint.

155.   The Lohman Defendants deny paragraph "155" of the Second Amended Complaint.

156.   In response to paragraph "156" of the Second Amended Complaint, the Lohman Defendants admit that C.S. and NSL agreed to settle her claim and that NSL discharged over $17,000 of C.S.'s debt as a result of the settlement; the Lohman Defendants deny the remainder of paragraph "156" of the Second Amended Complaint.

**D.D.**

157-164. The Lohman Defendants lack sufficient information to admit or deny paragraphs "157-164" of the Second Amended Complaint and, accordingly, deny the same.

165-166. The Lohman Defendants lack sufficient information to admit or deny paragraphs "165-166" of the Second Amended Complaint and, accordingly, deny the same; the Lohman Defendants further affirmatively state that quotations from the transcript of D.D.'s deposition are inaccurate or taken out of context.

167. The Lohman Defendants lack sufficient information to admit or deny paragraph "167" of the Second Amended Complaint and, accordingly, deny the same.

168. In response to paragraph "168" of the Second Amended Complaint, the Lohman Defendants admit that D.D. signed a retainer agreement with Law Offices of Jeffrey Lohman but deny the remainder of paragraph "168" of the Second Amended Complaint.

169. The Lohman Defendants lack sufficient information to admit or deny paragraph "169" of the Second Amended Complaint and, accordingly, deny the same.

170. The Lohman Defendants lack sufficient information to admit or deny the first sentence of paragraph "170" of the Second Amended Complaint and, accordingly, deny the same; the Lohman Defendants deny the remaining allegations made in paragraph "170" to the extent they are made against the Lohman Defendants; the Lohman Defendants lack sufficient information to admit or deny the remaining allegations made in paragraph "170" to the extent they are made against other defendants and, accordingly, deny the same.

171-173.   In response to paragraphs "171-173" of the Second Amended Complaint, the Lohman
Defendants admit that Defendant Dykes was present at D.D.'s August 28, 2018
deposition; the Lohman Defendants deny the remaining allegations made in paragraphs
"171-173" on the basis that NSL's paraphrasing of the deposition is inaccurate or refers
to testimony out of context.

174.   The Lohman Defendants lack sufficient information to admit or deny the first sentence
of paragraph "174" of the Second Amended Complaint and, accordingly, deny the
same; the Lohman Defendants admit the allegations made in the second sentence of
paragraph "174" of the Second Amended Complaint.

175.   The Lohman Defendants admit that Jeffrey Lohman was deposed on November 6,
2017, deny the remainder of paragraph "175" of the Second Amended Complaint on
the basis that NSL inaccurately paraphrases the deposition transcript or quotes the
transcript out of context.

176.   In response to paragraph "176" of the Second Amended Complaint, the Lohman
Defendants admit that D.D. and NSL agreed to settle her claim and that NSL discharged
over $31,000 of D.D.'s debt as a result of the settlement; the Lohman Defendants deny
the remainder of paragraph "176" of the Second Amended Complaint.

**E.A.**

177-183.   The Lohman Defendants lack sufficient information to admit or deny paragraphs "177-
183" of the Second Amended Complaint and, accordingly, deny the same.

184.   The Lohman Defendants lack sufficient information to admit or deny the allegations
made in the first sentence of paragraph "184" of the Second Amended Complaint and,
accordingly, deny the same; the Lohman Defendants admit that Jeffrey Lohman was

present at E.A.'s February 26, 2018 deposition but deny the remaining allegations made in the second sentence of paragraph "184" of the Second Amended Complaint on the basis that NSL inaccurately paraphrases the deposition transcript.

185-189.   The Lohman Defendants lack sufficient information to admit or deny paragraphs "185-189" of the Second Amended Complaint and, accordingly, deny the same.

The Lohman Defendants  admit the allegations contained in paragraph "158" of the Second Amended Complaint.

190.   The Lohman Defendants lack sufficient information to admit or deny the allegations made in the first sentence of paragraph "190" of the Second Amended Complaint and, accordingly, deny the same; the Lohman Defendants deny the remaining allegations made in paragraph "190" of the Second Amended Complaint; the Lohman Defendants affirmatively state that, when relevant to the client's matter, they advise their clients on their rights under the TCPA but deny that they have engaged in any unlawful activity.

191.   The Lohman Defendants lack sufficient information to admit or deny the allegations made in the first sentence of paragraph "191" of the Second Amended Complaint and, accordingly, deny the same; the Lohman Defendants deny the remaining allegations made in paragraph "191" of the Second Amended Complaint.

192.   The Lohman Defendants deny the allegations made in paragraph "192" of the Second Amended Complaint; the Lohman Defendants affirmatively state that, when relevant to the client's matter, they advise their clients on their rights under the TCPA but deny that they have engaged in any unlawful activity.

193.   The Lohman Defendants lack sufficient information to admit or deny the allegations made in the first sentence of paragraph "193" of the Second Amended Complaint and,

accordingly, deny the same; the Lohman Defendants deny the second sentence of paragraph "193"; the Lohman Defendants further deny the remaining allegations made in paragraph "193" of the Second Amended Complaint on the basis that NSL inaccurately paraphrases the deposition transcript.

194.     The Lohman Defendants deny the allegations made in paragraph "194" of the Second Amended Complaint; the Lohman Defendants affirmatively state that, when relevant to the client's matter, they advise their clients on their rights under the TCPA but deny that they have engaged in any unlawful activity.

195.     The Lohman Defendants admit paragraph "195" of the Second Amended Complaint.

196-198.  The Lohman Defendants admit that Jeffrey Lohman was present at E.A.'s deposition on February 26, 2018 but deny the remaining allegations made in paragraphs "196-198" of the Second Amended Complaint on the basis that NSL inaccurately paraphrases the deposition transcript.

199.     In response to paragraph "199" of the Second Amended Complaint, the Lohman Defendants admit that E.A. and NSL agreed to settle her claim and that NSL discharged over $26,000 of E.A.'s debt as a result of the settlement; the Lohman Defendants deny the remainder of paragraph "199" of the Second Amended Complaint.

200.     To the extent paragraph "200" of the Second Amended Complaint relates to the Lohman Defendants, the Lohman Defendants deny paragraph "200" of the Second Amended Complaint and specifically deny that they engaged in any unlawful conduct; to the extent paragraph "200" relates to E.A., the Lohman Defendants lack sufficient information to admit or deny paragraph "200" and, accordingly, deny the same; with regard to the quoted language from E.A.'s deposition transcript, the Lohman

Defendants deny any implication that they engaged in any unlawful conduct or advised E.A. to engage in any unlawful conduct and state that the deposition transcript is paraphrased and quoted out of context.

**Shanna Helvey**

201.    The Lohman Defendants lack sufficient information to admit or deny paragraph "201" of the Second Amended Complaint and, accordingly, deny the same.

202.    The Lohman Defendants deny paragraph "202" of the Second Amended Complaint.

203.    The Lohman Defendants admit that Andrew K. Homan filed the complaint in the action captioned *Shanna Helvey v. Navient Solutions*, *LLC*, Case No. 1:17-cv-00186-WCL-SLC (N.D. Ind.) but deny the remaining allegations made in paragraph "203" of the Second Amended Complaint.

204.    The Lohman Defendants admit paragraph "204" of the Second Amended Complaint.

205-207.    The Lohman Defendants lack sufficient information to admit or deny paragraphs "205-207" of the Second Amended Complaint and, accordingly, deny the same.

208.    In response to paragraph "208" of the Second Amended Complaint, the Lohman Defendants admit that counsel for both the plaintiff and the defendant in *Shanna Helvey v. Navient Solutions*, *LLC*, Case No. 1:17-cv-00186-WCL-SLC (N.D. Ind.) filed a notice of voluntary dismissal on July 14, 2017 but deny the remaining allegations of paragraph "208" of the Second Amended Complaint.

209-210.    The Lohman Defendants deny paragraphs "209-210" of the Second Amended Complaint.

**L.L.**

211.     The Lohman Defendants lack sufficient information to admit or deny paragraph "211" of the Second Amended Complaint and, accordingly, deny the same.

212.     The Lohman Defendants admit that Defendant Muhtaseb was present at L.L.'s December 8, 2017 deposition but deny the remainder of paragraph "212" of the Second Amended Complaint to the extent it inaccurately paraphrases the deposition testimony or takes testimony out of context.

213-216.  The Lohman Defendants lack sufficient information to admit or deny paragraphs "213-216" of the Second Amended Complaint and, accordingly, deny the same.

217.     To the extent paragraph "217" relates to the Lohman Defendants, the Lohman Defendants deny paragraph "217"; to the extent paragraph "217" relates to others, the Lohman Defendants lack sufficient information to admit or deny paragraph "217" of the Second Amended Complaint and, accordingly, deny the same.

218-221.  The Lohman Defendants lack sufficient information to admit or deny paragraphs "218-221" of the Second Amended Complaint and, accordingly, deny the same.

222-223.  The Lohman Defendants deny paragraphs "222-223" of the Second Amended Complaint on the basis that NSL inaccurately paraphrases the deposition testimony or takes testimony out of context.

224.     The Lohman Defendants lack sufficient information to admit or deny the first sentence of paragraph "224" of the Second Amended Complaint and, accordingly, deny the same; the Lohman Defendants deny the remainder of paragraph "224" of the Second Amended Complaint.

225.    The Lohman Defendants deny paragraph "225" of the Second Amended Complaint on the basis that it inaccurately paraphrases the deposition testimony or takes testimony out of context.

226.    The Lohman Defendants deny paragraph "226" of the Second Amended Complaint.

227.    The Lohman Defendants lack sufficient information to admit or deny paragraph "227" of the Second Amended Complaint and, accordingly, deny the same.

**J.S.**

228-234.    The Lohman Defendants lack sufficient information to admit or deny paragraphs "228-234" of the Second Amended Complaint and, accordingly, deny the same.

235.    The Lohman Defendants deny the final sentence of paragraph "235" of the Second Amended Complaint; the Lohman Defendants lack sufficient information to admit or deny the remainder of paragraph "235" of the Second Amended Complaint and, accordingly, deny the same.

236.    The Lohman Defendants deny paragraph "236" of the Second Amended Complaint; the Lohman Defendants affirmatively state that, when relevant to the client's matter, they advise their clients on their rights under the TCPA but deny that they have engaged in any unlawful activity.

237-238.    The Lohman Defendants lack sufficient information to admit or deny paragraphs "237-238" of the Second Amended Complaint and, accordingly, deny the same.

239-241.    The Lohman Defendants admit paragraphs "239-241" of the Second Amended Complaint to the extent they are consistent with the documents referred to therein and deny paragraphs "239-241" of the Second Amended Complaint to the extent they are inconsistent with the documents referred to therein.

242.    The Lohman Defendants deny paragraph "242" of the Second Amended Complaint on the basis that NSL inaccurately paraphrases the deposition testimony or takes the testimony out of context.

243-244.   The Lohman Defendants deny paragraphs "243-244" of the Second Amended Complaint.

245.    In response to paragraph "245" of the Second Amended Complaint, the Lohman Defendants admit that J.S. and NSL agreed to settle his claim, that NSL paid a cash settlement of $15,000, and that NSL discharged over $63,000 of J.S.'s debt as a result of the settlement; the Lohman Defendants deny the remainder of paragraph "245" of the Second Amended Complaint.

**K.W.**

246-254.   The Lohman Defendants lack sufficient information to admit or deny paragraphs "246-254" of the Second Amended Complaint and, accordingly, deny the same.

255.    The Lohman Defendants deny paragraph "255" of the Second Amended Complaint.

256.    The Lohman Defendants admit paragraph "256" of the Second Amended Complaint.

257.    The Lohman Defendants deny paragraph "257" of the Second Amended Complaint.

258-259.   To the extent paragraphs "258-259" of the Second Amended Complaint relate to the Lohman Defendants, the Lohman Defendants deny paragraphs "258259"; to the extent paragraphs "258-259" relate to others, the Lohman Defendants lack sufficient information to admit or deny paragraphs "258-259" of the Second Amended Complaint and, accordingly, deny the same.

260.    The Lohman Defendants lack sufficient information to admit or deny paragraph "260" of the Second Amended Complaint and, accordingly, deny the same.

261.     The Lohman Defendants lack sufficient information to admit or deny paragraph "261" of the Second Amended Complaint and, accordingly, deny the same.

262.     The Lohman Defendants deny paragraph "262" of the Second Amended Complaint on the basis that NSL inaccurately paraphrases the deposition testimony or takes the testimony out of context.

263.     The Lohman Defendants lack sufficient information to admit or deny paragraph "263" of the Second Amended Complaint and, accordingly, deny the same.

264.     The Lohman Defendants lack sufficient information to admit or deny paragraph "264" of the Second Amended Complaint and, accordingly, deny the same.

### A.C.

265-275.  The Lohman Defendants lack sufficient information to admit or deny paragraphs "265-275" of the Second Amended Complaint and, accordingly, deny the same.

276.     The Lohman Defendants deny paragraph "276" of the Second Amended Complaint on the basis that NSL inaccurately paraphrases the deposition transcript or takes testimony out of context.

277.     The Lohman Defendants deny paragraph "277" of the Second Amended Complaint.

278.     The Lohman Defendants admit paragraph "278" of the Second Amended Complaint.

### Further Allegations of Racketeering Activity

279.     The Lohman Defendants deny paragraph "279" of the Second Amended Complaint.

280-281.  The Lohman Defendants lack sufficient information to admit or deny paragraphs "280-281" of the Second Amended Complaint and, accordingly, deny the same.

282.     To the extent paragraph "282" of the Second Amended Complaint relates to the Lohman Defendants, the Lohman Defendants deny paragraph "282"; to the extent

paragraph "282" of the Second Amended Complaint relates to others, the Lohman Defendants lack sufficient information to admit or deny paragraph "282" of the Second Amended Complaint and, accordingly, deny the same.

283.      The Lohman Defendants deny paragraph "283" of the Second Amended Complaint.

284-286   The Lohman Defendants lack sufficient information to admit or deny paragraphs "284-286" of the Second Amended Complaint and, accordingly, deny the same.

287-288.  To the extent paragraphs "287-288" of the Second Amended Complaint relates to the Lohman Defendants, the Lohman Defendants deny paragraph "287-288"; to the extent paragraph "287-288" of the Second Amended Complaint relates to others, the Lohman Defendants lack sufficient information to admit or deny paragraph "287-288" of the Second Amended Complaint and, accordingly, deny the same.

289-293.  The Lohman Defendants deny paragraphs "289-293" of the Second Amended Complaint.

## RESPONSE TO THE FIRST CAUSE OF ACTION

294.      The Lohman Defendants repeat and incorporate paragraphs 1 through 293 above.

295-297.  The Lohman Defendants deny paragraphs "295-297" of the Second Amended Complaint.

298.      The Lohman Defendants admit paragraph "298" of the Second Amended Complaint.

299-304.  The Lohman Defendants lack sufficient information to admit or deny paragraph "299-304" of the Second Amended Complaint and, accordingly, deny the same.

305-312.  The Lohman Defendants deny paragraphs "305-312" of the Second Amended Complaint.

## RESPONSE TO SECOND CAUSE OF ACTION

313.      The Lohman Defendants repeat and incorporate paragraphs 1 through 312 above.

314-316.  The Lohman Defendants deny paragraphs "314-316" of the Second Amended Complaint.

317.      The Lohman Defendants admit paragraph "317" of the Second Amended Complaint.

318-324.  The Lohman Defendants lack sufficient information to admit or deny paragraph "318-324" of the Second Amended Complaint and, accordingly, deny the same.

325-334.  The Lohman Defendants deny paragraphs "325-334" of the Second Amended Complaint.

## RESPONSE TO THIRD CAUSE OF ACTION

335.      The Lohman Defendants repeat and incorporate paragraphs 1 through 334 above.

336-345.  The Lohman Defendants deny paragraphs "336-345" of the Second Amended Complaint.

## RESPONSE TO FOURTH CAUSE OF ACTION

346.      The Lohman Defendants repeat and incorporate paragraphs 1 through 345 above.

347-349.  The Lohman Defendants deny paragraphs "347-349" of the Second Amended Complaint.

## RESPONSE TO FIFTH CAUSE OF ACTION

350.      The Lohman Defendants repeat and incorporate paragraphs 1 through 349 above.

351-353.  The Lohman Defendants lack sufficient information to admit or deny paragraphs 351-353 of the Second Amended Complaint and, accordingly, deny the same.

354-358.  The Lohman Defendants deny paragraphs "354-358" of the Second Amended Complaint.

WHEREFORE, unless expressly admitted herein, the Lohman Defendants deny any factually allegations made in the Second Amended Complaint, explicitly deny that they engaged in any wrongful or unlawful conduct, and respectfully request that this Court dismiss this case against the Lohman Defendants in its entirety.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff, Navient Solutions, LLC, lacks the requisite standing to bring this lawsuit because it does not own the debt that is an essential aspect of this case and is the primary component of its allegations of damages, because the Lohman Defendants' conduct was neither the actual nor proximate cause of Plaintiff's injury, and because Plaintiff was not the party directly injured by the alleged conduct.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a RICO claim or any other claim upon which relief may be rewarded.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are time-barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting claims regarding damages, because any damages sustained as a result of the facts at issue in this case are a result its own illegal conduct, including but not limited to violating the TCPA and other statutes governing debt collection.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by equity, including the doctrine of unclean hands, laches, and estoppel.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's fraud claims are barred because they are predicated upon opinion and lack any factual basis.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate its damages, and as such, plaintiff's recovery in this matter, if any, must be offset due to it's a failure to mitigate.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because any damages were caused by other parties or non-partiers for whom the Lohman Defendants lacks control and/or responsibility.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because any damages were caused by Plaintiff's own actions.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the conduct of the Lohman Defendants that Plaintiff complains of in the Second Amended Complaint was lawful and with legal justification.

## ELEVENTH AFFIRMATIVE DEFENSE

The Lohman Defendants did not initiate, induce or conspire with any of the other defendants or any other person to engage in a pattern of activity for the purposes of fraudulently extracting settlements from Plaintiff or to conduct costly litigation, and therefore, Plaintiff cannot recover on its civil RICO and conspiracy claims.

## TWELFTH AFFIRMATIVE DEFENSE

Even if the Plaintiff could present evidence sufficient to establish the truth of the allegations outlined in the Second Amended Complaint, Plaintiff's case is unsustainable because Plaintiff has not suffered any damages as a result of the alleged wrongdoing and because Plaintiff does not own the debt that provides the basis for the damages allegations in this case.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part as a result of intervening and/or superseding facts, including but not limited to, Plaintiff willfully and knowingly violated the Telephone Consumer Protection Act ("TCPA") and other federal statues, and caused its own damages which otherwise could have been prevented.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff had the opportunity to litigate the issues in this case in previous matters, failed to do so, and is now estopped from bringing said claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims fail as a matter of law because Plaintiff could not reasonably rely on the alleged representations made by the Lohman Defendants.

WHEREFORE, the Lohman Defendants pray that the Court:

1. Dismiss Plaintiff's action with prejudice in its entirety;

2. Enter judgment stating that Plaintiff has and recover nothing from Defendants;

3. Enter judgment in favor of the Lohman Defendants and against Plaintiff on any counterclaims[1] asserted or that have been asserted at any time by the Lohman Defendants; and

4. Award Defendants such other and further relief as the Court deems just and appropriate.

## **JURY DEMAND**

COMES NOW THE DEFENDANTS THE LAW OFFICES OF JEFFREY LOHMAN AND JEFFREY LOHMAN, by counsel, and demands trial by jury of all issues so triable in this case.

DATED:  January 3, 2020                                   Respectfully submitted,

/s/ Thomas F. Urban II
Thomas F. Urban II, Virginia Bar No 40540
LAW FIRM OF URBAN & FALK, PLLC
P.O. Box 321043
Alexandria, Virginia 22320
(703) 861-5235 – Tel.
tfu@urbanlawva.com

Jeffrey E. Grell (*pro hac vice*)
GRELL FEIST PLC
825 Nicollet Mall, Suite 635
Minneapolis, MN 55402
(612) 353-5530 -Tel.
jgrell@grellfeist.com

*Counsel for The Law Offices of Jeffrey
Lohman, P.C., Jeffrey Lohman*

---

[1] Although dismissed by the Court's previous order (Docket No. 66), the Lohman Defendants do not waive any rights and continue to assert all rights, including their rights of appeal and recovery, based on their previously asserted counterclaims (Docket No. 48).

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 3, 2020, I will electronically file the foregoing Amended

Answer using the Court's CM/ECF system, which will send a notification of such filing (NEF) to

the following counsel of record for all parties who have appeared in this action:

Jeffrey R. Hamlin, Esq.
George R. Calhoun V, Esq.
Whitney A. Fore, Esq.
IFRAH PLLC
1717 Pennsylvania Avenue NW Suite 650
Washington, DC 20006-2004
*Counsel for Plaintiff Navient Solutions, LLC*

Dana Christine Withers, Esq.
Michelle Arbitrio, Esq.
Wood, Smith, Henning & Berman LLP
685 3rd Avenue, 18th Floor
New York, NY 10017
*Counsel for Jeremy Branch, Alyson Dykes, and Ibrahim Muhtaseb*

In addition, I hereby certify that on January 3, 2020, I will have sent via United States

Postal Service first-class mail a copy of the foregoing Motion to the following:

Champion Marketing Solutions, LLC
c/o Scott Michael Freda, Registered Agent
6302 Creekwood Court
Sachse, TX 75048

/s/ Thomas F. Urban II
Thomas F. Urban II