UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NAVIENT SOLUTIONS, LLC<br><br>Plaintiff,<br><br>v.<br><br>THE LAW OFFICES OF JEFFREY LOHMAN, P.C., *et al.*,<br><br>Defendants. | CIVIL ACTION No. 1:19-cv-00461 |

**PLAINTIFF NAVIENT SOLUTIONS, LLC'S RESPONSE TO DEFENDANTS THE LAW OFFICES OF JEFFREY LOHMAN, P.C., JEFFREY LOHMAN, AND JEREMY BRANCH'S OBJECTION TO THE MAGISTRATE JUDGE'S ORDER OF MARCH 11, 2020**

Plaintiff Navient Solutions, LLC, ("NSL") submits this response to Defendants The Law Offices of Jeffrey Lohman, P.C., Jeffrey Lohman's, and Jeremy Branch's Objection to the Magistrate Judge's Order of March 11, 2020 (the "Objection"). For the reasons stated herein, NSL respectfully requests that this Court overrule the Objection to the March 11, 2020, order of Magistrate Judge Buchanan.

BACKGROUND

On December 13, 2019, NSL filed a motion to compel, seeking an order from the Court compelling the production of documents withheld by Defendants The Law Offices of Jeffrey Lohman, P.C., Jeffrey Lohman, Jeremy Branch, Alyson Dykes, and Ibrahim Muhtaseb (collectively the "Lohman Defendants") on the basis of privilege. Dkt. 90. On December 18, 2019, Defendants Branch, Dykes, and Muhtaseb filed an opposition to NSL's motion to compel, arguing that the crime/fraud exception does not apply because NSL has not alleged that the *clients*

in the underlying Telephone Consumer Protection Act ("TCPA") cases had given information to the Lohman Defendants for the purpose of committing or furthering a crime or fraud. Dkt. 106 at 5–7. Defendants The Law Offices of Jeffrey Lohman, P.C., and Jeffrey Lohman did not file any opposition to NSL's motion to compel, but a footnote to Defendants Branch, Dykes, and Muhtaseb's opposition states that Defendants The Law Offices of Jeffrey Lohman, P.C., and Jeffrey Lohman joined in the filings by the other Defendants. *Id.* at 2 n.1. Additional briefing ensued in which Defendants The Law Offices of Jeffrey Lohman, P.C., and Jeffrey Lohman filed a brief arguing that the crime/fraud exception could not apply because NSL had not alleged that the clients of Defendant The Law Offices of Jeffrey Lohman, P.C., had committed the fraud. Dkt. 120 at 4–5. On January 17, 2020, Magistrate Judge Buchanan held a hearing in which she issued an order granting NSL's motion to compel production of documents protected by the attorney-client privilege. Dkt. 126.

On January 30, 2020, Defendants The Law Offices of Jeffrey Lohman, P.C., and Jeffrey Lohman filed an objection to Magistrate Judge Buchanan's January 17, 2020, order before this Court. Dkt. 136. In the objection, Defendants The Law Offices of Jeffrey Lohman, P.C., and Jeffrey Lohman raised arguments that the Lohman Defendants had never previously raised in any pleadings before Magistrate Judge Buchanan. NSL filed a timely response on February 13, 2020. Dkt. 153. This Court entered an order on February 18, 2020, noting that "it seems prudent to have the magistrate judge address Lohman defendants' new arguments in the first instance." *Id.* at 3–4. Therefore, the Court remanded the objection to Magistrate Judge Buchanan for consideration of the Defendants The Law Offices of Jeffrey Lohman, P.C. and Jeffrey Lohman's new arguments raised on objection and any explanation "as to why these new arguments were not raised initially." *Id.* at 4. Further, this Court's order stated that "[t]he magistrate judge may also consider whether

monetary sanctions should be imposed on the Lohman defendants and/or their counsel for causing unnecessary litigation costs." *Id.*

On March 11, 2020, Magistrate Judge Buchanan ordered that the Lohman Defendants produce all responsive documents withheld on the basis of the attorney-client privilege. Dkt 187 at 25. Further, Magistrate Judge Buchanan ordered that NSL

> submit to the Court the reasonable fees and costs it incurred in preparing and filing its (1) Response to Defendants' Objection to the Magistrate Judge's Order of January 17, 2020 (Dkt. 153) and (2) February 26 supplemental brief (Dkt. 165) within ten (10) days of the date of this Order. Upon further order of this Court, The Law Offices of Jeffrey Lohman, P.C., Jeffrey Lohman, Thomas Francis Urban and Jeffrey Earnest Grell are jointly and severally liable for Plaintiff's reasonable attorneys' fees and costs.

*Id.* On March 25, 2020, Defendants The Law Offices of Jeffrey Lohman, P.C., Jeffrey Lohman's, and Jeremy Branch's (collectively, "Lohman") filed an Objection to Magistrate Judge Buchanan's March 11, 2020, order. In doing so, Lohman again raises new arguments not presented previously.

## STANDARD OF REVIEW

Rule 72(a) of the Federal Rules of Civil Procedure permits a party to submit objections to a magistrate judge's ruling on non-dispositive matters, such as discovery orders. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). *See also Fed. Election Comm'n v. The Christian Coal.*, 178 F.R.D. 456, 459–60 (E.D. Va. 1998) (citing *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)). As a non-dispositive matter, the review of a magistrate's discovery order is properly governed by the "clearly erroneous or contrary to law" standard of review. *See Jesselson v. Outlet Assocs. of Williamsburg, Ltd. P'ship*, 784 F. Supp. 1223, 1228 (E.D. Va. 1991).

Only if a magistrate judge's decision is "clearly erroneous or contrary to law" may a district court judge modify or set aside any portion of the decision. Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A). A court's "finding is 'clearly erroneous' when although there is evidence to support

it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). *See also Harman v. Levin*, 772 F.2d 1150, 1152 (4th Cir. 1985). A treatise on federal practice and procedure describes altering a magistrate judge's non-dispositive orders as "extremely difficult to justify." 12 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 3069 (2d ed. 1997).

## ARGUMENT

I. **NSL Has Made an Unrebutted *Prima Facie* Showing That the Lohman Defendants' Attorney-Client Communications Are Discoverable Because They Were Made in Furtherance of the Alleged Debt-Relief Scam.**

Magistrate Judge Buchanan determined correctly that the crime/fraud exception abrogates any attorney-client privilege asserted by Lohman. Dkt. 187 at 9–22.[1] In particular, she concluded that the crime/fraud exception may defeat an innocent client's assertion of attorney-client privilege where *prima facie* evidence shows that the attorney was engaged in a criminal or fraudulent scheme. Dkt. 187 at 10–14. Such is the case because no meaningful client interest is served by protecting evidence of attorney fraud. *See In re Impounded Case (Law Firm)*, 879 F.2d 1211, 1214 (3d Cir. 1989) ("It is not apparent to us what interest is truly served by permitting an attorney to prevent this type of investigation of his own alleged criminal conduct by asserting an innocent client's privilege with respect to tending to show criminal activity by the lawyer. On the contrary, the values implicated . . . weigh heavily in favor of denying the privilege in these circumstances."). As Magistrate Judge Buchanan explained,

> [A]llowing the clients' AC privilege to shield information about the attorney-defendants' conduct would expand the privilege beyond its logical principle. Despite the client possessing the privilege, an attorney cannot hide behind his

---

[1] NSL's previous arguments in favor of that result are incorporated by reference as though set forth herein. *See generally* Dkts. 91, 118, 122, 153, 165.

4

> client's assertion of the AC privilege when there is evidence showing that the attorney was involved in a criminal or fraudulent scheme.[2]  For these reasons, even Lohman's clients' assertion of the AC privilege must fall.

Dkt. 187 at 12.

Magistrate Judge Buchanan concluded further that NSL had not only met, but surpassed its *prima facie* burden by proffering unrebutted evidence sufficient to support the essential elements of the alleged racketeering activity—in this case, mail and wire fraud.  Dkt. 187 at 15, 17.  More specifically, Magistrate Judge Buchanan determined that NSL's showing was factually sufficient.  *Id.* at 14 ("Plaintiff outlined defendants' scheme in depth in its Second Amended Complaint and its motion to compel, and further submitted copious exhibits in support of its arguments.  Upon review of the evidence and documentation Plaintiff submitted with its motion to compel, Plaintiff surpassed the [*prima facie*] standard outlined above.").

Likewise, Magistrate Judge Buchanan held that NSL's showing was legally sufficient.  *Id.* at 20–21.  Indeed, on August 23, 2019, this Court held that NSL had pleaded legally sufficient Racketeer Influenced and Corrupt Organizations Act ("RICO") and tortious interference claims against the Lohman Defendants and, for that reason, denied their amended motion to dismiss without prejudice.  *Id.* at 17–18.  That holding has not been disturbed or superseded, and Lohman should not be permitted to relitigate it by way of objections to the Court's order compelling discovery.

The party invoking the crime/fraud exception must make a two-pronged *prima facie* showing: (1) that the client was engaged in or planning a criminal or fraudulent scheme when he sought the advice of counsel to further the scheme, and (2) the documents containing the privileged

---

[2] Magistrate Judge Buchanan notes, however, that there is evidence that clients of Defendant The Law Offices of Jeffrey Lohman, P.C.'s were also in on the Scheme.  *Id.* at 12–14.

materials bear a close relationship to the client's existing or future scheme to commit a crime or fraud. *In re Grand Jury Proceedings #5 Empanelled January 28, 2004*, 401 F.3d 247, 251 (4th Cir. 2005) (citing *Chaudhry v. Gallerizzo*, 174 F.3d 394, 403 (4th Cir. 1999)).  The first prong is satisfied by a *prima facie* showing of evidence that, if believed by a trier of fact, would establish the elements of some violation that was ongoing or about to be committed. *Id.* (citing *In re Grand Jury Investigation*, 842 F.2d 1223, 1226 (11th Cir. 1987)).  The second prong may be satisfied with a showing of a close relationship between the attorney-client communications and the possible criminal or fraudulent activity. *Id.* (citing *Chaudhry*, 174 F.3d at 403).  NSL has more than satisfied this showing by demonstrating the overall Scheme and the Lohman Defendants' particular role in the Scheme, including, *inter alia,* assisting former-Defendant David Mize in recruiting and building TCPA cases, filing arbitration demands, complaints, and discovery without client knowledge or consent, and in seeking to conceal the scheme. *See generally* Dkts. 91, 93–95.  Although Lohman contends that his actions did not constitute crimes or frauds, he does not address NSL's evidence concerning the fraudulent scheme at all.  Nor did he submit any evidence of any sort to rebut the *prima facie* case established by NSL.  Instead, he simply concludes that he is not guilty of NSL's charges.[3]

---

[3] Lohman appears to have abandoned his argument that a RICO scheme cannot be predicated upon litigation activity.  Lohman abandons this argument with good reason: the statute itself contains a number of predicate acts that involve litigation activity.  18 U.S.C. § 1961(1) (listing various examples of predicate acts including murder, kidnapping, gambling, and witness tampering).  Not surprisingly, multiple courts have found RICO violations involving litigation activity or overruled motions to dismiss such claims.  *See, e.g.*, *Navient Solutions, LLC v. Krohn & Moss, LTD.*, No. 1:17-cv-1178 (E.D. Va. Jan. 12, 2018) (Brinkema, J.) (denying defendants' motion to dismiss RICO claims involving litigation activity); *Garlock Sealing Technologies, LLC v. Shein*, No. 3:14-cv-137, 2015 WL 5155362, at *3 (W.D.N.C. Sept. 2, 2015) (noting that federal courts have expressly declined to adopt "a broad shield from RICO for attorney advocacy" (quoting *Crowe v. Smith*, 848 F. Supp. 1258, 1264 (W.D. La. 1994)). *See also Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 364 (9th Cir. 2005) (noting that the defendant failed to identify "any federal case which holds that a party's litigation conduct in a prior case is entitled to absolute

Lohman objects to the order compelling discovery on the additional ground that the *Noerr-Pennington* Doctrine bars application of the crime/fraud exception in this case.[4] Dkt. 197 at 23–25. But that argument fails for at least the following reasons. First, Lohman waived this argument when he failed to raise it in a motion to dismiss and failed to raise it as an affirmative defense in the answers filed by Defendants The Law Offices of Jeffrey Lohman, P.C., Jeffrey Lohman, and/or Jeremy Branch, or in the initial response to NSL's motion to compel filed by Defendants The Law Offices of Jeffrey Lohman, P.C., and Jeffrey Lohman. Defendants The Law Offices of Jeffrey Lohman and Jeffrey Lohman first raised this argument in their objection to the Magistrate Judge's Order of January 17, 2020. Dkt. 136. Weeks later, the Court remanded Defendants The Law Offices of Jeffrey Lohman, P.C., and Jeffrey Lohman's objection to Magistrate Judge Buchanan's January 17, 2020, order so Magistrate Judge Buchanan could consider the new argument and Defendants The Law Offices of Jeffrey Lohman, P.C., and Jeffrey Lohman's explanation as to why it had not been raised initially. Dkt. at 4.

---

immunity and cannot form the basis of a subsequent federal civil RICO claim"); *CSX Transp., Inc. v. Peirce*, 974 F. Supp. 2d 927 (N.D. W.Va. 2013) (upholding RICO verdict against law firm for fraudulently manufacturing claims).

[4] Lohman also argues that "[a]ll of the activities alleged by NSL and relied upon by the magistrate judge are legitimate litigation activities that cannot serve as the basis for application of the crime-fraud exception." Objection at 22 (citing Dkt. 136 at 11–18). Contrary to Lohman's assertion, the activities in which Lohman and other Defendants engaged are not legitimate litigation activities. NSL has previously argued the point (Dkt. 153 at 13–27) and references and incorporates its prior arguments here. The most glaring example of this conclusion is evidence that the Lohman Defendants initiated lawsuits on behalf of clients who had not authorized suit. *See* Dkts. 118 at 10–11; 153-1, Exs. Q, R, S, T. Other evidence cited by Magistrate Judge Buchanan demonstrates that the Lohman Defendants misled clients by telling them every phone call from NSL was a violation worth money to the client. Dkt. 187 at 17 (citing Dkt. 153-1, Ex. N). Moreover, the debt-relief scam consisted of non-litigation conduct, such as inducing new clients to enter the program based on false statements communicated through the U.S. Mail and over the wire. *See* Dkt. 187 at 19–20. These activities are not protected litigation activities.

A magistrate judge's decision should be not be disturbed on the basis of arguments not presented to him [or her]." *ContraVest Inc. v. Mt. Hawley Ins. Co.*, 273 F. Supp. 3d 607, 620 (D.S.C. 2017). The Magistrates Act was enacted so that magistrate judges could assume some of the burden imposed on the district courts and to relieve courts of unnecessary work. *Id.* Allowing Lohman to assert belatedly a *Noerr-Pennington* Doctrine defense that was available to him at the outset of the case would not serve the purpose of the Magistrates Act. Instead, it would frustrate that purpose and result in needless complication of litigation. *Id.*

Although this Court may consider arguments raised for the first time in a party's objections to a magistrate judge's order, the Court need not do so and should not do so where, as here, the offending party has offered no excuse or justification for failing to raise the argument before the magistrate judge in the first instance. *Id. See also Addison v. CMH Hones, Inc.*, 47 F. Supp. 3d 404, 412 (D.S.C. 2014) ("The Magistrates Act was not intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court."); *Salem Homes of Fla., Inc. v. Res-care, Inc.*, No. 1:18CV290, 2019 WL 1300862, at *3 (M.D.N.C. Mar. 21, 2019) ("[E]ven under the clearly erroneous standard, 'a magistrate's decision should not be disturbed on the basis of arguments not presented to him [or her].'"); *Maxtena, Inc. v. Marks*, No. DKC 11-0945, 2014 WL 4384551, at *18 (D. Md. Sept. 2, 2014) (declining to consider arguments not raised before magistrate judge on discovery motion).

Lohman's argument regarding the *Noerr-Pennington* Doctrine fails for the additional reason that the doctrine is an affirmative defense that provides immunity from liability in some circumstances, but does not provide immunity from suit. *N.C. Elec. Membership Corp. v. Carolina Power & Light Co.*, 666 F.2d 50, 52 (4th Cir. 1981). The *Noerr-Pennington* Doctrine is not a bar to discovery of evidence. *Id.* at 53. *See also Associated Container Transp. Ltd. v. United States*,

8

705 F.2d 53, 59–60 (2d Cir. 1983) (finding that discovery requests were reasonably calculated to produce admissible evidence regardless of possible *Noerr-Pennington* immunity that may shield some of appellees' activity."); *P&B Marina, Ltd. v. Logrande*, 136 F.R.D. 50, 61 (E.D.N.Y. 1991) ("Although the *Noerr-Pennington* doctrine may ultimately guide the court to find Seaview immune from liability . . . for the claimed violations, the doctrine does not apply to discovery."). The *Noerr-Pennington* Doctrine does not apply in this case, and even if it did, the doctrine would not preclude NSL's right to discover documents and information relevant to the claims in dispute.

Lastly, the *Noerr-Pennington* Doctrine defense fails because the doctrine does not apply to sham litigation, such as the debt-relief scam alleged in the Second Amended Complaint. The *Noerr-Pennington* Doctrine gives First Amendment immunity to those who engage in petitioning activity. *IGEN Int'l, Inc. v. Roche Diagnostics GmbH*, 335 F.3d 303, 310 (4th Cir. 2003) (citing *United Mine Workers of Am. v. Pennington*, 381 U.S. 657, 670 (1965)). Petitioning activity includes the pursuit of litigation and applies to business torts and civil claims for malicious prosecution, tortious interference, and unfair competition. *Id.* at 310 (citing *Cheminor Drugs, Ltd. v. Ethyl Corp.*, 168 F.3d 119, 128–29 (3d Cir. 1999)). However, the doctrine does not apply to sham litigation—*i.e.*, that is, it does not apply in cases where the underlying petitioning activity is used as a means for achieving illegal ends. *Waugh Chapel South, LLC v. United Food & Commercial Workers Union Local 27*, 728 F.3d 354, 356 (4th Cir. 2013) (citing *Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 515 (1972)). NSL has proffered unrebutted evidence that Lohman was involved in a scheme to operate a fraudulent debt-relief program that spawned sham litigation. Accordingly, Lohman cannot avail himself of protection under *Noerr-Pennington* Doctrine.

Moreover, as Magistrate Judge Buchanan determined, the Scheme involves activity well

beyond the litigation activity upon which Lohman would have the Court direct its entire focus. *See* Dkt. 187 at 19–20. The various debt counseling companies implicated in the Scheme are and were not engaged in petitioning activity of any sort. As alleged in the Second Amended Complaint, the companies recruited borrowers into a fraudulent debt relief scheme. They did so through fraudulent mailings and telephone calls. Regardless of whether the Scheme later relied on sham lawsuits at a subsequent stage of the fraud, there is no petitioning activity involved in that conduct. Because the Defendants' overarching fraudulent Scheme involved far more than just litigation activity, the *Noerr-Pennington* Doctrine is inapplicable to Lohman and certainly is insufficient to defeat discovery.

Finally, Lohman raises another new argument: that NSL has not shown that *all* of Defendant The Law Offices of Jeffrey Lohman, P.C.'s clients knew of or participated in the fraudulent scheme. *See* Objection at 26–27. Magistrate Judge Buchanan rightly held that the attorney-client privilege must fall before NSL's *prima facie* evidence of a fraudulent scheme. In doing so, she correctly observed that there are relatively few cases in this area, but that the Fourth Circuit has held that the work product doctrine falls away in the face of an attorney's fraud. *In re Grand Jury Proceedings #5,* 401 F.3d at 251. Lohman cites to this case too, but ignores its holding. Objection at 26–27. Instead, his entire argument relies upon a First Circuit criticism of a Third Circuit case in a different context. *Id*. at 27. NSL submits that this Court got it right the first time and applied the law as would the Fourth Circuit following its own *In re Grand Jury Proceedings #5* precedent.

In what was likely a "belt and suspenders" approach, Magistrate Judge Buchanan also noted in response to Lohman's argument that the crime/fraud exception applies only to the client's misconduct that at least some of the clients involved appears to have known of any been involved

in the Scheme. Dkt. 187 at 12–14. Although NSL continues to believe that many clients were duped into the Scheme, the evidence that they were knowing participants would be in the very documents that Lohman now seeks to protect. From the documents produced by Lohman pursuant to waivers, this conclusion was certainly borne out. *See* Dkts. 94-2, Ex. U; 153-1, Ex. B. In short, Lohman effectively concedes that there was a fraudulent scheme, but argues that his role in it did not involve any individual wrongdoing, and argue that even if the Lohman Defendants were crooked, NSL should be precluded from learning if the clients of Defendant The Law Offices of Jeffrey Lohman, P.C., were in on the scam. That is a remarkable argument and it is not the law. NSL has met the standard for the application of the crime/fraud exception and Magistrate Judge Buchanan's order was correct.

**II.     Magistrate Judge Buchanan's Imposition of Sanctions Upon Lohman was not Clearly Erroneous.**

    **A.     Regardless of the Standard of Review this Court Applied, Lohman was not Entitled to Raise New Arguments.**

Lohman argues he was entitled to a *de novo* standard of review for his original Rule 72(a) objection before this Court and that, consequently, he was entitled to raise new legal arguments and should not have been sanctioned for doing so. Objection at 1–2. Whether Lohman was entitled to a *de novo* review, however, does not entitle him to multiply litigation by failing to raise arguments that were available to him below. Further, as to whether Lohman "needlessly cause[d] litigation costs" (Dkt. 187 at 22), this Court did not review Lohman's newly asserted arguments because those arguments had not been raised below despite multiple opportunities:

> 'A magistrate's decision should not be disturbed on the basis of arguments not present to him [or her].' *ContraVest Inc. v. Mt. Hawley Ins. Co.*, 273 F. Supp. 3d 607, 620 (D.S.C. 2017). 'The purpose of the Magistrates Act is to allow magistrates to assume some of the burden imposed on the district courts and to relieve courts of unnecessary work.' *Id.* 'Allowing parties to raise new issues or arguments at any point in the life of a case would frustrate this purpose and result in needless

> complication of litigation.' *Id.* 'Instead, parties should fully plead their claims, and fully advance their arguments, at all stages of litigation, unless they are prepared to waive them.' *Id.* 'Thus, the court is not obligated to consider new arguments raised by parties for the first time in objections to the magistrate's [order].' *Id.* 'While the court has the power to address such arguments, that power lies within the court's sound discretion.' *Id.*; *see also Smith v. Saul*, 2020 WL 430779, at *1 n.1 (E.D. Va. Jan. 28, 2020). Courts throughout the Fourth Circuit have frequently declined to exercise that discretion, particularly where, as here, the offending party has provided no justification or excuse for their failure to make the new arguments before the magistrate judge.
>
> Nevertheless, some courts have held that 'a district court must consider objections to [a] magistrate judge's ruling, even if the objections are new arguments on an issue.' *Zen 42 LLC v. Washington & Lee Univ.*, 2018 WL 4625627, at *6 (W.D. Va. Sept. 26, 2018); *see also Deakins v. Peak*, 957 F. Supp. 2d 703, 735 (S.D.W. Va. 2013) (collecting cases). In light of these potentially conflicting decisions, it seems prudent to have the magistrate judge address the Lohman defendants' new arguments in the first instance. *See, e.g.*, *U.S. ex rel. Bunk v. Birkhart Globistics GmbH*, 2010 WL 2483714, at *4 (E.D. Va. June 17, 2010) (remanding the action to the magistrate judge for further proceedings when the record was insufficient to review the arguments raised in the objections); *Carl v. BernardJCarl.com*, 2008 WL 5262766, at *1 (E.D. Va. Dec. 16, 2008) (remanding the action to the magistrate judge for further proceedings when the district court wanted specific arguments addressed).

Dkt. 154 at 3–4 (footnote omitted).

### A. Magistrate Judge Buchanan Imposed Sanctions on Lohman Pursuant to NSL's Request, and not *Sua Sponte*.

Lohman goes to great lengths to argue that Magistrate Judge Buchanan's imposition of Rule 11 sanctions were contrary to law because she imposed those sanctions *sua sponte*. Objection at 9–14. In so doing, Lohman asserts a number of hyper-technical arguments to try to escape responsibility for not raising arguments in a timely manner and delaying proceedings. Further, Lohman misrepresents what really occurred in the proceedings below.

The Court did not issue a sanctions order *sua sponte* or without notice. This Court's order directed Magistrate Judge Buchanan to consider the propriety of sanctions (Dkt. 154 at 4), putting Lohman on notice that sanctions might ensue as a result of their needless multiplication of the

litigation. NSL also included a request for sanctions in its supplemental brief before Magistrate Judge Buchanan. Specifically, NSL requested the following:

> Lohman's belated assertion of purely legal arguments despite having had months to raise them has delayed the proceedings and delayed NSL's ability to receive documents it should have received in October 2019. Depositions have been delayed for months while this issue has been litigated. Instead of being able to move forward with discovery and with the merits of the case, NSL's counsel has had to expend over forty hours in efforts to respond to Lohman's irrelevant and waived arguments set forth in his Objection before first the District Court and now this Court. As such, sanctions are warranted.

Dkt. 165 at 8 (footnotes omitted).

Lohman comprehensively briefed why they should not be sanctioned, demonstrating that he was on notice concerning the prospect of sanctions. As pointed out in his Objection, Lohman explained in his supplemental brief that the new legal arguments were not raised initially because another firm was handling discovery issues and that his Rule 72(a) objection was his first opportunity to raise new legal arguments. Dkt. 166, 2–5, 11–12.[5] Consequently, Lohman was by no means surprised by Magistrate Judge Buchanan's imposition of sanctions, and no further opportunity to argue his case was required.

Finally, as to Lohman's argument that Rule 11 does not grant a court inherent power to sanction (Dkt. 197 at 10–15), Lohman is incorrect. As Magistrate Judge Buchanan points out in her March 11, 2020, order (Dkt. 187 at 22), Rule 11 allows a court, on its own initiative, to "order an attorney, law firm, or party to show cause" why their conduct has not violated the Rule. *Id.* (quoting Fed. R. Civ. P. 11(c)(3)). This Court did just that when it remanded the matter to Magistrate Judge Buchanan to "consider whether monetary sanctions should be imposed on the

---

[5] Notably, this was due to the Lohman's choice. Lohman's new counsel Mr. Grell and Mr. Urban entered their appearances on November 21, 2019. Dkt. 72–74. NSL did not file its motion to compel until December 13, 2019. Dkt. 90. Lohman had every opportunity to raise any objection they desired to raise and engaged in multiple rounds of briefing.

13

Lohman defendants and/or their counsel for causing unnecessary litigation costs." Dkt. 154 at 4. Magistrate Judge Buchanan, in turn, further ordered the parties to submit supplemental briefing on this issue. Dkt. 156. As such, both Magistrate Judge Buchanan and this Court exercised appropriate power under Rule 11 to seek and impose sanctions on Lohman and his counsel.

> **B.    Regardless of the Correct Standard of Review, Lohman Failed to Raise Arguments Below.**

Lohman also argues that he was entitled to raise new arguments because, in his view, a "contrary to law" standard would require *de novo* review. Objection at 19–20. In doing so, he attempts to mix apples and oranges. Lohman raises two arguments: (1) that NSL has not made the *prima facie* case necessary to warrant application of the crime/fraud exception, *id.* at 22–23, which questions the evidence submitted and is governed by a clearly erroneous standard; and (2) that certain legal arguments precluded relief, *id.* at 19–20, which raises legal questions and is governed by a contrary to law standard. While certain of Lohman's arguments might be subject to a contrary to law standard, Magistrate Judge Buchanan's factual findings that NSL had made a *prima facie* case are very much subject to a clearly erroneous standard of review and not a *de novo* determination.

Here, the parties still are seeking to resolve a discovery issue in April, when it should have been resolved in December. Rather than provide an explanation, Lohman has attempted to blame other counsel. Consequently, Lohman continues to needlessly increase costs and delay proceedings in this case.

## CONCLUSION

For the reasons set forth above, NSL requests the Court affirm the March 11, 2020, order of Magistrate Judge Buchanan and enter an order compelling the production of the documents

withheld by the Lohman on the basis of the attorney-client privilege, or, alternatively, an *in camera* review of those documents as a precursor to possible production

DATED: April 8, 2020                    Respectfully submitted,

<div style="margin-left: 40%;">

/s/ Jeffrey R. Hamlin
Jeffrey R. Hamlin (Va. Bar No. 46932)
George R. Calhoun V (*pro hac vice*)
Whitney A. Fore (Va. Bar No. 87526)
IFRAH PLLC
1717 Pennsylvania Avenue NW
Suite 650
Washington, DC 20006-2004
(202) 524-4140 – Tel.
(202) 524-4141 – Fax
jhamlin@ifrahlaw.com
george@ifrahlaw.com
wfore@ifrahlaw.com
*Counsel for Plaintiff Navient Solutions, LLC*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2020, I will electronically file the Plaintiff Navient Solutions, LLC's Response To Defendants The Law Offices of Jeffrey Lohman, P.C., Jeffrey Lohman, and Jeremy Branch's Objection To The Magistrate Judge's Order Of March 11, 2020, using the Court's CM/ECF system, which will send a notification of such filing (NEF) to the following counsel of record for all parties who have appeared in this action:[6]

Thomas F. Urban, II
Fletcher, Heald & Hildreth, PLC
1300 N. 17th Street, Suite 1100
Arlington, VA 22209
(703) 812-0462
urban@fhhlaw.com
*Counsel for Defendants Jeffrey Lohman, The Law Offices of Jeffrey Lohman, and Jeremy Branch*

Jeffrey E. Grell
Grell Feist PLC
825 Nicollet Mall, Suite 625
Minneapolis, MN 55402
(612) 353-5530
jgrell@grellfeist.com
*Counsel for Defendants Jeffrey Lohman, The Law Offices of Jeffrey Lohman, and Jeremy Branch*

Nicholas Gehrig
Redmon Peyton & Braswell LLP
510 King Street, Suite 301
Alexandria, VA 22314
(703) 684-2000
ngehrig@rpb-law.com
*Counsel for Defendants Alyson Dykes and Ibrahim Muhtaseb*

Mikhael D. Charnoff
Perry Charnoff PLLC
1010 N. Glebe Road, Suite 310
Arlington, VA 22201
(703) 291-6650
mike@perrycharnoff.com
*Counsel for Defendants GST Factoring, Inc., Gregory Trimarche, and Rick Graff*

---

[6] A courtesy copy will be delivered to chambers within twenty-four hours in accordance with the Alexandria Division's chambers-copy rules.

Bernard Joseph DiMuro
Miles Jarrad Wright
DiMuroGinsberg PC
1101 King Street, Suite 610
Alexandria, VA 22314-2956
(713) 684-4333
bdimuro@dimuro.com
mjwright@dimuro.com
*Counsel for Defendants Bill Carlson, Manny Kashto, and RJ Marshal*

Robert Lee Vaughn , Jr.
Omyx Law, PLC
8000 Towers Crescent Drive, Suite 1300
Vienna, VA 22182
(703) 689-2100
rvaughn@oconnorandvaughn.com
*Counsel for Defendant Wes Sabri*

                                              /s/ Jeffrey R. Hamlin