UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| NAVIENT SOLUTIONS, LLC<br><br>    Plaintiff,<br><br>v.<br><br>DAVID MIZE, *et al.*,<br><br>    Defendants. | CIVIL ACTION No.: 1:19-cv-00461 |

### NOTICE OF RULE 30(B)(6) DEPOSITION

TO: Jeffrey R. Hamlin, Esq.
   George R. Calhoun, Esq.
   IFRAH PLLC
   1717 Pennsylvania Avenue NW
   Washington, DC 20006

   **PLEASE TAKE NOTICE**, that pursuant to Federal Rule of Civil Procedure 30(B)(6), Defendants The Law Offices of Jeffrey Lohman, P.C., Jeffrey Lohman, Jeremy Branch, Alyson Dykes, and Ibrahim Muhtaseb will take the deposition upon oral examination of Navient Solutions, LLC ("NSL"), through the representative(s) designated to testify on NSL's behalf regarding all information known or reasonably available to NSL with respect to the topics described in Schedule A. In addition, the deponent(s) shall bring to the deposition the documents/things identified in Schedule B.

   **PLEASE TAKE FURTHER NOTICE**, The oral examination(s) will be held at 10:00 am on December 9, 2019, at 11710 Plaza America Drive, 2nd Floor, Reston, VA 20190, or at such other time and location as agreed upon by the parties, and shall be taken before a duly certified court reporter and notary public or other person authorized by law to administer oaths. The deposition(s) will be recorded by stenographic means. You are invited to attend and cross-examine. To the extent that the depositions are not concluded on this date and time, the depositions will continue on mutually agreeable times and dates.

Dated: November 19, 2019

                /s/ Michelle M. Arbitrio
                _____
                Michelle M. Arbitrio
                Wood, Smith, Henning & Berman LLP
                685 3rd Avenue, 18th Floor
                New York, NY 10017
                (212) 999-7100
                *Attorneys for Lohman Defendants*

## DEFINITIONS

A. The term "person" includes without limitation any natural person, firm, association, partnership, corporation, o any other form of legal entity.

B. The terms "You" and "Your" mean Plaintiff Navient Solutions, LLC, including each of its current and former officers, managers, agents, employees, attorneys, consultants, investigators, accountants, representatives and all other persons acting on its behalf. These terms shall also mean Plaintiff's student borrowers, customers, and debtors referenced in the lawsuit or otherwise implicated by the lawsuit.

C. The terms "Defendants" or "The Lohman Defendants" include The Law Offices of Jeffrey Lohman, P.C., Jeffrey Lohman, Jeremy Branch, Alyson Dykes, and Ibrahim Muhtaseb.

D. The term "communication" or "communications" means any transmission of information from one person to another, including without limitation by personal meeting, telephone, letter, telegraph, e-mail, electronic bulletin boards, electronic chat rooms, and other similar forms of electronic correspondences, teleconferences, facsimile, or telex.

E. The term "document" or "documents" shall, consistent with Rule 34(a) of the Federal Rules of Civil Procedure, mean all physical or "hard copy" documents, including, but not limited to, writings, drawings, graphs, charts, photographs, letters, files, memoranda, calendars, and reports.

F. The term "electronically stored information" or "ESI" shall mean native files (including all embedded files and metadata) of electronic data stored in any medium, including but not limited to, electronic mail, voicemail, word processing documents and spreadsheets, audio and video recordings, and any other electronically stored files regardless of the storage medium in which it resides, including but not limited to computer hard drives, removable storage media, PDAs, networked drives and tapes and all other recovery and archival systems. To the extent that you possess data in non-standard formats, you shall translate such information into a reasonably usable format and produce both the source non-translated and the translated version.

G. The term "relating to" or "relate to" means constituting, comprising, pertaining to, referring to, recording, evidencing, containing, setting forth, reflecting, showing, disclosing, describing, explaining, summarizing, supporting, contradicting, refuting, or concerning, whether directly or indirectly.

H. The term "lawsuit" means the above-captioned action.

## INSTRUCTIONS

A. Unless otherwise specified, the time period covered by each document request is from January 1, 2015, to the present.

B. Each request contained herein extends to all documents in your possession, custody or control.

C. These requests specifically require the production of all responsive documents, including all responsive information that is stored electronically regardless of the data storage medium or system on which the electronic data resides. These requests thus should be understood to encompass, and the responses should include, electronically stored information.

2

D. All electronically stored information that does not exist in standard file format shall be translated by you into a reasonably usable format. For example, legacy data that can only be read by using obsolete hardware systems and software shall be translated into contemporary formats.

E. To the extent that you contend that you need not provide discovery of certain ESI on the ground that the information is not readily accessible, you shall identify with particularity: (1) the information that is not reasonably accessible; (2) the reasons why that information is not reasonably accessible, and (3) the precise burden and cost associated with production of the information.

F. You must identify by category or type, any sources containing potentially responsive ESI that you are not searching. This identification should provide enough detail to enable Defendants to evaluate the burdens and costs of providing the discovery and the likelihood of finding responsive information on the identified sources.

G. If you claim for any reason that certain electronic data sources need not be searched or that the data from certain sources need not be produced, you shall make reasonable data samples available to Defendants' counsel and provide access to the date sources for testing and analysis at a time and in a manner that is convenient for the parties.

H. The identification obligations contained in these instructions do not relieve you of any common law or statutory duty to preserve evidence in this lawsuit. You should preserve all relevant and potentially relevant information regardless of the source of information.

I. You shall take measures to ensure that any processes by which potentially relevant information could be automatically deleted or overwritten shall be suspended until such time as the parties have come to agreements regarding the treatment of such automatic computer processes.

J. You must not remove or degrade the ability of ESI to be searched and must provide native text-searchable copies of documents in the event that certain documents exist in both searchable and non-searchable formats.

K. If documents exist in both electronic and non-electronic form or if multiple copies of the same document exist in the same form, you shall produce all copies and may not selectively choose which format or version will be produced.

L. If documents exist in both electronic and non-electronic form or if multiple copies of the same document exist in the same form, you shall produce all copies and may not selectively choose which format or version will be produced.

M. To the extent that you contend that potentially relevant documents might reside on dynamic databases or other non-static computer systems, you shall identify all such databases or systems with specificity and identify the types of potentially relevant documents that might reside on such databases.

N. If you assert any privilege in responding to any request, describe in detail in each instance the type of privilege asserted, the basis for the assertion, all facts relied upon in support of the claim of privilege or related thereto, and identify, to the fullest extent short of waiver, all information as to which you claim a privilege.

3

O. If privileged or protected information stored in electronic data is inadvertently produced, you may by timely notice assert the privilege or protection and you may obtain return of the materials without waiver. For this reason, you may not avoid or delay production obligations based on blanket, non-specific assertions of privilege or other protection.

P. If, after making your initial production and inspection, you obtain or become aware of any further documents or ESI responsive to these requests, you are required to produce such additional documents to Defendants' counsel in this lawsuit pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

Q. In construing any request, whenever appropriate, "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request any information which might otherwise be construed to be outside its scope; and "all" shall mean "any and all," unless the context requires otherwise.

R. In construing any request, the singular form of a word shall be interpreted as plural and plural as singular as necessary to bring within the scope of the request any information or documents which might otherwise be construed to be outside its scope.

S. Each request shall be construed independently and not with reference to any other request herein or purposes of limitation, unless a request so specifies.

## SCHEDULE A

1. Knowledge of all communications – whether oral or written – sent to NSL in an attempt to manufacture TCPA claims.

2. Knowledge of all written or otherwise recorded statements in connection with this matter.

3. Knowledge of all NSL's procedures, practices, rules and regulations relating to TCPA compliance.

4. Knowledge of all NSL's communications – whether or written - relating to discovery of the alleged scheme as alleged in the Amended Complaint.

5. Knowledge of all NSL's policies, practices, rules or procedures relating to settling TCPA cases.

6. Knowledge and identification of all NSL's documents relating to servicing student loan agreements from January 2015 to present.

7. Knowledge of and identification of all documents which contain or purport to contain NSL's ownership interest in the student loan agreements serviced by NSL from January 2015 to present.

8. Knowledge and identification of all documents which contain or purport to contain trustee, security and/or beneficial interests in student loan agreements transferred to NSL from Sallie Mae.

9. Knowledge and identification of all documents relating to instructions, guidelines, scripts, procedures, policies, or rules, used in TCPA cases.

4

10. Knowledge and identification of all documents relating to instructions, guidelines, scripts, procedures, policies, or rules, relating to telephone solicitations in connection with TCPA cases from January 2015 to present.

11. Knowledge and identification of all documents and communications relating to the alleged misrepresentations and fraudulent conduct by The Lohman Defendants from January 2015 to present.

12. Knowledge and identification of the step-by-step process and methods used by NSL to transit notices or communications (whether oral or written, internal or external) to the debtors referenced in the Amended Complaint regarding stopping or making loan payments from January 2015 to present.

13. Knowledge and identification of NSL's servicing platform used to record an effective revocation.

14. Knowledge and identification of NSL's policies, practices, rules and procedures for contacting debtors after an effective revocation from January 2015 to present.

15. Knowledge, identification and understanding of the legal issues surrounding the Automatic Telephone Dialing System and the TCPA from January 2015 to present.

16. Knowledge and identification of all documents relating to the belief, understanding and conclusions that federal lawsuits and arbitration proceedings brought under the TCPA from January 2015 to present were manufactured. This includes knowledge and identification of the legal conclusions forming this belief or understanding.

17. Knowledge of an identification of all documents and communications that misled NSL into believing student borrowers were represented by legal counsel from January 2015 to present.

18. Knowledge of an identification of all documents relating to trusts for the servicing and ownership of student loan agreements.

19. Knowledge and identification of all documents and communications – whether oral or written – concerning the debtors TCPA cases as referenced as being a victim of the Scheme in the Amended Complaint.

20. Knowledge and identification of all purported fraudulent documents and communications NSL relied upon to discharge or write-off student loans from January 2015 to present. This includes before and/or during the filing of federal lawsuits or arbitration proceedings.

21. Knowledge and identification of all documents, communications, policies, procedures, rules, and practices NSL relied upon to settle TCPA case from January 2015 to present.

22. Knowledge and identification of all documents, policies, procedures, rules, instructions, guidelines, scripts, handbooks, and methods NSL utilizes to determine manufactured TCPA claims from January 2015 to present.

23. Knowledge and identification of all bookkeeping and accounting practices between January 2015 and the present, including but not limited to authority to settle TCPA cases, write off student loan agreements and make payments to student borrowers for alleged TCPA violations.

24. Knowledge and identification of every false and misleading statement that NSL relied upon in connection with TCPA matters between January 2015 to present.

25. Knowledge and identification of any other document, communication or thing related to this lawsuit.

## SCHEDULE B

**NOTE A**: in the event that any documents or things requested herein are withheld under a claim of privilege, you should provide sufficient information for this office to determine whether your claim is valid and made in good faith. In this regard, you should provide all information that the Court would need to rule upon your claim, which includes the following information with respect to all such information, documents or things:

(a) The type of document or thing, its general subject matter and the place and approximate date it was prepared or created;

(b) The name and title of each person who prepared or created the document or thing and the name and title of each person who has received or examined the document or thing or a copy thereof;

(c) A statement of the circumstances which bear on whether or not the claim of privilege is appropriate and whether the privilege that is claimed should extend to all or just to part of the document or thing;

(d) The request numbers of each specification to which the document or thing otherwise would be responsive.

(e) The number of pages of the document, if applicable.

## DOCUMENTS TO BE PRODUCED FOR INSPECTION AND COPYING

1. All documents and ESI between Plaintiff and Defendants.

2. All documents and ESI discussing, referring to, or relating to any communications – whether oral or written – including but not limited to telephone conversations, written notices, letters, etc., between Plaintiff and Defendants.

3. All documents and ESI discussing, referring to, or relating to any communications – whether oral or written – including but not limited to telephone conversations, written notices, letters, etc., between Plaintiff and debtors.

4. All documents and ESI discussing, referring to, or relating to any communications – whether oral or written – including but not limited to telephone conversations, written notices, letters, etc., between Plaintiff's debtors and Defendants.

5. All documents and ESI constituting, discussing, referring to, or relating to Plaintiff's servicing platforms.

6. All documents and ESI constituting, discussing, referring to, or relating to Plaintiff's telephone revocation methods, procedures, policies, practices, rules, guidelines, scripts, and instructions.

7. All documents and ESI constituting, discussing, referring to, or relating to Plaintiff's Telephone Consumer Protection Act compliance methods, procedures, policies, practices, rules, guidelines, scripts, and instructions.

8. All documents and ESI constituting, discussing, referring to, or relating to Plaintiff's auto-dialer methods, procedures, policies, practices, rules, guidelines, scripts, and instructions.

9. All documents and ESI constituting, discussing, referring to, or relating to Plaintiff's manual dialer methods, procedures, policies, practices, rules, guidelines, scripts, and instructions.

10. All documents and ESI constituting, discussing, referring to, or relating to the transfer of funds to NSL's outside counsel through Thomson Reuters Legal Tracker.

11. All documents and ESI constituting, discussing, referring to, or relating to student loan agreements serviced by NSL.

12. All documents and ESI constituting, discussing, referring to, or relating to ownership interests in the student loan agreements serviced by NSL.

13. All documents and ESI constituting, discussing, referring to, or relating to settlements of Telephone Consumer Protection Act matters commenced by the Defendants.

14. All documents and ESI constituting, discussing, referring to, or relating to alleged fraudulent communications sent by the Defendants to NSL.

15. All documents and ESI relating to the process by which NSL manages debt collection cases.

16. All documents and ESI relating to the responsivities and duties held by NSL with respect to settling Telephone Consumer Protection Act cases.

17. All documents and ESI constituting, discussing, referring to, or relating to any scripts, instructions, manuals, or guidance provided or maintained by NSL for the purpose of collecting debts for student loans serviced by NSL.

18. All documents and ESI constituting, discussing, referring to, or relating to any scripts instructions, manuals, or guidance provided or maintained by NSL for the purpose of responding to Telephone Consumer Protection Act Cases.

19. All documents and ESI constituting, discussing, referring to, or relating to any scripts, instructions, manuals, or guidance provided or maintained by NSL for the purpose of tracking calls and/or notices for student loans serviced by NSL subject to Telephone Consumer Protection Act cases.

20. All documents and ESI constituting, discussing, referring to, or relating to any scripts instructions, manuals, or guidance for NSL procedures utilized by NSL to avoid violations of the Telephone Consumer Protection Act.

21. All documents and ESI sent to Defendants on behalf or in relation to NSL defending against student borrowers Telephone Consumer Protection Act cases – whether in federal court or arbitrations.

22. All documents and ESI sent to debtors, customers, or borrowers on behalf of or in relation to NSL defending against the Defendants Telephone Consumer Protection Act cases – whether in federal court or arbitrations.

23. All documents and ESI constituting, discussing, referring to, or relating to initiating any default and/or delinquency notices.

24. All documents and ESI constituting, discussing, referring to, or relating to any instructions, manuals, guidelines, procedures, practices, policies or rules utilized by NSL for sending notices – whether oral or written, internal or external, to student borrowers alleged to have defaulted on student loan agreements.

25. All documents and ESI relating to NSL procedure for identifying, selecting, and determining potential defaults and/or delinquencies related to student loan agreements.

26. All documents and ESI constituting, discussing, referring to, or relating to telephone calls.

## CERTIFICATE OF SERVICE

I, Michelle M. Arbitrio, declare under penalty of perjury that on November 19, 2019, I served the foregoing **NOTICE OF RULE 30(B)(6) DEPOSITION** by email in accordance with the Parties Rule 26(f) Joint Proposed Discovery Plan filed on August 27, 2019, upon:

By Email upon:

Jeffrey R. Hamlin
George R. Calhoun
Whitney A. Fore
1717 Pennsylvania Avenue NW
Suite 650
Washington, DC 20006
(202) 600-2076
Fax: (509) 749-7057
jahmlin@ifrahlaw.com
george@ifrahlaw.com
wfore@ifrahlaw.com

*Counsel for Plaintiff Navient Solutions, LLC*

/s/ Michelle M. Arbitrio
_____
Michelle M. Arbitrio
Wood Smith Henning & Berman LLP
685 3rd Avenue, 18th Floor
New York, NY 10017
(212) 999-7100
*Attorneys for The Lohman Defendants*

9