UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| NAVIENT SOLUTIONS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:19-cv-461 (LMB/TCB) |
| THE LAW OFFICES OF JEFFREY LOHMAN, P.C., *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Defendants Alyson Dykes and Ibrahim Muhtaseb's (collectively, "Associate Defendants") motion to compel (Dkt. 263). For the reasons stated below, the motion is denied.

I. RELEVANT BACKGROUND

Plaintiff Navient Solutions, LLC ("NSL" or "Plaintiff") initiated this action on April 15, 2019. (*See* Dkt. 1.) Discovery commenced on August 23, 2019 and was initially set to close on January 10, 2020. (*See* Dkt. 39).

On September 26, 2019, Defendants The Law Offices of Jeffrey Lohman, P.C. ("LOJL") and Jeffrey Lohman each served interrogatories on NSL, and on October 4, 2019, Dykes and Muhtaseb each served interrogatories on NSL. Plaintiff served its objections and responses to LOJL and Lohman's interrogatories on October 28, 2019, and then served its objections and responses to Dykes and Muhtaseb's interrogatories on November 4, 2019. (Dkts. 264-1, 264-2, 264-3, 264-4.) In other words, these four defendants each served their own first sets of interrogatories on Plaintiff, and Plaintiff responded to them all separately in the Fall of 2019.

1

Several weeks after NSL's responses, on November 18, 2019, then-counsel for LOJL, Lohman, Dykes, and Muhtaseb issued a discovery letter to NSL's counsel. (Dkt. 251-2.) Of relevance here, prior counsel raised issues regarding NSL's preliminary statement and objections as well as NSL's responses to some of the interrogatories. (*See id.*) According to NSL in previous briefing before the Court, NSL thereafter made two substantial document productions in late November, exchanged emails with opposing counsel, and held two telephonic meet-and-confer conferences in late November and early December. (*See* Dkt. 258 at 3.) Apparently, the "parties largely resolved the issues raised in the Lohman Defendants' November 18, 2019, letter without need for this Court's intervention." (*Id.*)

NSL then filed its Second Amended Complaint on December 13, 2019, naming additional defendants.[1] (Dkts. 97, 100.) In the following months, the Court extended discovery four times, as follows:

- Because Plaintiff named additional defendants in its Second Amended Complaint, and discovery was originally set to close in January of 2020, the Court (upon Plaintiff's motion) extended discovery until March 13, 2019 so that the newly added defendants could partake in discovery. (Dkt. 97.)

- On February 7, 2020, the Court extended discovery from March 13 until May 15, to allow some of the newly-added defendants (GST Factoring, Inc., Greg Trimarche, and Rick Graff) to more fully partake in discovery. (Dkt. 151.)

- On April 7, 2020, the Court again extended discovery for approximately one month, until June 19, 2020. (Dkt. 209.) In that order, the Court recognized the difficulties in conducting discovery during the COVID-19 pandemic. (*Id.* at 2 ("Considering the unusual circumstances surrounding COVID-19, the Court recognizes that it will likely take longer than usual for the Individual Defendants [Bill Carlson, Mansur Kashto, and RJ Marshall] to obtain and produce the documents Plaintiff seeks.").)

---

[1] The newly added defendants were: Scott Freda, Gregory Trimarche, Rick Graff, Herbert "Buddy" Sievers, GST Factoring, Inc., RJ Marshal, Manny Kashto, Bill Carlson, David Sklar, and Wes Sabri. (*Compare* Dkt. 1, *with* Dkt. 100.)

- On June 12, 2020, the Court again extended discovery until Monday, August 3.[2] (Dkt. 267.) In doing so, the Court explicitly stated: "In granting this motion, *the Court finds no basis for extending discovery from the Moving Defendants' long-winded complaints launched against Plaintiff in the pleadings before the Court*. Rather, the Court is extending discovery because the COVID-19 pandemic has undoubtedly disrupted the timely execution of discovery and postponed matters on this Court's docket." (*Id.* at 2 (emphasis added).)

In the latter order, the Court ordered that "there will be no further discovery extensions in this matter." (*Id.*)

After having NSL's discovery responses for approximately seven months, current counsel for LOJL, Lohman, and Branch sent a discovery letter to NSL on June 1, 2020 regarding NSL's responses to LOJL, Lohman, and Branch's September 2019 interrogatories. (Dkt. 251-8.) In that letter, counsel stated: "It is my understanding that the[] deficiencies [identified by prior counsel in November of 2019] were never adequately addressed by NSL." (*Id.* at 1.) Further, counsel raised issues regarding NSL's (1) prior "contention interrogatory" objections and (2) interrogatory responses referring to its production of documents. (*Id.* at 1-2.)

NSL responded to this letter three days later, on June 5, noting:

> [Y]our clients have had Navient's discovery responses since October 28, 2019. Your clients are only just now raising these issues late in the game in the midst of multiple depositions in a row when we have little time to give this issue attention. The timing raises serious questions as to the *bona fides* of your requests.

(Dkt. 258-1 at 118.) NSL's response letter further stated: "NSL has no objection to providing additional information in response to interrogatories as to which NSL originally raised 'contention' interrogatory defenses," and noted that they were "working on a more general supplement." (*Id.*) The letter also included substantial supplemental discovery responses to

---

[2] Specifically, Defendants LOJL, Lohman, Branch, Dykes, Muhtaseb, GST Factoring, Inc., Trimarche, Graff, Marshal, Kashto, and Sabri moved for an extension of the discovery deadline. (Dkt. 251.) Of relevance here, the Associate Defendants raised in those pleadings some of the complaints contained in the instant motion. Plaintiff opposed that motion. (Dkt. 258.)

various interrogatories. (*See id.* at 119-38.)

Then, on June 4, the Associate Defendants (represented by different counsel than LOJL, Lohman, and Branch) also sent a letter to NSL about its October/November 2019 interrogatory objections and responses to Dykes, Muhtaseb, *LOJL*, and *Lohman's* first sets of interrogatories— despite (1) the fact that the Associate Defendants' counsel does not represent LOJL or Lohman, and (2) the June 1 letter discussed above (also regarding NSL's responses to LOJL and Lohman's interrogatories). (Dkt. 251-9.)

After the Court extended discovery for the fourth and final time on June 12, the Associate Defendants filed the instant motion to compel (raising the issues in their June 4 letter) on the same day. The Associate Defendants move the Court to compel NSL to provide supplemental responses to the following discovery requests:

- NSL's Responses to Alyson Dykes's First Set of Interrogatories
    - (Interrogatory numbers 4, 15, 24-25, 29)
- NSL's Responses to Ibrahim Muhtaseb's First Set of Interrogatories
    - (Interrogatory numbers 5, 7-14)
- NSL's Responses to Jeffrey Lohman's First Set of Interrogatories
    - (Interrogatory numbers 6, 8, 13-14, 20, 21, 24, 26, 28, 29)
- NSL's Responses to LOJL's First Set of Interrogatories
    - (Interrogatory numbers 2, 4, 6-11, 24)

NSL states that it "did not respond to the Associate Defendants' June 4, 2020 discovery letter before the Associate Defendants filed their motion to compel, as time did not permit a comprehensive response." (Dkt. 276 at 3.) However, NSL voluntarily provided supplemental responses on June 17. (Dkt. 276-1.) NSL also filed an opposition on June 17 (Dkt. 276), and the Associate Defendants filed a timely reply on June 22 (Dkt. 277). Now that the parties have fully briefed this motion, the matter is ripe for disposition.

II. A<small>NALYSIS</small>

The Associate Defendants' motion is meritless for several reasons, which the Court will discuss in turn.

### A.     Lack of Standing

As a threshold matter, NSL is correct in noting that the Associate Defendants do not have standing to compel supplemental discovery responses on behalf of LOJL and Lohman. Federal Rule of Civil Procedure 37(a)(3)(B) explicitly states that the "*party seeking discovery* may move for an order compelling an answer." Fed. R. Civ. P. 37(a)(3)(B) (emphasis added). It is uncontroversial that a party cannot move to compel discovery for a different litigant, even if they are both on the same side of the litigation. *See, e.g.*, *Payne v. Exon Corp.*, 121 F.3d 503, 510 (9th Cir. 1997) ("Only the discovering party . . . may bring a motion to compel a response to specific interrogatories, requests for production, and the like." (internal quotation marks omitted)).

In their reply, the Associate Defendants argue in response that "[a]t the time the discovery was propounded, the Associate Defendants were represented by the same counsel that previously represented Lohman and LOJL." (Dkt. 277 at 6.) As such, the Associate Defendants argue that it is appropriate for NSL to provide supplemental responses to LOJL's and Lohman's interrogatories "to the extent they relate to conduct by the Associate Defendants." (*Id.* at 6-7.) But this argument ignores the law. Moreover, this argument ignores that LOJL, Lohman, Dykes, and Muhtaseb each served their own interrogatories. Even though this group of defendants was previously represented by the same counsel and their conduct was related, LOJL and Lohman are not "part[ies] seeking discovery" here, and the Associate Defendants cannot move to compel discovery on their behalf. As a result, going forward, the Court will only address the motion to compel as to Dykes and Muhtaseb's two sets of interrogatories and will not address the

remainder of the motion as to LOJL and Lohman's interrogatories.

### B. The Motion to Compel is Too Late

The Associate Defendants bring their motion to compel approximately six months too late. As outlined above, the Associate Defendants served the interrogatories at issue in October of 2019, and NSL served its objections and responses in early November. As a result, by the time the Associate Defendants filed this motion, they had received NSL's objections and responses approximately seven and a half months prior. Moreover, as outlined above, the Associate Defendants' prior counsel seemingly underwent a substantial and commendable meet-and-confer process with NSL during the Fall of 2019. (*See also* Dkt. 276 at 2 ("NSL's counsel and the Associate Defendants' then-counsel engaged in substantial meet and confer efforts to eliminate or resolve discovery differences.") Upon the Court's review of prior counsel's discovery letter, the parties already discussed NSL's preliminary statement and objections, and its objections and responses to the relevant interrogatories. (*See* Dkt. 251-2.) Apparently, parties largely resolved the issues raised in that November 18 letter without the Court's intervention.

If, after that meet-and-confer process, the Associate Defendants were still dissatisfied with NSL's responses and objections, they would have needed to file a motion to compel in the earlier months of 2020 by the latest.[3] Instead, the Associate Defendants filed this motion in mid-June. While the Court has extended discovery several times, the Court did so to (1) accommodate the *newly* added defendants to this action; and (2) compensate for the extraordinary difficulties in conducting discovery during the COVID-19 pandemic. The Court's orders have made this clear. (*See* Dkts. 209, 267.) Indeed, in the Court's June 12 order, as noted

---

[3] The Court understands that the Associate Defendants' current counsel entered their appearances in March of 2020. (*See* Dkts. 181-82, 194.) However, the Associate Defendants have been represented by counsel throughout this entire litigation, and a change in counsel is no excuse.

above, the Court explicitly declined to extend discovery based on various defendants'—including the Associate Defendants'—discovery complaints and stated that the Court is "extending discovery because the COVID-19 pandemic has undoubtedly disrupted the timely execution of discovery and postponed matters on this Court's docket." (Dkt. 267 at 2.) The Court did not extend discovery so that the Associate Defendants—who have been parties to this action since its inception in April of 2019—could procrastinate resolution of discovery disputes. The Associate Defendants slept on their discovery remedies, and the Court finds this fact alone sufficient to deny their motion.

### C. Plaintiff's Supplementation Is Sufficient and the Remaining Objections Are Justified and Proper

In any event, even if the Associate Defendants' had filed a timely motion to compel, the motion is still meritless for several reasons. It is first helpful to briefly summarize the interrogatories at issue in this motion. A summary of the interrogatories Dykes seeks supplementation for are summarized below. They request that NSL provide:

- "Any" documents used by NSL to describe, record, or establish NSL's methods and techniques for collecting debts (Interrogatory No. 4);

- All documents discussing the criteria and policies NSL used in deciding whether to settle TCPA matters (or other lawsuits), and how those policies have changed since 2015 to the present (Interrogatory No. 15);

- The number of telephone calls from NSL to debtor clients before and after they revoked their consent under the TCPA (Interrogatory Nos. 24-25);

- The process by which NSL's accounting department "participated in expending legal fees and costs, writing off debts, or advising NSL to settle TCPA cases" (Interrogatory No. 29).

(Dkt. 264-1.) Further, a summary of Muhtaseb's interrogatories are described below. He seeks from NSL:

- A description of "every factual and legal basis" for the contention that Defendants

7

"manufactured" TCPA claims (Interrogatory No. 5);

- A description of "every misrepresentation made via telephone conversation" where clients falsely represented that they wished to have communications with NSL cease (Interrogatory No. 7);

- Identification of "every false and fraudulent mailing disseminated by the Defendants to consumers and NSL by indicting the date it was sent, the person or entity it was sent to[,] and the content of the mailing" (Interrogatory No. 8);

- A description of "every factual and legal basis . . . that the Defendants engaged in a pattern of wire and mail fraud" (Interrogatory No. 9);

- Identification of "every demand letter [NSL] received from the Attorney Defendants" in the underlying TCPA litigations (Interrogatory No. 10);

- Identification of any student-debtor client of NSL that the Attorney Defendants did not represent, yet provided NSL with a demand letter (Interrogatory No. 11);

- Identification of every letter NSL received from the Attorney Defendants to negotiate debts, when in fact the Attorney Defendants had "no intention of negotiating debt" (Interrogatory No. 12);

- Identification of each client that the Attorney Defendants sent a letter to NSL "to negotiate debts for, but had no such intention of negotiating the debts" (Interrogatory No. 13);

- A description of every factual and legal basis for the contention that the Attorney Defendants engaged in witness tampering (Interrogatory No. 14)

(Dkt. 264-2.)

As noted above, NSL originally served its objections and responses to these interrogatories on November 4, 2019. Furthermore, NSL provided supplemental answers to these interrogatories on June 17 (the day NSL filed its objection to this motion) and attached the supplemental responses to its opposition. (*See* Dkt. 276-1 at 2-7.) The Court has reviewed Plaintiff's supplementation and finds that NSL has sufficiently provided additional information (including by directing the Associate Defendants to the proper materials in the document production) and responded appropriately.

The Associate Defendants effectively ignore NSL's supplementation in their reply and focus on the impropriety of NSL's objections. Most of the motion to compel constitutes blanket statements that Plaintiff's objections were improper, without stating why.[4] To the extent NSL's supplemental responses did not fully answer the relevant interrogatories, the Court finds that the requests are duplicative, overly broad and burdensome, or seek material already in the hands of the defendants (or at least more easily accessible by the defendants).

To demonstrate, the Court will examine a few illustrative interrogatories. Dykes's Interrogatory number 4 requests NSL to "[i]dentify and describe any instructions guidelines, scripts, procedures, or documents used to describe, record or establish NSL's methods and techniques to be used by employees or any authorized personnel, agent, representative or other on behalf of NSL in the collection of debts." (Dkt. 264-1 at 5.) NSL objected on the bases that the request (1) was overly broad, (2) was unduly burdensome, (3) sought information disproportional to the needs of the case with regards to materiality and relevance, and (4) sought information protected by the attorney-client privilege. (*Id.*) NSL also referred Dykes to NSL's TCPA policies for the relevant time period, which it produced. The Court agrees with NSL's objections. This interrogatory is incredibly broad and far exceeds the proper bounds of discovery in this matter. The request is not tailored to a relevant time period, nor is it relevant to the claims and defenses here. This matter is not an "underlying" TCPA case; rather, Plaintiff is bringing claims for racketeering against a group of businesses, law firms, and individuals that allegedly

---

[4] The Associate Defendants took issue with several aspects of NSL's objections, including (1) NSL's "preliminary statement and objections," and (2) the specific objections to various interrogatories. As to the "preliminary objections," while the Associate Defendants are correct in noting that this Court does not allow general objections, and that such objections should be avoided, the issue is moot here because NSL has not relied upon those general objections. (*See* Dkt. 276 at 4 ("NSL . . . is not withholding any documents based on its preliminary statement objections.") Further, NSL rescinded any initial objections based on "prematurity" of the request.

worked together to recruit clients and produce fraudulent lawsuits. Accordingly, NSL's debt-collection policies have no bearing on the claims and defenses here. Dykes's Interrogatory numbers 24 and 25 are improper for these same reasons.

Turning to Muhtaseb's interrogatories, NSL largely objected on the basis, among others, that the information sought was already in the hands of the defendants or more readily accessible to the defendants from their own case files. (*See* Response to Interrogatory No. 5 ("NSL further objects to this interrogatory as overbroad and unduly burdensome to the extent it seeks documents or information that are readily or more accessible to Muhtaseb from Muhtaseb's own files, from documents or information in Muhtaseb's possession, or from documents or information that Muhtaseb previously produced to NSL."); Response to Interrogatory No. 7 (same); Response to Interrogatory No. 8 ("NSL responds that the information requested is in the control of the Defendants."); Response to Interrogatory No. 9 (same); Response to Interrogatory No. 10 (same), Response to Interrogatory No. 11 (same); Response to Interrogatory No. 12 (same); Response to Interrogatory No. 13 (same); Response to Interrogatory No. 14 ("The burden of responding to such an interrogatory is substantially the same or less for Muhtaseb as for NSL.") Again, the Court agrees with these objections and responses. As NSL points out, Muhtaseb was one of the attorneys—as an employee of LOJL—that litigated some of the underlying TCPA cases. Not only are these requests incredibly broad, but they request information that defendants should already have in their own case files.

Accordingly, to the extent NSL's supplementation does not answer the relevant interrogatories, NSL's objections are valid and must be sustained.

III. ORDER

Accordingly, it is hereby **ORDERED** that the Associate Defendants' motion to compel (Dkt. 263) is **DENIED**.

ENTERED this 1st day of July, 2020.

                                                          /s/
                        THERESA CARROLL BUCHANAN
                        UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia