UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NAVIENT SOLUTIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> THE LAW OFFICES OF JEFFREY LOHMAN, et al., <br><br> Defendants. | Civil Action No. 1:19-cv-00461 |

**MOTION TO APPROVE**
**STIPULATIONS OF DISMISSAL WITH PREJUDICE**

Plaintiff Navient Solutions, LLC ("NSL"), by and through counsel, requests that this Court approve stipulations entered into between NSL and Defendants William "Bill" Carlson, Robert "RJ" Marshall, and Mansur "Manny" Kashto (collectively, the "Marketing Defendants"). In support of its Motion, NSL states as follows:

1. On December 13, 2019, NSL filed its Second Amended Complaint alleging that Carlson, Marshall, and Kashto engaged in a conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act ("RICO") through a pattern of mail fraud and wire fraud, along with other tortious acts.

2. On October 7, 2020, the parties in this matter participated in a settlement conference with Magistrate Judge Anderson. Following the settlement conference, some of the parties continued to engage in settlement discussions.

3. On October 30, 2020, NSL, Carlson, Marshall, and Kashto resolved their differences and agreed to enter written stipulations dismissing those parties from the case. As a result of this resolution, the Marketing Defendants will not be filing summary judgment briefs.

1

4. The original stipulations attached to this Motion are submitted for the Court's approval.

5. Defendants GST Factoring, Inc., Gregory Trimarche, and Rick Graff have not objected to the stipulations.

6. Defendants The Law Offices of Jeffrey Lohman, P.C., Jeffrey Lohman, and Branch indicated that they would only consent to the dismissal of Carlson, Kashto and Marshall if the Lohman Defendants were allowed to use some or all of those Marketing Defendants' page limits in their own summary judgment briefing. If NSL would not consent to a lengthier brief, the Lohman Defendants indicated that NSL would have to file a motion to dismiss the Marketing Defendants. *See* October 30, 2020 emails from Jeffrey Grell attached as Exhibit A.

7. The Lohman Defendant's demand is ill-placed and does not constitute a basis to maintain the Marketing Defendants in the case. NSL has no power to alter the Court's order setting the page limits for summary judgment briefing. The Court already has heard the parties with respect to summary judgment briefing and allotted thirty pages to each party or set of defendants. *See* Dkt. 313. The Lohman Defendants also have a separate fact statement and may "borrow" unused pages from other defendants, with their consent. One of the purposes of the settlement conference agreed to by the parties, however, was to see if the case could be streamlined. That was why the Court allowed time for the Settlement Conference prior to summary judgment briefing. As a result of that process, NSL's dispute with five defendants were resolved. One of the motivating factors for NSL to agree to the dismissal of the Marketing Defendants was streamlining the case and eliminating excess briefing. The Lohman Defendants have no entitlement to file a brief that exceeds the Court's ordered limits just because one group of defendants has settled.

8.  The Lohman Defendants assert no claim against the Marketing Defendants and the Lohman Defendants are not prejudiced by having to comply with the Court's order on briefing limits.

9.  The Lohman Defendants' actions in requiring NSL to file this motion were an unnecessary and vexatious multiplication of this litigation that is consistent with the Lohman Defendants' conduct of this case from the outset.

10. As NSL's claims against the Marketing Defendants have been resolved, entry of the stipulations of dismissal is appropriate.

11. WHEREFORE, NSL requests that this Court approve these stipulations and dismiss the Marketing Defendants as set forth therein.

Dated: November 2, 2020               Respectfully submitted,

/s/ Jeffrey R. Hamlin
Jeffrey R. Hamlin (Va. Bar No. 46932)
George R. Calhoun V (*pro hac vice*)
Whitney A. Fore (Va. Bar No. 87526)
IFRAH PLLC
1717 Pennsylvania Avenue NW Suite 650
Washington, DC 20006-2004
(202) 524-4140 – Tel.
(202) 524-4141 – Fax
jhamlin@ifrahlaw.com
george@ifrahlaw.com
wfore@ifrahlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2020, I will electronically file the foregoing using the Court's CM/ECF system, which will send a notification of such filing (NEF) to the following counsel of record for all parties who have appeared in this action:[1]

Thomas F. Urban, II
Fletcher, Heald & Hildreth, PLC
1300 N. 17th Street, Suite 1100
Arlington, VA 22209
(703) 812-0462
urban@fhhlaw.com
*Counsel for Defendants Jeffrey Lohman, The Law Offices of Jeffrey Lohman, and Jeremy Branch*

Jeffrey E. Grell
Grell Feist PLC
825 Nicollet Mall, Suite 625
Minneapolis, MN 55402
(612) 353-5530
jgrell@grellfeist.com
*Counsel for Defendants Jeffrey Lohman, The Law Offices of Jeffrey Lohman, and Jeremy Branch*

Mikhael D. Charnoff
Perry Charnoff PLLC
1010 N. Glebe Road, Suite 310
Arlington, VA 22201
(703) 291-6650
mike@perrycharnoff.com
*Counsel for Defendants GST Factoring, Inc., Gregory Trimarche, and Rick Graff*

Bernard Joseph DiMuro
Miles Jarrad Wright
DiMuroGinsberg PC
1101 King Street, Suite 610
Alexandria, VA 22314-2956
(713) 684-4333
bdimuro@dimuro.com
mjwright@dimuro.com
*Counsel for Defendants Manny Kashto, and RJ Marshal*

---

[1] A courtesy copy will be delivered to chambers within twenty-four hours in accordance with the Alexandria Division's chambers-copy rules.

4

Stefan Savic
Shipkevich
165 Broadway, Suite 2300
New York, NY 10006
(212) 252-3003
ssavic@shipkevich.com
*Counsel for Defendant Bill Carlson*

                                             /s/ Jeffrey R. Hamlin
                                             Jeffrey R. Hamlin