UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| NAVIENT SOLUTIONS, LLC,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>THE LAW OFFICES OF JEFFREY LOHMAN, ET AL.,<br><br>　　　　　Defendants. | Civil Action No. 1:19-cv-00461 |

### THE LOHMAN DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DAMAGES PURPORTEDLY SUSTAINED BY STUDENT LOAN BORROWERS

Defendants the Law Offices of Jeffrey Lohman, Jeffrey Lohman, and Jeremy Branch ("the Lohman Defendants") hereby submit this memorandum in support of their concurrently filed Motion in Limine to Exclude Evidence of Damages Purportedly Sustained by Student Loan Borrowers. In its summary judgment materials, and elsewhere, Plaintiff Navient Solutions, LLC ("NSL") represents that student loan borrowers paid $10,436,285 to the GST Defendants[1] and that these funds were distributed to other defendants. (*ECF 331* at 15.) Because the amounts paid by the student borrowers have nothing to do with NSL's damage claim in this case, any evidence of money paid by the student borrowers to the GST Defendants should be excluded from evidence at trial as being irrelevant, unduly prejudicial, and a waste of time. Fed. R. Evid. 402, 403.

---

[1] The GST Defendants are GST Factoring, Inc., Rick Graff, Herbert Sievers, and Gregory Trimarche.  GST Factoring, Inc., Rick Graff, and Gregory Trimarche join the motion in all respects.

1

**A. Legal Standard**

Although not explicitly authorized by the Federal Rules of Civil Procedure, a party may file a motion in limine seeking to exclude evidence prior to the commencement of trial. *See Luc v. United States*, 469 U.S. 38, 41 n.4 (1984) (recognizing that district courts have inherent authority to issue such rulings). Motions in limine can encompass "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Id.*

> In evaluating the admissibility of proffered evidence on a pretrial motion *in limine* the court must assess whether the evidence is relevant and, if so, whether it is admissible, pursuant to Federal Rules of Evidence 401 and 402." [Citation omitted.] A court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Unfair prejudice within its context means an undue tendency to suggest [making a] decision on an improper basis, commonly, though not necessarily, an emotional one." [Citation omitted.]

*United States v. Holland*, 41 F. Supp. 3d 82, 89 (D.D.C. 2014). The decision to grant or deny a motion in limine is within the district court's discretion. *United States v. Verges*, 2014 WL 559573 at *2 (E.D. Va. Feb. 12, 2014).

**B. NSL's Damage Claim is Limited to the Dollars It Paid to Resolve the TCPA Claims Filed by the Lohman Defendants. Evidence of Damages Allegedly Sustained by the Student Borrowers is Inadmissible.**

NSL represents that student loan borrowers paid $10,436,285 to the GST Defendants and that these funds were distributed to other defendants. (*ECF 331* at 15.) It is undisputed that the Lohman Defendants never shared any revenue with the GST Defendants. (*ECF 360-1* at ¶¶ 27(a), 50, 65.) NSL has also stipulated that it does not seek to recover any money paid by the student loan borrowers. (*ECF 325* at ¶ 443.) NSL seeks to recover as damages only the $4.8 million it purportedly paid to resolve the 83 TCPA claims brought by the Lohman Defendants. (*Id.*, *ECF*

*333* at ¶ 2, Ex. A.) Accordingly, evidence of money paid by the student loan borrowers to the GST Defendants is wholly irrelevant and should be excluded pursuant to Rule 402 of the Federal Rules of Evidence.

To the extent such evidence has nominal relevance, that nominal relevance is far outweighed by its unfairly prejudicial impact. As a student loan servicer with a well-known reputation for relentlessly harassing student borrowers, NSL may be the most unsympathetic plaintiff to ever file a lawsuit. To the extent NSL seeks to admit evidence of damages allegedly sustained by the student borrowers, NSL is attempting to confuse the jury and leave the impression that NSL's claims are an attempt to redress harm that was allegedly done to the student borrowers, who are far more sympathetic parties than NSL. Any impression that NSL is litigating this claim on behalf of student borrowers is false. NSL's claim only seeks to recover damages sustained by NSL.[2] (*ECF 325* at ¶ 443; *ECF 333*, Ex. A.) Any impression that NSL's claim is somehow brought on behalf of student borrowers is not only false but would also unfairly prejudice Defendants, would confuse the jury, would be a waste of time, and should be excluded pursuant to Rule 403 of the Federal Rules of Evidence.

---

[2] As a matter of law, NSL cannot recover for injuries directly sustained by the student borrowers. *See Holmes v. Securities Inv. Protection Corp.*, 503 U.S. 258, 268 (1992) (stating that pursuant to RICO's proximate cause standard, a plaintiff cannot recover for "misfortunes visited upon a third person by the defendant's acts" and that the "general tendency of the law, in regard to damages at least, is not to go beyond the first step"); *Slay's Restoration, LLC v. Wright Nat'l Flood Ins. Co.*, 884 F.3d 489, 494 (4th Cir. 2018) (same).

## **CONCLUSION**

For all the foregoing reasons, the Court should exclude any evidence of damages purportedly sustained by the student loan borrowers.

DATED: July 19, 2021          Respectfully submitted,

/s/ Thomas F. Urban II
Thomas F. Urban II, VSB No. 40540
FLETCHER, HEALD & HILDRETH, PLC
1300 North 17th Street, Suite 1100
Arlington, VA 22209
(703) 861-5235 FAX (703) 812-0486
Urban@fhhlaw.com


Jeffrey E. Grell (pro hac vice)
GRELL FEIST PLC
825 Nicollet Mall, Suite 625
Minneapolis, MN 55402
(612) 353-5530 -Tel.
jgrell@grellfeist.com

*Counsel for The Law Offices of Jeffrey Lohman, P.C., Jeffrey Lohman, and Jeremy Branch*

/s/ Mikhael D. Charnoff
Mikhael D. Charnoff, VSB No. 43929
PERRY CHARNOFF PLLC
1010 N. Glebe Road, Suite 310
Arlington, VA 22201
Tel: 703-291-6650
Fax: 703-563-6692
mike@perrycharnoff.com

*Counsel for GST Factoring, Inc., Gregory Trimarche, and Rick Graff*

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2021, I electronically filed the Lohman Defendants' Memorandum in Support of Their Motion in Limine to Exclude Evidence of Damages Purportedly Sustained by Student Loan Borrowers, which will send a notification of such filing (NEF) to the following counsel of record:

Jeffrey R. Hamlin
George R. Calhoun V
IFRAH PLLC
1717 Pennsylvania Avenue NW, Suite 650
Washington, DC 20006-2004
jhamlin@ifrahlaw.com
george@ifrahlaw.com

Lisa Marie Simonetti
GREENBERG TRAURIG, LLP
1840 Century Park East, Suite 1900
Los Angeles, CA 90067
simonettil@gtlaw.com

*Counsel for Plaintiff Navient Solutions, LLC*

/s/ Thomas F. Urban II