IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NAVIENT SOLUTIONS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE LAW OFFICES OF JEFFREY LOHMAN, et al.,<br><br>Defendants. | Case No. 19-CV-461 (LMB/TCB) |

**PLAINTIFF NAVIENT SOLUTIONS, LLC'S CONSENT MOTION FOR LEAVE TO TAKE LIVE TRIAL TESTIMONY BY VIDEOCONFERENCING**

In accordance with Rule 43(a) of the Federal Rules of Civil Procedure and the Rule 16(B) Scheduling Order entered in this case (Dkt. 42), as amended (Dkt. 468), Plaintiff Navient Solutions, LLC ("NSL"), by counsel and with the consent and joinder of all parties, respectfully requests that counsel for NSL and counsel for the Defendants be granted leave to take live trial testimony by videoconferencing from certain non-party witnesses.

In support of this motion, NSL states as follows:

In April 2019, NSL filed its initial Complaint in this case alleging causes of action against The Law Offices of Jeffrey Lohman located in Corona, CA, Dkt. ¶ 12, and its employees Jeffrey Lohman, Jeremy Branch, Alyson Dykes and Ibrahim Muhtaseb—all of whom live and work in the Central District of California, *id.* ¶¶ 13–16. The Complaint also alleged claims against David Mize Law, PLLC, an Arizona professional limited liability company; its principal, David Mize, who

1

lives and works in Phoenix, Arizona, *id.* ¶¶ 17–18; and Debt Counseling Defendants, including Mansur "Manny" Kashto and Robert J "RJ" Marshall, both of whom live and work in California.

In response to NSL's First Amended Complaint, Dkt. 4, Lohman, Branch, Dykes, and Muhtaseb requested that the claims against them be dismissed or, barring dismissal, transferred to the Central District of California. Dkt. 27. The Lohman Defendants argued that transfer was appropriate because "[t]he [m]ajority of [d]efendants [we]re [l]ocated in the Central District of California," Dkt. 28 at 6, and "a substantial number of non-party witnesses [we]re also located in California, *id.* at 8. The Court denied the transfer, but acknowledged the Lohman Defendants' concern that they would not be able to bring their witnesses to the trial, Dkt. 67 at 8:13–9:2:

> [W]e have two things that . . . resolve the problem. Number one is this is one of the high-tech courtrooms in this district, so we can even take live testimony by video if there are witnesses who actually cannot be brought here physically. . . . [the Court] prefer[s] actually live video because that way [the Court] can control the testimony a bit. . . . [W]hen it's done live, which it can be done, there's no technological impediment to [asserting control].

Dkt. 67 at 9:11–24 (Brinkema, J.)

In December 2019, David Mize Law, PLLC, and its principal David Mize settled the claims against them and were dismissed from the suit. Roughly eleven months later, Manny Kashto, and RJ Marshall settled the claims against them and were terminated from the action. All three individuals are now non-parties to this action who live and work in Arizona and California.

In preparation for the trial scheduled to begin on August 9, 2021, Plaintiff's counsel prepared a number of subpoenas, some of which were served on witnesses who reside, work, or transact business regularly within 100 miles of this Court; others of which were sent to the witness's attorney, who agreed to accept it on behalf of the witness; and still others of which were sent by electronic mail and FedEx to witnesses who agreed to proffer testimony but raised concerns about traveling to Northern Virginia for trial.

This court has discretion to grant the trial attorneys in this case permission to take live testimony by videoconferencing. *See In re RFC and ResCap Liquidating Trust Action*, 444 F. Supp. 3d 967, 970 (D. Minn. 2020) ("[T]he decision to require testimony by videoconference falls with the Court's discretion." (citing *Thomas v. Anderson*, 912 F.3d 971, 977 (7th Cir. 2018))). The Court may do so where, as here, the testimony sought is material to the proponent's case, the putative witness's personal circumstances make it impractical or virtually impossible for that person to travel to Northern Virginia for trial, and the putative witness is otherwise not subject to compulsory process. *See, e.g.*, *Scott Timber, Inc. v. United States*, 93 Fed. Cl. 498, 499–501 (2010) (approving use of videoconferencing for trial in Washington, D.C., where witness was in Oregon); *cf. United States v. Drogul*, 1 F.3d 1546, 1552 (11th Cir. 1993) ("The principal consideration guiding whether the absence of a particular witness's testimony would produce a particular injustice is the materiality of that testimony to the case."). Indeed, Rule 43(a) provides that trial testimony is to be taken in open court unless a federal statute or federal rule provides otherwise. Fed. R. Civ. P. 43(a). But "[f]or good cause shown in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." *Id.*

Here, good cause exists to allow testimony by videoconferencing. First, the testimony to be proffered by Mize, Kashto and Marshall is material to NSL's case; neither Mize, Kashto, nor Marshall live within 100 miles of the Eastern District of Virginia. Mize, in particular, has expressed reservations about travelling due to the ongoing Covid-19 symptoms his wife is suffering. *See* Declaration of David Mize ¶¶ 4–5 (attached as Exhibit A). Moreover, Kashto and Marshall informed the undersigned that they lost their previous jobs during the pandemic and have only recently started their new jobs, making travel to this District for trial particularly burdensome.

Each of these witnesses is a former defendant and NSL submits that eliciting their testimony live, rather than by *de bene esse* depositions, will be particularly helpful for the jury and court.

On Wednesday, July 21, 2021, Counsel for NSL conferred with counsel for the Defendants and understands that they consent to the requested relief. Accordingly, NSL request that the Court give the trial attorneys in this case leave to take live testimony by videoconference in accordance with Fed. R. Civ. P. 43 and this Court's instructions.

Dated: July 23, 2021

                                                                                              Respectfully submitted,

*/s/ Jeffrey R. Hamlin*
Jeffrey R. Hamlin (Va. Bar No. 46932)
jhamlin@ifrahlaw.com
George R. Calhoun V (*pro hac vice*)
george@ifrahlaw.com
IFRAH PLLC
1717 Pennsylvania Ave. NW
Suite 650
Washington, DC 20006-2004
(202) 524-4140 – Tel.
(202) 524-4141 – Fax

*Counsel for Plaintiff Navient Solutions, LLC*