## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

NAVIENT SOLUTIONS, LLC,

        Plaintiff,

v.

THE LAW OFFICES OF JEFFREY
LOHMAN, et al.,

        Defendants.

Civil Action No. 1:19-cv-00461

## PLAINTIFF NAVIENT SOLUTIONS, LLC'S SUBMISSION OF JOINT PROPOSED JURY INSTRUCTIONS AND JURY VERDICT FORM

        Pursuant to the Court's Order dated July 22, 2021, the parties have conferred and agreed on a full set of jury instruction, which Plaintiff Navient Solutions, LLC is filing on behalf of the parties.

Dated: July 30, 2021

Respectfully submitted,

/s/ Jeffrey R. Hamlin
Jeffrey R. Hamlin (Va. Bar No. 46932)
George R. Calhoun V (*pro hac vice*)
IFRAH PLLC
1717 Pennsylvania Avenue NW
Suite 650
Washington, DC 20006-2004
(202) 524-4140 – Tel.
(202) 524-4141 – Fax
jhamlin@ifrahlaw.com
george@ifrahlaw.com

*Counsel for Plaintiff Navient Solutions, LLC*

## Table of Contents

PROPOSED JURY INSTRUCTION NO. 1 ................................................................................ 8

    Agreed: Preliminary Instructions ................................................................................ 8

PROPOSED JURY INSTRUCTION NO. 2 ................................................................................ 2

    Agreed: General Instructions: Province of the Court and Jury ................................ 2

PROPOSED JURY INSTRUCTION NO. 3 ................................................................................ 4

    Agreed: Unanimity and Disagreement Among Jurors ............................................... 4

PROPOSED JURY INSTRUCTION NO. 4 ................................................................................ 5

    Agreed: Parties of Equal Standing ............................................................................ 5

PROPOSED JURY INSTRUCTION NO. 5 ................................................................................ 6

    Agreed: Sympathy ....................................................................................................... 6

PROPOSED JURY INSTRUCTION NO. 6 ................................................................................ 7

    Agreed: Common Counsel .......................................................................................... 7

PROPOSED JURY INSTRUCTION NO. 7 ................................................................................ 8

    Agreed: Juror Note-Taking ......................................................................................... 8

PROPOSED JURY INSTRUCTION NO. 8 ................................................................................ 9

    Agreed: Juror Use of Electronic Communication Technologies ................................ 9

PROPOSED JURY INSTRUCTION NO. 9 .............................................................................. 10

    Agreed: Communications Between Court and Jury During Jury's Deliberations .................. 10

PROPOSED JURY INSTRUCTION NO. 10 ............................................................................ 11

    Agreed: Evidence in the Case ................................................................................... 11

PROPOSED JURY INSTRUCTION NO. 11 ............................................................................ 13

    Agreed: Direct and Circumstantial Evidence .......................................................... 13

PROPOSED JURY INSTRUCTION NO. 12 ............................................................................ 14

    Agreed: Discrepancies in Testimony ........................................................................ 14

PROPOSED JURY INSTRUCTION NO. 13 ............................................................................ 16

    Agreed: Use of Depositions as Evidence .................................................................. 16

PROPOSED JURY INSTRUCTION NO. 14 ............................................................................ 17

    Agreed: Expert Opinion Evidence ............................................................................ 17

PROPOSED JURY INSTRUCTION NO. 15 ............................................................................ 18

    Agreed: Inferences .................................................................................................... 18

PROPOSED JURY INSTRUCTION NO. 16 ............................................................................ 19

Agreed: Impeachment: Inconsistent Statements or Conduct ..................................... 19

PROPOSED JURY INSTRUCTION NO. 17 ........................................................... 20

Agreed: Prior Inconsistent Statement by Party ..................................................... 20

PROPOSED JURY INSTRUCTION NO. 18 ........................................................... 21

Agreed: Adverse Witness .................................................................................. 21

PROPOSED JURY INSTRUCTION NO. 19 ........................................................... 22

Agreed: Party Bound by His Own Testimony ...................................................... 22

PROPOSED JURY INSTRUCTION NO. 20 ........................................................... 23

Agreed: Amount Sued for Is Not Evidence ......................................................... 23

PROPOSED JURY INSTRUCTION NO. 21 ........................................................... 24

Agreed: Burden of Proof ................................................................................... 24

PROPOSED JURY INSTRUCTION NO. 22 ........................................................... 26

Plaintiff's Proposal: Introduction to Plaintiff's Claims ......................................... 26

Defendants' Proposal: (No Instruction) ............................................................... 28

Defendants' Proposal: Introduction to Lohman Defendants' Defenses ................... 28

PROPOSED JURY INSTRUCTION NO. 23 ........................................................... 30

Agreed: The Nature of Racketeering under RICO ................................................ 30

PROPOSED JURY INSTRUCTION NO. 24 ........................................................... 31

Agreed: RICO: Section 1962(c) ........................................................................ 31

PROPOSED JURY INSTRUCTION NO. 25 ........................................................... 32

Agreed: Elements of a Section 1962(c) Violation ................................................ 32

PROPOSED JURY INSTRUCTION NO. 26 ........................................................... 33

Plaintiff's Proposal: Definition of "Enterprise" ................................................... 33

Defendants' Proposal: Definition of "Enterprise" ................................................ 34

PROPOSED JURY INSTRUCTION NO. 27 ........................................................... 36

Agreed: Definition of "Association" ................................................................... 36

PROPOSED JURY INSTRUCTION NO. 28 ........................................................... 37

Plaintiff's Proposal: Definition of "To Participate in the Conduct of the Enterprise's Affairs"
................................................................................................................... 37

Defendants' Proposal: Definition of "To Participate in the Conduct of the Enterprise's Affairs"
................................................................................................................... 37

PROPOSED JURY INSTRUCTION NO. 29 ........................................................... 39

Agreed: Definition of Participating in the Conduct of the Enterprise's Affair "Through" a
Pattern of Racketeering Activity ........................................................................ 39

PROPOSED JURY INSTRUCTION NO. 30 ........................................................... 40

Partially Agreed: Racketeering Activity: Mail Fraud ................................................ 40

PROPOSED JURY INSTRUCTION NO. 31 ......................................................... 42

    Plaintiff's Proposal: Elements of Mail Fraud .................................................. 42

    Defendants' Proposal: Elements of Mail Fraud ............................................... 43

PROPOSED JURY INSTRUCTION NO. 32 ......................................................... 45

    Agreed: Racketeering Activity: Wire Fraud .................................................... 45

PROPOSED JURY INSTRUCTION NO. 33 ......................................................... 46

    Plaintiff's Proposal: Elements of Wire Fraud ................................................. 46

    Defendants' Proposal: Elements of Wire Fraud .............................................. 47

PROPOSED JURY INSTRUCTION NO. 34 ......................................................... 49

    Agreed: Racketeering: Witness Tampering .................................................... 49

PROPOSED JURY INSTRUCTION NO. 35 ......................................................... 50

    Plaintiff's Proposal: Elements of Witness Tampering ....................................... 50

    Defendants' Proposal: Elements of Witness Tampering ..................................... 51

PROPOSED JURY INSTRUCTION NO. 36 ......................................................... 52

    Agreed: "Knowingly" and "Willfully" .......................................................... 52

PROPOSED JURY INSTRUCTION NO. 37 ......................................................... 53

    Agreed: Intent to Defraud ........................................................................ 53

PROPOSED JURY INSTRUCTION NO. 38 ......................................................... 54

    Agreed: State of Mind ............................................................................ 54

PROPOSED JURY INSTRUCTION NO. 39 ......................................................... 55

    Plaintiff's Proposal: False Statements .......................................................... 55

    Defendants' Proposal: False Statements ........................................................ 56

PROPOSED JURY INSTRUCTION NO. 40 ......................................................... 58

    Defendants' Proposal: Litigation Activities .................................................... 58

    Plaintiff's Proposal: (No Instruction) ........................................................... 58

PROPOSED JURY INSTRUCTION NO. 41 ......................................................... 59

    Defendants' Proposal: Formality in Forming an Attorney-Client Relationship ...................... 59

    Plaintiff's Proposal: (No Instruction) ........................................................... 59

PROPOSED JURY INSTRUCTION NO. 42 ......................................................... 60

    Defendants' Proposal: Ratification ............................................................. 60

    Plaintiff's Proposal: (No Instruction) ........................................................... 60

PROPOSED JURY INSTRUCTION NO. 43 ......................................................... 61

    Defendants' Proposal: Intentional Default ..................................................... 61

Plaintiff's Proposal: (No Instruction).................................................................. 61

PROPOSED JURY INSTRUCTION NO. 44......................................................... 62

Defendants' Proposal: Unanimity on Racketeering Acts ................................. 62

Plaintiff's Proposal: (No Instruction).................................................................. 62

PROPOSED JURY INSTRUCTION NO. 45......................................................... 63

Agreed: Definition of "Pattern of Racketeering Activity" ........................... 63

PROPOSED JURY INSTRUCTION NO. 46......................................................... 65

Agreed: RICO: Section 1962(d) ...................................................................... 65

PROPOSED JURY INSTRUCTION NO. 47......................................................... 66

Plaintiff's Proposal: Elements of a 1962(d) Violation................................... 66

Defendants' Proposal: Elements of a 1962(d) Violation ............................... 68

PROPOSED JURY INSTRUCTION NO. 48......................................................... 70

Partially Agreed: RICO: Conspiracy Agreement ........................................... 70

PROPOSED JURY INSTRUCTION NO. 49......................................................... 72

Defendants' Proposal: RICO: Civil Standing.................................................. 72

Plaintiff's Proposal: (No Instruction).................................................................. 72

PROPOSED JURY INSTRUCTION NO. 50......................................................... 73

Plaintiff's Proposal: RICO: Injury .................................................................. 73

Defendants' Proposal: RICO: Injury by Reason of the RICO Violation.................. 74

PROPOSED JURY INSTRUCTION NO. 51......................................................... 76

Plaintiff's Proposal: RICO: Injury to Business or Property............................ 76

Defendants' Proposal: RICO: Injury to Business or Property ........................ 77

PROPOSED JURY INSTRUCTION NO. 52......................................................... 78

Plaintiff's Proposal: Elements of Fraud........................................................... 78

Defendants' Proposal: Elements of Fraud ........................................................ 78

PROPOSED JURY INSTRUCTION NO. 53......................................................... 80

Defendants' Proposal: Reliance........................................................................ 80

Plaintiff's Proposal: (No Instruction).................................................................. 81

PROPOSED JURY INSTRUCTION NO. 54......................................................... 82

Agreed: Fraud: Damages .................................................................................. 82

PROPOSED JURY INSTRUCTION NO. 55......................................................... 83

Plaintiff's Proposal: Elements of Tortious Interference with Contract or Business Expectancy
.......................................................................................................................... 83

Defendants' Proposal: Elements of Tortious Interference with Contract or Business
Expectancy........................................................................................................ 84

PROPOSED JURY INSTRUCTION NO. 56 .................................................................... 86

    Defendants' Proposal: Tortious Interference: Justification and Privilege ................................ 86

    Plaintiff's Proposal: (No Instruction) ............................................................................... 86

PROPOSED JURY INSTRUCTION NO. 57 .................................................................... 87

    Partially Agreed: Tortious Interference: Damages ............................................................ 87

PROPOSED JURY INSTRUCTION NO. 58 .................................................................... 88

    Plaintiff's Proposal: Punitive Damages ........................................................................... 88

    Defendant's Proposal: (No Instruction) ........................................................................... 89

    Defendant's Proposal: Punitive Damages ......................................................................... 89

PROPOSED JURY INSTRUCTION NO. 59 .................................................................... 91

    Plaintiff's Proposal: Punitive Damages: Relevant Evidence ............................................. 91

    Defendants' Proposal: (No Instruction) ........................................................................... 92

PROPOSED JURY INSTRUCTION NO. 60 .................................................................... 93

    Agreed: Telephone Consumer Protection Act ("TCPA") ................................................. 93

PROPOSED JURY INSTRUCTION NO. 61 .................................................................... 94

    Plaintiff's Proposal: Definition of "ATDS" ..................................................................... 94

    Defendants' Proposal: Definition of "ATDS" .................................................................. 94

PROPOSED JURY INSTRUCTION NO. 62 .................................................................... 95

    Plaintiff's Proposal: *Noerr-Pennington* Immunity ........................................................... 95

    Defendants' Proposal: First Amendment Immunity .......................................................... 96

PROPOSED JURY INSTRUCTION NO. 63 .................................................................... 98

    Partially Agreed: Accord and Satisfaction ....................................................................... 98

PROPOSED JURY INSTRUCTION NO. 64 .................................................................. 100

    Defendants' Proposal: Collateral Estoppel ..................................................................... 100

    Plaintiff's Proposal: (No Instruction) ............................................................................. 100

PROPOSED JURY INSTRUCTION NO. 65 .................................................................. 101

    Agreed: Waiver ........................................................................................................... 101

PROPOSED JURY INSTRUCTION NO. 66 .................................................................. 102

    Agreed: Plaintiff's Duty to Mitigate Damages ............................................................... 102

PROPOSED JURY INSTRUCTION NO. 67 .................................................................. 103

    Agreed: Rendering a Verdict ........................................................................................ 103

JURY VERDICT FORMS ............................................................................................ 105

    Plaintiff's Proposed Jury Verdict Form ......................................................................... 105

        JURY VERDICT FORM ....................................................................................... 106

Defendants' Proposed Jury Verdict Forms ............................................................................. 112
   SPECIAL VERDICT FORM (RICO) ............................................................................ 113
   SPECIAL VERDICT FORM (STATE CLAIMS) ......................................................... 116
   SPECIAL VERDICT FORM (AFFIRMATIVE DEFENSES) ........................................ 119

## PROPOSED JURY INSTRUCTION NO. 1

### Agreed: Preliminary Instructions

Members of the jury, the order of the trial of this case will be in four stages:

1.      Opening statements;

2.      Presentation of the evidence;

3.      Instructions of law; and

4.      Final argument.

After the conclusion of final argument, I will instruct you concerning your deliberations. You will then go to your room, select a foreperson, deliberate, and arrive at your verdict.

The plaintiff's attorney may make an opening statement outlining the plaintiff's case. Then the defendant's attorney also may make an opening statement. Neither side is required to do so.

Following the opening statements, the plaintiff will introduce evidence, after which the defendant then has the right to introduce evidence (but is not required to do so). Rebuttal evidence may then be introduced if appropriate.

At the conclusion of all evidence, I will instruct you on the law which is to be applied to this case.

Once the evidence has been presented and you have been instructed on the law, then the attorneys may make their closing arguments. The plaintiff's attorney will argue first, the defendant's attorney may reply, and the plaintiff's attorney may close in rebuttal.

Members of the jury, your function in the trial of this case is to reach a unanimous verdict that is based solely on the evidence and the instructions of law which you will be given after all the evidence has been presented. The law applicable to this case is given to you in these instructions

and in the other instructions you will receive at the close of all evidence, and it is your duty to follow all such instructions.

No statement or ruling or remark that I may make during the course of the trial is intended to indicate my opinion as to what the facts are. It is the function of the jury to consider the evidence and determine the facts in this case.  The evidence which you are to consider consists of testimony of witnesses, any exhibits admitted into evidence, and any facts agreed upon between the parties and presented to you in the form of a stipulation. The admission of evidence in court is governed by rules of law. From time to time, it may be the duty of the attorneys to make objections, and it is my duty as judge to rule on those objections and decide whether or not you can consider certain evidence. You must not consider testimony or exhibits to which an objection was sustained or which has been ordered stricken. If an objection is overruled, then you may consider that evidence together with all other evidence in the case. The opening statements and closing arguments of the attorneys are intended to help you in understanding the evidence and in applying the law, but their statements are not evidence.

In your determination of what the facts are, you alone must determine the credibility of the witnesses and the weight of the evidence. You may consider the appearance and manner of the witnesses on the stand, their intelligence, their opportunity for knowing the truth and for having observed the things about which they testified, their interest in the outcome of the case, their bias, and, if any have been shown, their prior inconsistent statements, or whether they have knowingly testified untruthfully as to any material fact in the case. You should not arbitrarily disregard believable testimony of a witness. However, after you have considered all the evidence in the case, then you may accept or discard all or part of the testimony of a witness as you think proper. You should use your common sense in considering the evidence, and you may draw reasonable

inferences from that evidence; but in doing so, you should not indulge in guesswork or speculation. From consideration of these things and all the other circumstances of the case, you should determine which witnesses are more believable and weigh their testimony accordingly. Until this case is submitted to you for your deliberations, you should not decide any issue in the case, and you should not discuss the case with anyone or remain within hearing of anyone who is discussing it. This includes discussing the case in person, in writing, by phone or electronic means, via text messaging, e-mail, Facebook, Twitter, blogging or any Internet chat room, web site, social media, or other means. There will be occasional recesses during the trial. During the recesses, you should not discuss the case with your fellow jurors or go to the scene or make any independent investigation or receive any information about the case from radio, television, or the newspapers. Once your deliberations commence, then you must discuss the case only in the jury room when all the members of the jury are present. You are to decide this case solely on the evidence presented in this courtroom, and not on the basis of anything anyone who hasn't heard the evidence may think about this case. If you are asked or approached in any way about your jury service or anything about this case prior to rendering a verdict, you should respond that you have been ordered by the judge not to discuss the matter, and you should report the contact to the court as soon as possible.

Do not attempt at any time prior to the conclusion of the case to research any fact, issue, or law related to this case, whether by discussion with others, by research in a library or on the Internet, or by any other means or source, including dictionaries, reference books, or anything on the Internet. You must not use Internet maps, or any other program or device to search for and view any location discussed in the testimony. You must not search for any information about the case, or the law which applies to the case, or the people involved in the case, including the parties, the witnesses, the lawyers, or the judge. Your sworn duty is to decide the case solely and wholly

on the evidence presented in this courtroom. You must not communicate with anyone about the case by any other means, including by telephone, text messages, email, internet chat or chat rooms, blogs, or social web sites. I expect you will inform me if you become aware of another juror's violation of these instructions.

Just prior to your deliberations, you will be given final instructions with regard to your selection of a leader, the conduct of your deliberations, and the forms for your verdict.

The faithful and proper performance by you of your duty is vital to the administration of justice. On behalf of the court and the litigants, we appreciate your giving your complete attention to the case as it is presented.

**Supporting Authority:**

Virginia Model Jury Instruction No. 2.000.

**PROPOSED JURY INSTRUCTION NO. 2**

**Agreed: General Instructions: Province of the Court and Jury**

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel, it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case.  You should consider these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court—those given to you at the beginning of the trial, those given to you during the trial, and these final instructions—must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them from the evidence received during the trial.

Counsel have properly referred to some of the applicable rules of law to you in their closing arguments.  If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law but must consider the instructions as a whole in reaching your decisions.  Neither are you to be concerned with the wisdom of any rule of law stated by the Court.

Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than that being given in these instructions, just as it would be a violation of your sworn duty as the judges of the facts to base your verdict upon anything but the evidence received in the case.

You were chosen as jurors for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the Plaintiff, Navient Solutions, LLC, in its Complaint and the denial of those allegations by the Defendants, The Law Offices of Jeffrey Lohman, Jeffrey Lohman, Jeremy Branch, Rick Graff, Gregory Trimarche, and GST Factoring, Inc.

In resolving the issues presented to you for decision in this trial, you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice through trial by jury depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and then to arrive at a verdict by applying the same rules of law as are now being given to each of you in these instructions.

**Supporting Authority:**

Kevin F. O'Malley, Jay E. Grenig, and Hon. William C. Lee, *Federal Jury Practice and Instructions: Civil*, § 103:01 (6th ed. 2011) (*hereinafter* "O'Malley 6th ed.").

## PROPOSED JURY INSTRUCTION NO. 3

### Agreed: Unanimity and Disagreement Among Jurors

The verdict must represent the considered judgment of each of you.  In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.  At any time during your deliberations, you may submit to the Court your verdict as to any party concerning whom you have unanimously agreed.  It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.  Remember at all times that you are not partisans.  You are judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

**Supporting Authority:**

O'Malley 6th ed., §§ 106:01, 106:03.

## PROPOSED JURY INSTRUCTION NO. 4

### **Agreed: Parties of Equal Standing**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  A corporation is entitled to the same fair trial as a private individual.  All persons, including Plaintiff Navient, and Defendants The Law Offices of Jeffrey Lohman, Jeffrey Lohman, Jeremy Branch, Rick Graff, Gregory Trimarche, and GST Factoring, Inc., stand equal before the law, and are to be treated as equals.

**Supporting Authority:**

O'Malley 6th ed., § 103:12.

## PROPOSED JURY INSTRUCTION NO. 5

### <u>Agreed: Sympathy</u>

Under your oath as jurors you are not to be swayed by sympathy. You should be guided solely by the evidence presented during the trial, without regard to the consequences of your decision. You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy interfere with your clear thinking there is a risk that you will not arrive at a just verdict. All parties to a civil lawsuit are entitled to a fair trial. You must make a fair and impartial decision so that you will arrive at the just verdict.

**Supporting Authority:**

Sand, Siffert, Loughlin, Reiss, Allen and Rakoff, *Modern Federal Jury Instructions-Civil P* 71-8 (2021) (*hereinafter* "*Modern Federal Jury Instructions*").

## PROPOSED JURY INSTRUCTION NO. 6

### <u>Agreed: Common Counsel</u>

Although some of the defendants in this trial are being represented by the same counsel, you are not to treat them as one person. Each defendant is entitled to your separate consideration. The question of whether liability has been proven is personal to each defendant and must be decided by you as to each defendant individually. (If applicable: Similarly, you must decide the amount of damages separately as to each party.)

You may have noticed throughout the trial that counsel for various defendants have consulted with each other and have divided the work of the trial in an effort to facilitate their presentation and to avoid duplication. This does not mean that the defendants' cases are to be viewed together. Again, the issue of each defendant's liability is personal and must be decided by you as to each defendant individually.

**Supporting Authority:**

*Modern Federal Jury Instructions*, Instruction 71-10.

**PROPOSED JURY INSTRUCTION NO. 7**

**<u>Agreed: Juror Note-Taking</u>**

You may use the notes taken by you during the trial.  However, the notes should not be substituted for your memory.  Remember, notes are not evidence.  If your memory should differ from your notes, then you should rely on your memory and not your notes.

**Supporting Authority:**

O'Malley 6th ed., § 103:02.

## PROPOSED JURY INSTRUCTION NO. 8

### Agreed: Juror Use of Electronic Communication Technologies

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer, the Internet, any Internet service, or any text or instant messaging service, or any Internet chat room, blog, or website such as Facebook, Twitter, Instagram, or YouTube, to communicate to anyone any information about this case or to conduct any research about this case until after I accept your verdict.

**Supporting Authority:**

O'Malley 6th ed., § 103:04.

**PROPOSED JURY INSTRUCTION NO. 9**

**Agreed: Communications Between Court and Jury During Jury's Deliberations**

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me by any means other than a signed writing. I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

The bailiffs, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.  Bear in mind also that you are never to reveal to any person—not even to me—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

**Supporting Authority:**

O'Malley 6th ed., § 106:08.

**PROPOSED JURY INSTRUCTION NO. 10**

**Agreed: Evidence in the Case**

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and argument by the lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statements, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence.  However, when the lawyers on both sides stipulated or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

Sometimes evidence may be admitted concerning only a particular party or only for a particular purpose and not generally against all parties or for all purposes.  For the limited purpose for which this evidence has been received you may give it such weight as you feel it deserves.  You may not, however, use this evidence for any other purpose or against any party not specifically mentioned.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.  You must treat stricken evidence as though you had never heard or known of it.

The law permits me to comment on the evidence in the case.  These comments are only an expression of my opinion as to the facts.  You may disregard my comments entirely, since you, as jurors are the sole judges of the facts and are not bound by my comments or opinions.

**Supporting Authority:**

O'Malley 6th ed., §§ 102:45, 103:30, 103:33, 10442.

## PROPOSED JURY INSTRUCTION NO. 11

### Agreed: Direct and Circumstantial Evidence

Generally, there are two types of evidence presented during a trial—direct evidence and circumstantial evidence.  "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence. A greater degree of certainty is not required of circumstantial evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

**Supporting Authority:**

O'Malley 6th ed., § 104:05.

**PROPOSED JURY INSTRUCTION NO. 12**

**<u>Agreed: Discrepancies in Testimony</u>**

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is what I may have said about a fact or issue—or what I may say in these instructions—evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not the Plaintiff or Defendant has proven its case.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this

case.

As to the facts, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice to any party.

**Supporting Authority:**

*Modern Federal Jury Instructions*, Instruction 71-3.

## PROPOSED JURY INSTRUCTION NO. 13

### <u>Agreed: Use of Depositions as Evidence</u>

During the trial, certain testimony has been presented by way of deposition.  The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial.  The testimony of a witness who, for some reason, is not present to testify from the witness stand, may be presented in writing under oath or on a videotape.  Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

**Supporting Authority:**

O'Malley 6th ed., § 105:02.

## PROPOSED JURY INSTRUCTION NO. 14

### <u>Agreed: Expert Opinion Evidence</u>

An expert witness is a person who by education and experience has become expert in some art, science, profession, or calling.  Expert witnesses give their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.

You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves.  If you should decide the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude the reasons given in support of the opinion are not sound, or if you feel the expert's opinion is outweighed by other evidence, you may disregard the opinion entirely.

**Supporting Authority:**

O'Malley 6th ed., § 104:40.

**PROPOSED JURY INSTRUCTION NO. 15**

**<u>Agreed: Inferences</u>**

You are to consider only the evidence in the case.  However, you are not limited to the statements of the witnesses.  You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

**Supporting Authority:**

O'Malley 6th ed., § 104:20.

**PROPOSED JURY INSTRUCTION NO. 16**

**Agreed: Impeachment: Inconsistent Statements or Conduct**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something, that is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**Supporting Authority:**

O'Malley 6th ed., § 105:04.

## PROPOSED JURY INSTRUCTION NO. 17

### <u>Agreed: Prior Inconsistent Statement by Party</u>

If you believe from the evidence that a party previously made a statement inconsistent with his testimony at this trial, that previous statement may be considered by you as evidence that what the party previously said was true.

**Supporting Authority:**

Virginia Model Jury Instruction No. 2.135.

## PROPOSED JURY INSTRUCTION NO. 18

### Agreed: Adverse Witness

The plaintiff called the defendant as an adverse witness. The plaintiff is bound by as much of the defendant's testimony given as an adverse witness as is clear, logical, reasonable, and uncontradicted.

The plaintiff is not bound by any of the defendant's testimony given as an adverse witness that conflicts with any of the other evidence in the case.

**Supporting Authority:**

Virginia Model Jury Instruction No. 2.030.

**PROPOSED JURY INSTRUCTION NO. 19**

**<u>Agreed: Party Bound by His Own Testimony</u>**

When one of the parties testifies unequivocally to facts within his own knowledge, those statements of fact and the necessary inferences from them are binding upon him. He cannot rely on other evidence in conflict with his own testimony to strengthen his case.

However, you must consider his testimony as a whole, and you must consider a statement made in one part of his testimony in the light of any explanation or clarification made elsewhere in his testimony.

**Supporting Authority:**

Virginia Model Jury Instruction No. 2.1060.

## PROPOSED JURY INSTRUCTION NO. 20

### <u>Agreed: Amount Sued for Is Not Evidence</u>

Any amount of damages requested is not evidence in this case; you should not consider it as evidence in arriving at your verdict.

**Supporting Authority:**

Virginia Model Jury Instruction No. 2.180.

## PROPOSED JURY INSTRUCTION NO. 21

### Agreed: Burden of Proof

Some of Navient's claims must be proven by a "preponderance of the evidence," whereas other claims made by Navient must be proven by "clear and convincing evidence."  I will identify for you which claims need to be proven by each standard.

Defendants bear the burden of proving their affirmative defenses.  Defendants must establish their affirmative defenses by a preponderance of the evidence.

Some of you may have heard of "proof beyond a reasonable doubt," which is the proper standard of proof in a criminal trial.  That requirement does not apply to a civil case such as this, and you should put it out of your mind.

To establish a fact by a "preponderance of the evidence" means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.   In determining whether a claim has been proven by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who called them, and all the relevant exhibits received in evidence, regardless of who produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties—that it is equally probable that one side is right as it is that the other side is right—then you must decide that issue against the party having this burden of proof.  That is because the party bearing this burden must prove more than simply equality of the evidence.  The party must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with this burden of proof need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of the party with the burden of proof—that what the party claims is more

likely true than not true—then the element will have been proven by a preponderance of the evidence.

In contrast to the "preponderance of the evidence" standard, "clear and convincing evidence" is a more exacting standard.  Clear and convincing, however, is not as high a standard as the burden of proof applied in criminal cases, which is proof beyond a reasonable doubt.

Clear and convincing evidence proof leaves no substantial doubt in your mind.  It is proof that establishes in your mind not only that the proposition at issue is probable but also that it is highly probable.  It is enough if the party with the burden of proof establishes his claim beyond any "substantial doubt"; it does not have to dispel every "reasonable doubt."

**Supporting Authority:**

O'Malley 6th ed., §§ 104:01, 104:02.

*Breeden v. Weinberger*, 493 F.2d 1002, 1006 (4th Cir. 1974).

*Colorado v. New Mexico*, 467 U.S. 310, 316 (1984).

*CSX Transp., Inc. v. Gilkison*, 5:05-cv-202, 2012 WL 1598081 (N.D. W. Va. May 3, 2012).

**PROPOSED JURY INSTRUCTION NO. 22**

**Plaintiff's Proposal: Introduction to Plaintiff's Claims**

This matter involves claims by Navient Solutions, LLC, which I will refer to as "Navient," that the Defendants committed fraud in violation of a federal law as well as state law. These claims are set out in five separate counts in Navient's complaint.

Count 1 asserts that Defendants Jeffrey Lohman, and Jeremy Branch participated in a pattern of racketeering activity in violation of RICO by using the mail and wires to send demand letters to Navient on behalf of clients whom they did not represent; letters to Navient stating an intent to negotiate their purported clients' debt with Navient, when they had no such intention; and letters to Navient in which they stated they were attempting to verify a disputed debt when no valid basis for disputing the debt existed; and by counseling their clients to provide false testimony in depositions. Navient also claims that Lohman and Branch used the resources of the Law Offices of Jeffrey Lohman to carry out this pattern of racketeering activity.

Count 2 asserts that all of the Defendants participated in a pattern of racketeering activity in violation of RICO by using the mail and wires. Navient claims that Defendants contacted student loan holders, misrepresented the nature of their services and misleadingly stated that they would negotiate with Navient regarding their student loans, and told consumers they their debt relief program was 100-percent effective and that their credit would not be harmed. Navient further claims that Graff and Trimarche utilized the resources of GST Factoring to carry out the pattern of racketeering activity. In addition, Navient claims that Defendants Jeffrey Lohman and Jeremy Branch participated in the same pattern of racketeering by signing, causing to be signed, sending, and/or causing to be sent fraudulent communications and discovery filings that induced Navient to settle various legal claims and/or deceived adjudicators regarding the facts of pending

legal cases; and that Branch and Lohman induced their clients to make false statements via telephone to Navient customer service agents, counseled their clients to provide false testimony during their depositions, and filed legal actions without their clients' authorization, while falsely representing that they had such authorization.  Navient further claims that Lohman and Branch utilized the resources of the Law Offices of Jeffrey Lohman to carry out the pattern of racketeering activity.  Navient also claims that all of the Defendants used the wires to collect sums from consumers that otherwise would have been paid to Navient.

Count 3 asserts that all of the Defendants conspired to violate RICO by conducting or participating by agreeing together to violate RICO in the manner described above.

Count 4 asserts that Defendants Jeffrey Lohman, Jeremy Branch, and the Law Offices of Jeffrey Lohman engaged in fraud under the laws of Virginia by falsely representing in various demand letters sent to Navient that they represented certain clients when no such representation existed, that they intended to negotiate their clients' debts when they had no such intention, and that they were seeking to verify disputed debts when no grounds for dispute existed, and by making various false representations in communications and other legal papers that induced Navient to settle certain legal claims and/or deceived adjudicators on the facts of pending cases.

Count 5 asserts that all of the Defendants engaged in tortious interference with contract or business expectancy by inducing student loan holders—including ones who were not behind on their payments—to stop making payments, go into default, and trigger telephone calls from Navient that arguably violated a law against automatic calls.

**Supporting Authority:**

O'Malley 6th ed., §§ 101:03, 123:01, 127:01, 161:01.

## **Defendants' Proposal: (No Instruction)**

The Lohman Defendants propose that no instruction be given. If such an instruction is given, then in fairness, the Lohman Defendants should be allowed to introduce the jury to their defenses and the following language should be included in the instruction:

## **Defendants' Proposal: Introduction to Lohman Defendants' Defenses**

In response to Plaintiff's Claims, the Lohman Defendants contend that they had no knowledge of activities of GST Factoring, Graff, or Trimarche. The Lohman Defendants received no money from and paid no money to GST Factoring, Graff, or Trimarche. The Lohman Defendants were referred potential clients from David Mize who were experiencing harassing phone calls from Navient. The Lohman Defendants subsequently agreed to represent some of those clients and brought claims under the Telephone Consumer Protection Act ("TCPA") on behalf of those clients against Navient. All of the TCPA claims brought by the Lohman Defendants were diligently researched. The Lohman Defendants brought the claims only if they were authorized to do so by the clients and only if there was a good-faith basis for the claims under then-existing law. The Lohman Defendants litigated these claims as any lawyer would. Throughout the underlying TCPA litigation, Navient asserted that the TCPA claims were "manufactured" by the Lohman Defendants but never claimed that the TCPA claims were frivolous or without merit.

The TCPA claims that serve as the basis for Navient's damage claim in this matter were all eventually resolved. Many were dismissed pursuant to agreements that were voluntarily reached by Navient and the Lohman Defendants' clients. Many were settled pursuit to agreements entered into between Navient and the Lohman Defendants' clients. To the extent that claims were resolved through adjudication, some of the TCPA claims were decided in favor of the Lohman Defendants' clients, some were decided in favor of Navient. Regardless of its voluntarily agreements to dismiss

or settle these cases, and regardless of the conclusions reached by the various adjudications, Navient now seeks to hold the Lohman Defendants' liable for the amount of money paid by Navient to resolve those TCPA claims.

The Lohman Defendants contend that all of their TCPA claims were brought with the intent to hold Navient liable for its violations of the TCPA, as the Lohman Defendants interpreted the then-existing legal standards, and were not brought with the intention to defraud Navient or tortiously interfere with any contract. The Lohman Defendants further contend, among other things, that Navient's claims are barred by the right to petition the courts, as secured by First Amendment, are barred by the parties' prior settlement agreements, are barred by the prior decisions of adjudicators, and/or were waived by Navient.

## PROPOSED JURY INSTRUCTION NO. 23

### Agreed: The Nature of Racketeering under RICO

Although RICO uses the terms "racketeer," "racketeering," and "corrupt organizations," Congress did not mean that Navient must prove that any Defendant is a "racketeer" or a member of what is commonly referred to as "organized crime" to recover damages.  You should not assume that The Law Offices of Jeffrey Lohman, Jeffrey Lohman, Jeremy Branch, Rick Graff, Gregory Trimarche, or GST Factoring, Inc. are "racketeers" simply because they have been sued under RICO.  Use of the terms "racketeering," "racketeer," or "corrupt organization" in RICO and during this trial should not be thought of as having anything to do with your determination of whether Navient has established the elements of its claim.

In addition, Navient must prove each element of a RICO violation as those elements will be explained to you.  I will explain those elements to you, and I will also explain the difference between someone who violates RICO by conducting the affair of an enterprise through a pattern of racketeering and someone who violates RICO by conspiring to conduct the affair of an enterprise through a pattern of racketeering.

**Supporting Authority:**

Kevin F. O'Malley, Jay E. Grenig, and Hon. William C. Lee, *Federal Jury Practice and Instructions: Civil*, § 161:01, 161:02 (5th ed. 2001) (*hereinafter* "O'Malley 5th ed.").

## PROPOSED JURY INSTRUCTION NO. 24

### Agreed: RICO: Section 1962(c)

In Counts 1 and 2 of its Complaint, Navient claims that The Law Offices of Jeffrey Lohman, Jeremy Branch, Rick Graff, Gregory Trimarche, and GST Factoring violated Section 1962(c) of Title 18 of the United States Code, the RICO Act.  That provision states:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity . . . .

**Supporting Authority:**

18 U.S.C. § 1962(c).

O'Malley, 5th ed., § 161:12.

*Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 498 (1985).

**PROPOSED JURY INSTRUCTION NO. 25**

**Agreed: Elements of a Section 1962(c) Violation**

Section 1962(c) of RICO prohibits the conduct of an enterprise through a pattern of racketeering activity.  To show that the Defendants have violated section 1962(c), Navient must prove each of the following elements by a preponderance of the evidence:

First, that the existence of an enterprise affecting interstate or foreign commerce;

Second, that the Defendants were employed by or associated with the enterprise;

Third, that the Defendants conducted or participated in the conduct of the enterprise's affairs; and

Fourth, that the Defendants' participation was through a pattern of racketeering activity.

**Supporting Authority:**

18 U.S.C. § 1962(c).

O'Malley 5th ed., § 161:22.

*Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 661 (2008).

*Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985).

*CSX Transp., Inc. v. Gilkison*, 5:05-cv-202, 2012 WL 1598081 (N.D. W. Va. May 3, 2012).

**PROPOSED JURY INSTRUCTION NO. 26**

**<u>Plaintiff's Proposal: Definition of "Enterprise"</u>**

For purposes of the RICO statute, an "enterprise" includes any individual, partnership, corporation, association, or other legal entity.  An enterprise may also be any group of individuals associated in fact although not a legal entity.  Proof that an entity has a legal existence, such as a corporation or a partnership, satisfies the definition of an enterprise.  Navient has alleged an association-in-fact enterprise.  A group otherwise qualifies as an association-in-fact if it possesses the following three characteristics:

First, that the members of the group share a common purpose;

Second, that the members of the group have some relation with one another; and

Third, that the group possesses sufficient longevity to permit the members to pursue the enterprise's purpose.

The existence of an enterprise is an element distinct from the pattern of racketeering activity, and proof of one does not necessarily establish proof of the other.  However, the evidence used to prove the pattern of racketeering activity and the evidence used to prove an enterprise may coalesce.

An enterprise "affects interstate or foreign commerce" if the enterprise either engages in or pursues activities affecting commerce between the states or between the states and foreign countries.  Proof of a minimal effect on interstate commerce will sustain the Plaintiff's burden.

**Supporting Authority:**

O'Malley 5th ed., §§ 161:41, 161:42.

*Boyle v. United States*, 556 U.S. 938, 946-47 (2009).

*United States v. Fernandez*, 388 F.3d 1199, 1218 (9th Cir. 2004).

**Defendants' Proposal: Definition of "Enterprise"**

A section 1962(c) claim is not against a RICO enterprise, but against a RICO defendant(s).[1] For purposes of section 1962(c), the enterprise is the vehicle used by the defendant(s) to carry out the acts of racketeering.[2]

Navient claims that Defendants formed an association-in-fact enterprise.[3] Accordingly, Navient must prove by a preponderance of the evidence that:

1.      Defendants shared a common purpose, which means a common venture, undertaking or project.[4] The common purpose must enrich all members of the group.[5] If the fruits of the venture enrich only some members of the enterprise, then there is no common purpose.[6]

2.      That Defendants were related to each other[4], and

3.      That Defendants, as a group, possessed sufficient longevity to pursue their common purpose.[4]

The existence of an enterprise is an element distinct from the pattern of racketeering activity, and proof of one does not necessarily establish proof of the other.[7] However, the evidence used to prove the pattern of racketeering activity and the evidence used to prove an enterprise may coalesce.[8]

An enterprise "affects interstate or foreign commerce" if the enterprise either engages in

---

[1] *Palmetto State Med. Ctr., Inc. v. Operation Lifeline*, 117 F.3d 142, 148 (4th Cir. 1997)
[2] *United States v. Phillip Morris USA Inc.*, 566 F.3d 1095, 1111 (D.C. Cir. 2009).
[3] *ECF 100* at ¶¶ 297, 316.
[4] *Boyle v. United States*, 556 U.S. 938, 946 (2009).
[5] *United States v. Pinson*, 860 F.3d 152, 162 (4th Cir. 2017).
[6] *Id.*
[7] *Boyle*, 556 U.S. at 947.
[8] *Id.*

or pursues activities affecting commerce between the states or between the states and foreign

countries.[9]  Proof of a minimal effect on interstate commerce will sustain the plaintiff's burden.[10]

---

[9] *United States v. Fernandez*, 388 F.3d 1199, 1218 (9th Cir. 2004).
[10] *Id.* at 1249.

## PROPOSED JURY INSTRUCTION NO. 27

### Agreed: Definition of "Association"

The second element that the plaintiff must prove is that the defendant was associated with, or employed by, the enterprise.

It is not required that the defendant have been employed by, or associated with, the enterprise for the entire time that the enterprise existed. It is required, however, that the plaintiff prove, by a preponderance of the evidence, that at some time during the period indicated in the complaint, the defendant in question was employed by, or associated with, the enterprise.

A person cannot be associated with, or employed by, an enterprise, if he or she does not know of the enterprise's existence or the nature of its activities. Thus, in order to prove this element, the plaintiff must prove, by a preponderance of the evidence, that the defendant was connected to the enterprise in some meaningful way and that the defendant knew of the existence of the enterprise and of the general nature of its activities but it is not necessary that a defendant be aware of all racketeering activities of each of the participants in the enterprise.

**Supporting Authority:**

*Modern Federal Jury Instructions*, Instruction 84-26.

## PROPOSED JURY INSTRUCTION NO. 28

**Plaintiff's Proposal: Definition of "To Participate in the Conduct of the Enterprise's Affairs"**

To "participate in the conduct of the enterprise's affairs" requires that a person has conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity.  To participate, directly or indirectly, in the conduct of the enterprise's affairs, the Defendant must participate in the operation or management of the enterprise itself.  A person also participates in the operation of the affairs of the enterprise if he or she has some part in directing those affairs.  RICO liability is not limited to those with primary responsibility for the enterprise's affairs or to those with a formal position in the enterprise.  An enterprise may be "operated" not just by upper management but also by lower-rung participants in the enterprise who are under the direction of upper management.

**Supporting Authority:**

O'Malley 5th ed., § 161:43.

*Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993).

*United States v. Johnson*, 430 F.3d 383, 391 (6th Cir. 2005).

*Barky v. Metro Kitchen & Bath, Inc.*, 587 F. Supp. 2d 976, 988-89 (N.D. Ill. 2008).

**Defendants' Proposal: Definition of "To Participate in the Conduct of the Enterprise's Affairs"**

To "participate in the conduct of the enterprise's affairs" requires that a person has conducted or participated, directly or indirectly, in the conduct of the enterprise's affairs through a pattern of racketeering activity.[11]  To participate, directly or indirectly, in the conduct of the

---

[11] 18 U.S.C. § 1962(c).

enterprise's affairs, the defendant must participate in the operation or management of the enterprise itself.[12] A person also participates in the operation of the affairs of the enterprise if he or she has some part in directing those affairs.[13] RICO liability is not limited to those with primary responsibility for the enterprise's affairs or to those with a formal position in the enterprise.[14] An enterprise may be "operated" not just by upper management but also by lower-rung participants in the enterprise who are under the direction of upper management.[15]

The operation or management test is, however, extremely rigorous.[16] A defendant, however, can only be liable under section 1962(c) if he was managing or operating the overall group.[17] A defendant does not operate or manage an enterprise by simply providing goods and services that ultimately benefit the enterprise.[18]

RICO does not penalize parallel, uncoordinated fraud.[19] The plaintiff must prove that the fraud was coordinated conduct performed on behalf of the enterprise.[20]

Moreover, when an attorney furnishes a client with ordinary professional assistance, the attorney will not normally rise to the level of operating or managing the enterprise.[21] Lawyers do not become racketeers by acting like lawyers.[22]

---

[12] *Reves v. Ernst & Young*, 507 U.S. 170, 183 (1993).
[13] *Id.* at 179.
[14] *Id.*
[15] *Id.* at 183.
[16] *Democratic Nat'l Comm. v. Russian Federation*, 392 F. Supp.3d 410, 441 (S.D.N.Y. 2019).
[17] *Id.*
[18] *Id.*
[19] *Rojas v. Delta Airlines, Inc.*, 425 F. Supp. 3d 524, 538 (D. Md. 2019) (quoting *United Food & Comm. Wkrs. Union v. Walgreen Co.*, 719 F.3d 849, 855 (7th Cir. 2013)).
[20] *Connecticut Gen. Life Ins. Co. v. Advanced Surg. Ctr. of Bethesda, LLC*, 2015 WL 4394408, *15 (D. Md. July 15, 2015).
[21] *Rivers v. United States*, 2020 WL 6603457, *24 (W.D. Va. Nov. 10, 2020) (quoting *Handeen v. Lemaire*, 112 F.3d 1339, 1349 (8th Cir. 1997)).
[22] *See Terry A. Lambert Plumbing, Inc. v. Western Sec. Bank*, 934 F.2d 976, 981 (8th Cir. 1991) (the court stated: "Bankers do not become racketeers by acting like bankers") (citing *Menasco,*

## PROPOSED JURY INSTRUCTION NO. 29

### Agreed: Definition of Participating in the Conduct of the Enterprise's Affair "Through" a Pattern of Racketeering Activity

A defendant must conduct their acts of racketeering "through" the enterprise, i.e., there must be some connection between the defendant's predicate acts and the enterprise.[23] The "through" requirement is satisfied when the defendant uses his position in the enterprise to commit the racketeering acts or uses the resources, property, or facilities of the enterprise to commit the acts.[24]

A defendant does not conduct acts of racketeering "through" an enterprise where the defendant easily could have accomplished the scheme on its own with minimal assistance from other members of the enterprise.[25]

**Supporting Authority:**

O'Malley 5th ed., § 161:43.

---

*Inc. v. Wasserman*, 886 F.2d 681, 685 (4th Cir. 1989) (stating that courts should "prevent this type of ordinary commercial fraud from being transformed into a federal RICO claim").
[23] *United States v. Marino*, 277 F.3d 11, 27 (1st Cir.), *cert. denied*, 536 U.S. 948 (2002); *see also United States v. Fuller*, 2014 WL 4384061, *4 (E.D. Va. Sept. 4, 2014) (applying *Marino*).
[24] *Marino*, 277 F.3d at 27-28.
[25] *Connecticut Gen. Life Ins. Co. v. Advanced Surg. Ctr. of Bethesda, LLC*, 2015 WL 4394408, *15 (D. Md. July 15, 2015).

**PROPOSED JURY INSTRUCTION NO. 30**

**<u>Partially Agreed: Racketeering Activity: Mail Fraud</u>**

The term "racketeering activity," as used in these instructions, includes the acts of mail and wire fraud.  Navient contends that the Defendants violated RICO by committing acts of mail and wire fraud that constituted a pattern of racketeering activity.

The mail fraud statute, Section 1341 of Title 18 of the United States Code, which Navient alleges that the Defendants violated, provides in pertinent part, that:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises . . . for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service, [shall be guilty of an offense against the laws of the United States].

**<u>Plaintiff's Proposal:</u>** The crime of mail fraud is broad in scope and its fraudulent aspect is measured by a non-technical standard, condemning conduct which fails to conform to standards of moral uprightness, fundamental honesty, and fair play.

The gravamen of mail fraud is the scheme to defraud and any mailing that is incident to an essential part of the scheme satisfies the mailing element, even if the mailing itself contains no false information.  A scheme to defraud is one that is "contrary to public policy and conflicts with accepted standards of moral uprightness, fundamental honesty, fair play, and right dealing.[26] Defendants' association with others, who engaged in questionable conduct by not complying with regulations and laws, is relevant in proving that the defendant engaged in such a scheme.

**<u>(Defendants would omit the final two paragraphs.)</u>**

---

[26] *CSX Transp., Inc v. Peirce*, 974 F. Supp. 2d 927 (N.D. W. Va. 2013) ; *United States v. Mandel,* 591 F.2d 1347, 1360–61 (4th Cir.1979)

**Supporting Authority:**

18 U.S.C. § 1341.

O'Malley 5th ed., § 161:14.

*Abels v. Farmers Comm. Corp.*, 259 F.3d 910, 918 (8th Cir. 2001).

*Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 647 (2008).

**PROPOSED JURY INSTRUCTION NO. 31**

**<u>Plaintiff's Proposal: Elements of Mail Fraud</u>**

In order to establish that mail fraud has been committed for purposes of this case, Navient must show by a preponderance of the evidence that:

First: Defendants willfully and knowingly participated in a scheme to defraud Navient;

Second: Defendants did so with an intent to defraud; and

Third: Defendants either mailed something or caused it to be mailed in furtherance of their scheme.  To "cause" the mails to be used is to do an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use can reasonably be foreseen, even if the actual use of the mails was accomplished by someone other than Defendants.

There is no requirement that each Defendant personally used the mails in furtherance of the scheme, nor is there any requirement that the mailing itself contain false information.  It is enough if the Defendant knows that in the execution of the scheme letters are likely to be mailed, and if in fact they are mailed.

Each separate use of the mails in furtherance of a scheme or plan to defraud is a separate predicate act of mail fraud.

The crime of mail fraud can include the fraudulent filing of a lawsuit, as well as the filing of subsequent documents pursuant to that lawsuit.  The use of the mails need not in and of itself be fraudulent to constitute an offense under the mail fraud statute.  In the case of the fraudulent filing of a lawsuit, the placing in the mail of a complaint and its accompanying papers is a sufficient connection with the mail system to constitute a violation of the mail fraud statute.

**Supporting Authority:**

18 U.S.C. § 1341.

*Pereira v. United States*, 347 U.S. 1, 7-9 (1954).

*United States v. Draiman*, 784 F.2d 248, 251 (7th Cir. 1986).

*United States v. Mackay*, 491 F.2d 616, 619 (10th Cir. 1973).

*U.S. v. Perkal*, 530 F.2d 604, 606-607 (4th Cir. 1976), *cert. denied*, 429 U.S. 821 (1976).

*Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 647 (2008).

O'Malley 5th ed., §§ 161:24, 161:55, 161:57.

*United States v. Murr*, 681 F.2d 246, 248-49 (4th Cir. 1982).

*CSX Transp., Inc. v. Gilkison*, 5:05-cv-202, 2012 WL 1598081 (N.D. W. Va. May 3, 2012).

### Defendants' Proposal: Elements of Mail Fraud

In order to establish that mail fraud has been committed for purposes of this case, Navient must show by a preponderance of the evidence that:

First: Defendants willfully and knowingly participated in a scheme to defraud Navient;

Second: Defendants did so with an intent to defraud; and

Third: Defendants either mailed something or caused it to be mailed in furtherance of their scheme.[27]  To "cause" the mails to be used is to do an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use can reasonably be foreseen, even if the actual use of the mails was accomplished by someone other than Defendants.[28]

There is no requirement that each Defendant personally used the mails in furtherance of the scheme.[29] It is enough if the Defendant knows that in the execution of the scheme letters are likely to be mailed, and if in fact they are mailed. [30]

---

[27] *United States v. Vinson*, 852 F.3d 333, 355 (4th Cir. 2017).
[28] Pereira v. United States, 347 U.S. 1, 7-9 (1954).
[29] *Id.*
[30] *Id.*

There is not any requirement that the mailing itself contain false information.[31] Even a victim's or third-party's use of the mails violates the statute if it furthers or facilitates the scheme to defraud and was "caused" by the defendant.[32]

Each separate use of the mails in furtherance of a scheme or plan to defraud is a separate predicate act of mail fraud.[33]

---

[31] *Schmuck v. United States*, 489 U.S. 705, 711 (1989).
[32] Pereira, 347 U.S. at 7-9.
[33] 18 U.S.C. § 1341.

**PROPOSED JURY INSTRUCTION NO. 32**

**<u>Agreed: Racketeering Activity: Wire Fraud</u>**

The wire fraud statute, Section 1343 of Title 18 of the United States Code, which Navient

alleges that Defendants violated, provides in pertinent part, that:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for
> obtaining money or property by means of false or fraudulent pretenses, representations, or
> promises, transmits or causes to be transmitted by means of wire, radio, or television
> communication in interstate or foreign commerce, any writings, signs, signals, pictures, or
> sounds for the purpose of executing such scheme or artifice, [shall be guilty of an offense
> against the laws of the United States].

**Supporting Authority:**

18 U.S.C. § 1343.

O'Malley 5th ed., § 161:15.

## PROPOSED JURY INSTRUCTION NO. 33

### Plaintiff's Proposal: Elements of Wire Fraud

In order to establish that wire fraud has been committed for purposes of this case, Navient must show by a preponderance of the evidence that:

First: Defendants willfully and knowingly participated in a scheme to defraud Navient;

Second: Defendants did so with an intent to defraud; and

Third: The use of the interstate wires was closely related to the scheme in that Defendants either used the wires directly or caused them to be used in furtherance of their scheme.  To "cause" the wires to be used is to do an act with knowledge that the use of wires will follow in the ordinary course of business or where such use can reasonably be foreseen, even if the actual use of the wires was accomplished by someone other than Defendants.  It is not necessary that the use of the wires be the exclusive means of accomplishing the fraud.

Interstate telephone calls or radio communications are an essential element of the predicate act of wire fraud.  Each separate use of such facilities in furtherance of a scheme or plan to defraud is a separate predicate act of wire fraud.  Thus, initiating telephone calls to Navient, or triggering calls from Navient to loan holders, can satisfy this element if it furthers a scheme or plan to defraud.

The crime of wire fraud can include the fraudulent filing of a lawsuit, as well as the filing of subsequent documents pursuant to that lawsuit.  The crime of wire fraud can also include an attorney's scheme to mislead a Defendant by falsely portraying the extent of its potential exposure and the likelihood of an adverse result in a manner designed to induce the Defendant to settle a case and to do so at a higher figure than otherwise might have been available.  The use of the wires need not in and of itself be fraudulent to constitute an offense under the wire fraud statute.  In the case of the fraudulent filing of a lawsuit, the use of the wires to file a complaint and its

46

accompanying papers is a sufficient connection with the interstate wires to constitute a violation of the wire fraud statute.

**Supporting Authority:**

18 U.S.C. § 1343.

*Pereira v. United States*, 347 U.S. 1, 7-9 (1954).

*United States v. Calandrella*, 605 F.2d 236, 253 (6th Cir. 1979).

O'Malley 5th ed., §§ 161:26, 161:55, 161:57.

*Chevron v. Donziger*, 974 F. Supp. 2d 362, 590 (S.D.N.Y. 2014), *cert. denied*, 137 S. Ct. 2268 (2017).

## Defendants' Proposal: Elements of Wire Fraud[34]

In order to establish that wire fraud has been committed for purposes of this case, Navient must show by a preponderance of the evidence that:

First: Defendants willfully and knowingly participated in a scheme to defraud Navient;

Second: Defendants did so with an intent to defraud; and

Third: Defendants either used or caused the use of the interstate wires in furtherance of their scheme. To "cause" the use of the interstate wires is to do an act with knowledge that the use of the interstate wires will follow in the ordinary course of business or where such use can reasonably be foreseen, even if the actual use of the interstate wires was accomplished by someone other than Defendants.

---

[34] *Carpenter v. United States*, 484 U.S. 19, 25 n.6 (1987) (stating that the substantive elements of mail and wire fraud are identical).

There is no requirement that each Defendant personally used the interstate wires in furtherance of the scheme.  It is enough if the Defendant knows that, in the execution of the scheme, the interstate wires are likely to be used and, in fact, are used.

There is not any requirement that the wire transmission itself contain false information. Even a victim's or third-party's use of the interstate wires violates the statute if it furthers or facilitates the scheme to defraud and was "caused" by the defendant.

Each separate use of the interstate wires in furtherance of a scheme or plan to defraud is a separate predicate act of wire fraud.

**PROPOSED JURY INSTRUCTION NO. 34**

**Agreed: Racketeering: Witness Tampering**

The term "racketeering activity" includes witness tampering in violation of 18 U.S.C. §

1512(b). Navient claims that Defendants Jeffrey Lohman, Jeremy Branch, and the Law Offices of

Jeffrey Lohman violated that statute by:

> corruptly . . . persuading another person, or attempting to do so, or engaging in misleading
> conduct toward another person, with intent to . . . influence, delay, or prevent the testimony
> of any person in an official proceeding.

**Supporting Authority:**

18 U.S.C. § 1512(b).

## PROPOSED JURY INSTRUCTION NO. 35

### <u>Plaintiff's Proposal: Elements of Witness Tampering</u>

In order to establish that witness tampering has been committed for purposes of this case, Navient must show by a preponderance of the evidence that:

First: Defendants corruptly persuaded or attempted to corruptly persuade another person;

Second: Defendants acted knowingly; and

Third: Defendants acted with intent to influence, delay, or prevent the testimony of any person in an official proceeding.

The phrase "corruptly" means motivated by an improper purpose.

The phrase "with intent to influence, delay, or prevent testimony" means to act for the purpose of causing a person to change his or her testimony or information in any way or to withhold testimony or information, permanently or only for a period of time.

An "official proceeding" means a proceeding before a judge or court of the United States, a United States magistrate, a bankruptcy judge, or a federal grand jury.

The crime of witness tampering can include writing out potential questions and proposed answers for clients to provide in testimony.

**Supporting Authority:**

18 U.S.C. § 1512.

*United States v. Johnson*, 553 F. Supp. 2d 582 (E.D. Va. 2008).

O'Malley 5th ed., § 49.05.

*Crutchfield v. Wainwright*, 803 F.2d 1103, 1110 (11th Cir. 1986).

*In re Cendant Corp. Securities Litig.*, 343 F.3d 658, 668 n.8 (3d Cir. 2003).

## Defendants' Proposal: Elements of Witness Tampering

In order to establish that witness tampering has been committed for purposes of this case, Navient must show by a preponderance of the evidence that:

First: Defendants corruptly persuaded or attempted to corruptly persuade another person;

Second: Defendants acted knowingly; and

Third: Defendants acted with intent to influence, delay, or prevent the testimony of any person in an official proceeding.[35]

The phrase "corruptly" means wrongful, immoral, depraved or evil.[36]

An "official proceeding" means a proceeding before a judge or court of the United States, a United States magistrate, a bankruptcy judge, or a federal grand jury.[37] An arbitration proceeding is not an "official proceeding."[38]

Finally, there must be a nexus between the obstructive act and the particular official proceeding.[39] A defendant must believe that his actions are likely to affect a particular existing or foreseeable official proceeding.[40]

Bad faith litigation tactics alone do not constitute witness tampering.[41]

---

[35] 15 U.S.C. § 1512(b); *United States v. Johnson*, 553 F. Supp. 2d 582, 623 (E.D. Va. 2008).
[36] *Johnson*, 553 F. Supp.2d at 623.
[37] 18 U.S.C. §§ 1512, 1515(a).
[38] *See id.*
[39] *Johnson*, 553 F. Supp.2d at 623.
[40] *Id.*
[41] *Snow Ingredients, Inc. v. Snowlizard Inc.*, 833 F.3d 512, 523-25 (5th Cir. 2016).

## PROPOSED JURY INSTRUCTION NO. 36

### <u>Agreed: "Knowingly" and "Willfully"</u>

As used in RICO, to act "knowingly" means to act voluntarily and intentionally, not because of mistake or accident.

"Willfully" means that the action was done voluntarily and purposely, with the specific intent to do something the law forbids.

**Supporting Authority:**

O'Malley 5th ed., § 161:52, 161:53.

## PROPOSED JURY INSTRUCTION NO. 37

### Agreed: Intent to Defraud

In order to establish fraudulent intent on the part of a person, it must be established that such person knowingly and intentionally attempted to deceive another.  One who knowingly and intentionally deceives another is chargeable with fraudulent intent notwithstanding the manner and form in which the deception was attempted.

To act with "intent to defraud" means to act knowingly and with the specific intent to deceive, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to oneself.

The words "scheme" and "artifice" in the mail fraud statute include any plan or course of action intended to deceive others, and to obtain, by false or fraudulent pretenses, representations, or promises, money or property from persons so deceived.

**Supporting Authority:**

O'Malley 5th ed., § 161:54.

## PROPOSED JURY INSTRUCTION NO. 38

### Agreed: State of Mind

You have heard and will hear throughout these instructions references to "knowingly," "willfully," and "intentionally" in relation to various elements of the offenses or predicate acts charged. These terms refer to the state of mind of the Defendants. You must decide whether various acts were committed by the Defendants with a certain state of mind.

You may infer a Defendant's state of mind from both the Defendant's words and the Defendant's actions. The commission of an act may more clearly show a Defendant's state of mind than the Defendant's words or explanation uttered long after the act's occurrence.

You may determine a Defendant's state of mind based upon the facts and circumstances surrounding the act and any reasonable inferences drawn from those facts and circumstances.

**Supporting Authority:**

O'Malley 5th ed., § 161:58.

## PROPOSED JURY INSTRUCTION NO. 39

### Plaintiff's Proposal: False Statements

A statement or representation is "false" or "fraudulent" within the meaning of the mail fraud statute if it relates to a material fact and is known to be untrue or is made with reckless indifference as to its truth or falsity, and is made or caused to be made with intent to defraud. A statement or representation may also be "false" or "fraudulent" when it constitutes a half truth, or effectively conceals a material fact, with intent to defraud.

A fact, falsehood, or representation is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of a reasonable person in deciding whether to engage or not to engage in a particular transaction. However, whether a fact, falsehood, or representation is "material" does not depend on whether the person was actually deceived.

It is not necessary that Navient prove:

1.     All of the details concerning the precise nature and purpose of the scheme, or

2.     That the material fact was itself false or fraudulent, or

3.     That the alleged scheme actually succeeded in defrauding anyone, or

4.     That the use of the mail was intended as the specific or exclusive means of accomplishing the alleged fraud.

What must be shown by a preponderance of the evidence is that Defendants knowingly and willfully devised or intended to devise a scheme to defraud substantially the same as the one alleged by Navient. Within the meaning of the mail and wire fraud statutes, "to defraud" means to use dishonest methods or schemes and usually signifies the deprivation of something of value by trick, deceit, chicanery, or overreaching. In other words, Navient must prove by a preponderance of the evidence that a Defendant or Defendants specifically intended to deprive

Navient of something of value through misrepresentation or similar dishonest conduct, which indeed did cause Navient harm.[42]

**Supporting Authority:**

O'Malley 5th ed., §§ 161:54, 161:57, 161:59.

<u>**Defendants' Proposal: False Statements**</u>

A statement or representation is "false" or "fraudulent" within the meaning of the mail <u>and wire</u> fraud statutes if it relates to a material fact and is known to be untrue or is made with reckless indifference as to its truth or falsity, and is made or caused to be made with intent to defraud. A statement or representation may also be "false" or "fraudulent" when it constitutes a half truth, or effectively conceals a material fact, with intent to defraud.

A fact, falsehood, or representation is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of a reasonable person in deciding whether to engage or not to engage in a particular transaction. However, whether a fact, falsehood, or representation is "material" does not depend on whether the person was actually deceived.

What must be shown by a preponderance of the evidence is that Defendants knowingly and willfully devised or intended to devise a scheme to defraud substantially the same as the one alleged by Navient. Within the meaning of the mail and wire fraud statutes, "to defraud" means to use dishonest methods or schemes and usually signifies the deprivation of something of value by trick, deceit, chicanery, or overreaching. In other words, Navient must prove by a preponderance of the evidence that a defendant or defendants specific intended to deprive Navient of something of value through misrepresentation or similar dishonest conduct, which indeed did

---

[42] *United States v. Wynn*, 684 F.3d 473, 478 (4th Cir. 2012).

cause Navient harm.[43]

**Supporting Authority:**

O'Malley 5th ed., §§ 161:54, 161:57, 161:59.

---

[43] *United States v. Wynn*, 684 F.3d 473, 478 (4th Cir. 2012).

## PROPOSED JURY INSTRUCTION NO. 40

### Defendants' Proposal: Litigation Activities

Frivolous, fraudulent, or baseless litigation activities – without more – are not acts of racketeering.[44] Obstructive, abusive, and fraudulent litigations tactics should be dealt with during the course of the litigation in which they arose; they do not justify a subsequent RICO claim.[45] Likewise, an attorney's performance of unauthorized work is at worst a violation of the rules of professional responsibility but is not an act of racketeering.[46] Even if an attorney makes incorrect allegations in a pleading, that litigation conduct does not constitute a scheme to defraud.[47] A scheme to defraud requires corrupt activity like bribing witnesses or parties.[48]

### Plaintiff's Proposal: (No Instruction)

Plaintiff would omit this instruction.

---

[44] *Kim v. Kimm*, 884 F.3d 98, 104 (2d Cir. 2018); *Republic of Kazakhstan v. Stati*, 380 F. Supp.3d 55, 61 (D.D.C. 2019), *aff'd*, 801 Fed.Appx. 780 (D.C. Cir. 2020); *Winters v. Jones*, 2018 WL 326518, *8–10 (D.N.J. Jan. 8, 2018).

[45] *Eastern Sav. Bank, FSB v. Papageorge*, 31 F. Supp.3d 1, 12, 22 (D.D.C. 2014), *aff'd*, 629 Fed.Appx. 1 (D.C. Cir. 2015).

[46] *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir.), *cert. denied*, 557 U.S. 920 (2009); *Thomas v. Baca*, 2007 WL 738545 (C.D. Cal. Feb. 28, 2007), *aff'd*, 308 Fed.Appx. 87 (9th Cir. 2009).

[47] *Jacovetti Law, P.C. v. Everett*, 2020 WL 5211034, *3 (E.D. Pa. Sept. 1, 2020).

[48] *Id.*

## PROPOSED JURY INSTRUCTION NO. 41

**Defendants' Proposal: Formality in Forming an Attorney-Client Relationship**

Formality is not an essential element of employment of an attorney. The contract may be express or implied, and it is sufficient that the advice and assistance of the attorney is sought and received, in matters pertinent to his profession.[49]

### Plaintiff's Proposal: (No Instruction)

Plaintiff would omit this instruction.

---

[49] *Nicholson v. Shockey*, 64 S.E.2d 813, 817 (Va. 1951).

## PROPOSED JURY INSTRUCTION NO. 42

### <u>Defendants' Proposal: Ratification</u>

A party may ratify a contract by any conduct indicating assent to the contract.[50] If a contract is ratified, the ratification relates back to the execution of the contract and renders it obligatory from its inception.[51]

### <u>Plaintiff's Proposal: (No Instruction)</u>

Plaintiff would omit this instruction.

---

[50] *Wells Fargo Bank, N.A. v. Smith*, 2011 WL 3841832, *3 (E.D. Va. Aug. 30, 2011).

[51] *Id.* (quoting *Brewer v. The First Nat'l Bank of Danville,* 120 S.E.2d 273 (Va. 1961)).

## PROPOSED JURY INSTRUCTION NO. 43

### Defendants' Proposal: Intentional Default

A debtor, such as a borrower whose loans is serviced by NSL, may choose, at his/her sole discretion, to pay his/her unsecured creditors and secured creditors contemporaneously. A debtor may opt to satisfy his/her secured creditors first. That way the debtor may be in a better position to keep certain property, e.g., his home or car.

**Supporting Authority:**

*In re Baines*, 263 B.R. 868, 873 (Bankr. S.D. Ill. 2001).

### Plaintiff's Proposal: (No Instruction)

Plaintiff would omit this instruction.

**PROPOSED JURY INSTRUCTION NO. 44**

**<u>Defendants' Proposal: Unanimity on Racketeering Acts</u>**

Plaintiff alleges that Defendants committed acts of racketeering. With regard to each defendant, the plaintiff satisfies its burden if it proves by a preponderance of the evidence that at least two of the alleged racketeering acts sufficiently related to constitute a pattern were committed by the defendant within the prescribed time.

However, you may not find that the plaintiff has established this element unless you all agree that at least two particular racketeering acts were committed by the defendant. It is not enough if some of you think that only racketeering acts A and B were committed by the defendant, and the rest of you think that only acts C and D were committed by the defendant. There must be at least two specific racketeering acts that you unanimously find by a preponderance of the evidence were committed by the defendant in order to satisfy this element.

**Supporting Authority:**

4 Modern Federal Jury Instructions-Civil P 84-28 (2021).

**<u>Plaintiff's Proposal: (No Instruction)</u>**

Plaintiff would omit this instruction.

## PROPOSED JURY INSTRUCTION NO. 45

### Agreed: Definition of "Pattern of Racketeering Activity"

In this case, Navient contends that the activities of the Defendants in using the mails and telephone wires to communicate with each other, their clients, courts, arbitration tribunals, Navient and its lawyers, and others in filing and prosecuting numerous fraudulent Telephone Consumer Protection Act cases against Navient constituted a pattern of racketeering activity. Acts of racketeering activity may include, as Plaintiff alleges in this case, violations of the federal mail fraud, wire fraud, and witness tampering statutes.

To establish a pattern of racketeering activity, Navient must prove by a preponderance of the evidence that:

1. Defendants committed at least two acts of racketeering within ten years of each other. While the two acts of racketeering activity need not be of the same kind, you must find by a preponderance of the evidence that at least two acts of racketeering activity occurred within the time specified.

2. The acts of racketeering shared the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events, and

3. The acts of racketeering were continuous. Acts of racketeering are sufficiently continuous if they occurred over a "substantial period of time" or if the acts of racketeering were a regular way in which Defendants did business or if the acts of racketeering would have gone on indefinitely in the absence of this lawsuit.

**Supporting Authority:**

O'Malley 5th ed., § 161:47.

18 U.S.C. § 1961(5).

*Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 233 (4th Cir. 2004).

*H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 240-41 (1989).

*United States v. Bustamante*, 45 F.3d 933, 941-42 (5th Cir. 1995).

*Bloodstock Research Info. Servs. v. edbain.com, LLC*, 622 F. Supp. 2d 504, 514-15 (E.D. Ky. 2009)

*Smithfield Foods, Inc. v. United Food and Commer. Workers Int'l Union*, 633 F. Supp. 2d 214, 227 (E.D. Va. 2008).

## PROPOSED JURY INSTRUCTION NO. 46

### Agreed: RICO: Section 1962(d)

In Count 3 of its Complaint, Navient claims that The Law Offices of Jeffrey Lohman, Jeremy Branch, Jeffrey Lohman, Rick Graff, Gregory Trimarche, and GST Factoring violated RICO, Section 1962(d), by forming a conspiracy to violate Section 1962(c).

**Supporting Authority:**

O'Malley 6th ed., § 161:13.

**PROPOSED JURY INSTRUCTION NO. 47**

**Plaintiff's Proposal: Elements of a 1962(d) Violation**

In order to prove a violation of Section 1962(d), Navient must prove by a preponderance of the evidence that the Defendant became a member of the alleged conspiracy.

With respect to Count 3 of its Complaint, Navient must prove that Defendants The Law Offices of Jeffrey Lohman, Jeffrey Lohman, Jeremy Branch, Rick Graff, Gregory Trimarche, and/or GST Factoring joined with the other members of the alleged conspiracy in an agreement to conduct or participate in the affairs of the enterprise through a pattern of racketeering activity.

To do so, Navient must prove the following:

First: A Defendant is a person who conspired to violate Section 1962(c).

Second: Another Defendant (or Defendants) understood the nature or unlawful character of that conspiratorial plan.

Third: The Defendant agreed to join with others to achieve the objective of the conspiracy. To conspire to conduct the affairs of an enterprise, the Defendant must be aware of the existence and purpose of the enterprise.

Fourth: The Defendant agreed that the enterprise would be conducted through a pattern of racketeering activity.  This means that the commission of at least two predicate crimes by the conspiracy was contemplated.

For the jury to conclude that a Defendant became a member of the alleged conspiracy, it need not determine that he himself committed or agreed to commit the two predicate acts that constitute a substantive RICO offense under § 1962(c).  In other words, Navient need not prove an overt act by every member of the conspiracy; instead, it must show that each conspiring Defendant intended to further an endeavor that, if completed, would satisfy all of the elements of

66

Section 1962(c).  It suffices that a Defendant adopt the goal of furthering or facilitating the criminal endeavor.  A conspiracy may exist even if a conspirator does not agree to commit or facilitate each and every part of the Section 1962(c) violation.  If conspirators have a plan which calls for some conspirators to perpetrate the crime and others to provide support, the supporters are as guilty as the perpetrators.

Because, by their very nature, conspiracies are clandestine and covert, they frequently result in little direct evidence of agreement among the conspirators.  Hence, conspiracies are generally proven by circumstantial evidence and the context in which the circumstantial evidence is presented.  Indeed, a conspiracy may be proven wholly by circumstantial evidence.

If you find that the alleged conspiracy existed, then the acts and statements of the conspirators are binding on all of those who you find were members of the conspiracy.  One it has been shown that a conspiracy exists, the evidence need only establish a slight connection between the Defendant and the conspiracy.  In other words, although the Plaintiff must prove both the existence of a conspiracy and the Defendants' connection to it, that connection need only be slight.

Once a person is found by you to be a member of a conspiracy, he is presumed to remain a member and is responsible for all actions taken by all conspirators during and in furtherance of the conspiracy until it is shown that the conspiracy has been completed or abandoned or that person has withdrawn from the conspiracy.

**Supporting Authority:**

18 U.S.C. § 1962(d).

*Glass v. Glass*, 321 S.E.2d 69, 74 (Va. 1984).

O'Malley 5th ed., § 161:23.

*Salinas v. United States*, 522 U.S. 52, 65 (1997).

*CGC Holding Co., LLC v. Broad and Cassel*, 773 F.3d 1076, 1088 (10th Cir. 2014).

*United States v. Burgos*, 94 F.3d 849, 857-58 (4th Cir. 1996).

### Defendants' Proposal: Elements of a 1962(d) Violation

With respect to its RICO conspiracy claim under section 1962(d), Navient must prove by a preponderance of the evidence that Defendants The Law Offices of Jeffrey Lohman, Jeffrey Lohman, Jeremy Branch, Rick Graff, Gregory Trimarche, or GST Factoring agreed to further or facilitate another Defendants' violation of section 1962(c).

To do so, Navient must prove the following:

First: at least one Defendant violated section 1962(c) as an operator or manager of the enterprise through a pattern of racketeering.[52]

Second: Another Defendant (or Defendants) understood the nature or unlawful character of the operator or manager's endeavor.

Third: The Defendant (or Defendants) agreed to join with the operator or manager(s) to conduct the affairs of an enterprise. The Defendant (or Defendants) must be aware of the existence and purpose of the enterprise.

Fourth: The Defendant (or Defendants) agreed that the enterprise would be conducted through a pattern of racketeering activity. This means that the commission of at least two predicate crimes by the conspiracy was contemplated.

For the jury to conclude that a Defendant became a member of the alleged conspiracy, it need not determine that he himself committed or agreed to commit the two predicate acts that constitute a substantive RICO offense under § 1962(c). In other words, Navient need not prove

---

[52] A cause of action for conspiracy under § 1962(d) necessarily fails if the substantive claim fails. *Field v. GMAC LLC*, 660 F. Supp. 2d 679, 688 (E.D. Va. 2008).

an overt act by every member of the conspiracy; instead, it must show that each conspiring Defendant intended to further an endeavor that, if completed, would satisfy all of the elements of section 1962(c).  It suffices that a Defendant adopt the goal of furthering or facilitating the criminal endeavor.  A conspiracy may exist even if a conspirator does not agree to commit or facilitate each and every part of the section 1962(c) violation.  If conspirators have a plan which calls for some conspirators to perpetrate the crime and others to provide support, the supporters are as guilty as the perpetrators.

If you find that the alleged conspiracy existed, then the acts and statements of the conspirators are binding on all of those who you find were members of the conspiracy.   Once a person is found by you to be a member of a conspiracy, he is presumed to remain a member and is responsible for all actions taken by all conspirators during and in furtherance of the conspiracy until it is shown that the conspiracy has been completed or abandoned or that person has withdrawn from the conspiracy.

**Supporting Authority:**

18 U.S.C. § 1962(d).

*Glass v. Glass*, 321 S.E.2d 69, 74 (Va. 1984).

O'Malley 5th ed., § 161:23.

*Salinas v. United States*, 522 U.S. 52, 65 (1997).

*CGC Holding Co., LLC v. Broad and Cassel*, 773 F.3d 1076, 1088 (10th Cir. 2014).

**PROPOSED JURY INSTRUCTION NO. 48**

**<u>Partially Agreed: RICO: Conspiracy Agreement</u>**

To hold a particular defendant liable for conspiracy, Navient must prove by a preponderance of the evidence that the particular defendant knowingly reached an agreement or understanding with at least one other person to participate, directly or indirectly, in the affairs of an enterprise through a pattern of racketeering activity.

The agreement or understanding need not be an express or formal agreement or be in writing or cover all the details of how it is to be carried out. Nor is it necessary that the members have directly stated between themselves the details or purpose of the scheme. You should understand that merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person has joined in an agreement or understanding. A person who has no knowledge of a conspiracy but who happens to act in a way which advances some purpose of one does not thereby become a member.

But a person may join in an agreement or understanding, as required by this element, without knowing all the details of the agreement or understanding, and without knowing who all the other members are. Further it is not necessary that a person agree to play any particular part in carrying out the agreement or understanding. A person may become a member of a conspiracy even if that person agrees to play only a minor part in the conspiracy, as long as that person has an understanding of the unlawful nature of the plan and voluntarily and intentionally joins in it.

In determining whether the alleged conspiracy existed you may consider the actions and statements of all the alleged participants. The agreement may be inferred from all the circumstances and the conduct of the alleged participants.

**Plaintiff's Proposal:** To prove that an individual was a member of a RICO conspiracy, a plaintiff need show only "slight evidence" that he or she was a member of the conspiracy once the conspiracy itself is establish.  Under Section 1962(d), remote associates of an enterprise can be held liable as conspirators on the basis of purely circumstantial evidence. **(Defendants would omit.)**

**Supporting Authority:**

Manual of Model Criminal Jury Instructions for the District Courts of the Eighth Circuit, § 6.18.1962C (2017).

**PROPOSED JURY INSTRUCTION NO. 49**

**<u>Defendants' Proposal: RICO: Civil Standing</u>**

In order to recover damages under RICO, Navient must have "standing." A plaintiff has standing only if it is the type of victim that was authorized by Congress to bring a civil lawsuit under RICO.

In order to have "standing," Navient must prove by a preponderance of the evidence that:

1)      It was injured in its business or property

2)      By reason of Defendant(s) RICO violation(s).

**Supporting Authority:**

18 U.S.C.  § 1964(c).

**<u>Plaintiff's Proposal: (No Instruction)</u>**

Plaintiff would omit this instruction.

**PROPOSED JURY INSTRUCTION NO. 50**

**<u>Plaintiff's Proposal: RICO: Injury</u>**

For Navient to prevail under RICO, it must prove by a preponderance of the evidence that the Defendants' RICO violations were the "proximate cause" of injury to Navient's business or property.  Therefore, you must find that Navient suffered an injury to its business or property and that the injury was caused by reason of the Defendants' violation of RICO.

The pertinent inquiry in determining the existence of proximate cause is whether the conduct has been so significant and important a cause that the Defendant should be held responsible.

A finding that Plaintiff Navient was injured in its business or property because of the Defendants' violation of RICO requires that you find the Plaintiff's damages were caused by the Defendants' alleged mail fraud, wire fraud, or witness tampering.  However, to find that injury to Navient's business or property was caused by reason of a Defendant's violation of RICO, you must also find that the injury to Navient was caused by, and was a direct result of, that Defendant's violation of Sections 1962(c) or 1962(d).

Therefore, you must find that the commission of the acts of racketeering by that Defendant, or the pattern of racketeering by that Defendant, or the conduct of the affairs of the enterprise through the pattern of racketeering activity by that Defendant, directly resulted in the injury or played a substantial role in producing the injury.  If Navient would have incurred the alleged damages regardless of any RICO violation by a Defendant, then those damages are not proximately caused by that Defendant's RICO violation.

**Supporting Authority:**

O'Malley 5th ed., § 161:70.

*Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 9 (2010).

*Holmes v. Sec. Inv. Protection Corp.*, 503 U.S. 258, 268 (1992).

*Slay's Restoration, LLC v. Wright Nat'l Flood Ins. Co.*, 884 F.3d 489 (4th Cir. 2018).

### **Defendants' Proposal: RICO: Injury by Reason of the RICO Violation**

Navient can only recover if, and to the extent that, it has been injured in its business or property by the conduct constituting the RICO violation.[53] Accordingly, Navient must prove by a preponderance of the evidence that: (1) it would not have been injured "but for" Defendants' acts of racketeering; and (2) Defendants' acts of racketeering were also the proximate cause of the plaintiff's injuries.[54]  As discussed earlier, the acts of racketeering claimed by Navient are federal mail fraud, federal wire fraud, and witness tampering.

In other words, the acts of racketeering activity must themselves cause the injury.[55] A defendant does not violate RICO, and is not liable for damage under RICO, for wrongful conduct that does not constitute an act of racketeering, such as violating the ethical rules of their profession, committing professional negligence, or committing criminal acts that are not acts of racketeering punishable under RICO.[56]

Acts of racketeering are the proximate cause of an injury only if there is some direct relationship between the acts and the harm to the plaintiff.[57] The general tendency of the law, in regard to damages at least, is not to go beyond the first step.[58]

---

[53] *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985).
[54] *Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 9 (2010).
[55] *In re XE Servs. Alien Tort Litig.*, 665 F. Supp. 2d 569, 598 (E.D. Va. 2009).
[56] 18 U.S.C. §§ 1961(1), 1962(c), 1964(c); *Sedima*, 473 U.S. at 496; *Beck v. Prupis*, 529 U.S. 494, 505 (2000).
[57] *Hemi Grp., LLC*, 559 U.S. at 9; *Holmes v. Sec. Inv. Protection Corp.*, 503 U.S. 258, 268 (1992)).
[58] *Id.; Slay's Restoration, LLC v. Wright Nat'l Flood Ins. Co.*, 884 F.3d 489, 494 (4th Cir. 2018).

A plaintiff cannot recover for harm visited upon a third person.[59] Regardless of how foreseeable a plaintiff's injury might have been or even what motive underlaid the conduct that caused the harm, the injury for which a plaintiff may seek damages under RICO cannot be contingent on or derivative of harm suffered by a different party.[60] With regard to witness tampering, the direct victim is the witness who was corruptly persuaded.[61]

An injury is not proximately caused by the defendants' conduct where substantial intervening factors attenuate the causal connection between the defendant's conduct and the plaintiff's injury or where the chain of causation is fraught with unanswered questions, intricate, or uncertain.[62]

A defendant is not liable for injuries caused by the plaintiff's own conduct.[63] For example, a defendant is not liable for injuries caused by the plaintiff's poor business practices.[64] Self-inflicted injuries sever the causal nexus needed to establish standing.[65]

In short, a remote, purely contingent, or indirect link between the acts of racketeering and the harm does not establish proximate cause.[66]

---

[59] *Holmes*, 503 U.S. at 268.

[60] *Slay's Restoration, LLC*, 884 F.3d at 494-495.

[61] *Gratz v. Ruggiero*, 2017 WL 2215267, *2 (E.D. Pa. 2017).

[62] *Holmes*, 503 U.S. at 270, 259; *Empire Merchants, LLC v. Reliable Churchill LLLP,* 902 F.3d 132, 142-143 (2d Cir. 2018); *Doe v. Trump Corp.,* 385 F. Supp. 3d 265, 276–77 (S.D.N.Y. 2019).

[63] *Cordoba v. DIRECTTV, LLC*, 942 F.3d 1259, 1271 (11th Cir. 2019).

[64] *Holmes*, 503 U.S. at 270, 259.

[65] *Ellis v. Jackson*, 319 F. Supp.3d 23, 32 (D.D.C. 2018), *aff'd*, 850 Fed. Appx. 6 (D.C. Cir. 2021).

[66] *Hemi Grp., LLC*, 559 U.S. at 9.

**PROPOSED JURY INSTRUCTION NO. 51**

**Plaintiff's Proposal: RICO: Injury to Business or Property**

In considering the issue of Navient's damages, if any, with respect to the RICO claim, you should assess the amount you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for all of the damages to the Plaintiff in its business or property, no more and no less.

Under Section 1964(c), Navient may recover only for injury to Navient's business or property. Injury to business may include lost profits and expenses incurred in connection with Defendant's RICO violation and a decrease in the value or worth of the business or property itself. These injuries and expenses can include costs spent in defending fraudulently created lawsuits.

In considering the issue of damages, if any, with respect to the RICO claims, you must assess the amount you find justified by a preponderance of the evidence as full, just, and reasonable compensation for all of the damages to Navient in its business or property. Damages may not be based on speculation because it is only actual damages, what the law calls compensatory damages, that you are to determine.

You should consider the amount of damages, if any, as to each Defendant with respect to each RICO claim separately and independently from the amount of damages, if any, with respect to the other, non-RICO claims. For example, if you determine that damages should be awarded to Navient under its RICO claim, you should award full, just, and reasonable compensation for damages under the RICO claim, without regard to the damages, if any, you might award under any other claim brought by Navient.

**Supporting Authority:**

O'Malley 5th ed., § 161:90.

*CSX Transp., Inc v. Peirce*, 974 F. Supp. 2d 927 (N.D. W. Va. 2013).

*Crowe v. Smith*, 848 F. Supp. 1258, 1264 (W.D. La. 1994).

## **Defendants' Proposal: RICO: Injury to Business or Property**

The damages claimed by Navient in this lawsuit are injuries to business or property.

Navient, however, can only recover damages that are concrete, ascertainable, and reasonably quantifiable.[67] Speculative damages which are contingent on some future event, lost profits, or unanticipated future expense are not recoverable.[68]

Like all other elements of its claim, Navient must prove its damages by a preponderance of the evidence.

Although money paid by Navient to resolve the underlying claims qualifies as a business or property, a party has no property interest in judicial proceedings[69], and the expectation of a favorable outcome in litigation is not a property interest protected under RICO.[70]

---

[67] *Gamboa v. Ford Motor Co.*, 381 F. Supp.3d 852, 878 (E.D. Mich. 2019).
[68] *Id.*
[69] *Thomas v. Baca*, 2007 WL 738545, *7 (C.D. Cal. Feb. 28, 2007).
[70] *Bachi-Reffitt v. Refitt*, 2017 WL 5998112, *9 (W.D. Mich. Dec. 4, 2017), *aff'd*, 802 Fed.Appx. 913 (6th Cir. 2020).

## PROPOSED JURY INSTRUCTION NO. 52

### Plaintiff's Proposal: Elements of Fraud

In Count 4 of its Complaint, Navient claims that Defendants Jeffrey Lohman, Jeremy Branch, and the Law Offices of Jeffrey Lohman committed fraud by developing a scheme to induce student loan holders to stop making payments, go into default, and to trigger telephone calls from Navient that arguably violated a law against automatic calls, by filing lawsuits without authorization, and other legal papers containing misrepresentations.

The essential elements in an action for fraud are: (1) a false representation, (2) of a material fact, (3) made intentionally or knowingly, (4) with intent to mislead, (5) reliance thereon by the party being misled, and (6) resulting damage to the party being misled.

An action for fraud may lie where the Defendant knows the statement to be false, makes the statement with reckless indifference as to its truth or falsity and with an intent to deceive. A false representation of material fact can constitute constructive fraud even if the false representation was made innocently or negligently.

Reliance on a false representation can be inferred from circumstantial evidence, rather than being proven directly.

**Supporting Authority:**

*Owens v. DRS Auto. Fantomworks, Inc.*, 288 Va. 489, 497 (2014).

O'Malley 5th ed., § 16:08.

*Richmond Met. Auth. v. McDevitt St. Bovis, Inc.*, 256 Va. 553, 346-47 (1998).

*Chisolm v. TranSouth Fin. Corp.*, 194 F.R.D. 538, 560 n.24 (E.D. Va. 2000).

### Defendants' Proposal: Elements of Fraud

In addition to its RICO claim, Navient also alleges that Defendants Jeffrey Lohman, Jeremy

Branch, and the Law Offices of Jeffrey Lohman violated Virginia law by committing fraud. Do not confuse fraud under Virginia law with mail and wire fraud under federal law. I have already instructed you with regard to mail and wire fraud under federal law.

To be liable for fraud under Virgina law, Navient must prove by a preponderance of the evidence that Defendants Jeffrey Lohman, Jeremy Branch, and the Law Offices of Jeffrey Lohman: (1) made a false representation, (2) of a material fact, (3) intentionally or knowingly, (4) with intent to mislead, (5) that Navient detrimentally relied on the false statement, and (6) that reliance resulted in damage to Navient.

Fraud, however, is not assumed on doubtful evidence, or circumstances of mere suspicion. It must be clearly and distinctly proved.[71] The law never presumes fraud, but the presumption is always in favor of innocence and honesty.[72]

**Supporting Authority:**

*Owens v. DRS Auto. Fantomworks, Inc.*, 288 Va. 489, 497 (2014).

O'Malley 5th ed., § 16:08.

---

[71] *Haynes v. Bunting*, 147 S.E. 211, 212 (Va. 1929).
[72] *Id.*

## PROPOSED JURY INSTRUCTION NO. 53

### <u>Defendants' Proposal: Reliance</u>

Navient bears the burden to prove its reasonable reliance by a preponderance of the evidence. Reliance may not be presumed.[73]

Reliance, however, can be inferred from circumstantial evidence, rather than being proven directly.

Fraud cannot be established in the absence of reasonable or justified reliance.[74]

A plaintiff cannot claim that its reliance was reasonable and justified when it makes a partial inquiry, with full opportunity of complete investigation, and elects to act upon the knowledge obtained from the partial inquiry.[75] A party is charged with the knowledge the investigation reveals, or that would have been revealed had the investigation been pursued diligently to the end.[76] Nor can a party establish reasonable reliance where it had information that would excite the suspicions of a reasonably prudent person.[77]

Rules exist emphasizing the importance of truth in the discovery process and the need for a litigant to be able to rely upon the opposing party's discovery responses.[78] However, a general entitlement to rely on a representation made during discovery is not enough to make a party's reliance reasonable in support of a fraud claim.[79]

---

[73] *Chisolm v. TranSouth Fin. Corp.*, 194 F.R.D. 538, 559-560(E.D. Va. 2000).
[74] *Sweely Holdings, LLC v. SunTrust Bank*, 820 S.E.2d 596, 605 (Va. 2018).
[75] *Hitachi Credit America Corp. v. Signet Bank*, 166 F.3d 614, 629 (4th Cir. 1999).
[76] *Beck v. Smith*, 538 S.E.2d 312, 315 (Va. 2000).
[77] *PNC Bank, N.A. v. Dominion Energy Mgmt., Inc.*, 2018 WL 1768061, *11 (E.D. Va. April 12, 2018).
[78] *Green Leaf Nursery v. E.I. DuPont De Nemours & Co.*, 341 F.3d 1292, 1305 (11th Cir. 2003).
[79] *Id.*

**<u>Plaintiff's Proposal: (No Instruction)</u>**

Plaintiff would omit this instruction.

## PROPOSED JURY INSTRUCTION NO. 54

### <u>Agreed: Fraud: Damages</u>

If you find that Navient has established the necessary elements of fraud, Navient is entitled to full compensation for all injuries in a manner that would restore it to the position it held prior to the fraud.

**Supporting Authority:**

*Murray v. Hadid*, 385 S.E.2d 898, 904 (Va. 1989).

**PROPOSED JURY INSTRUCTION NO. 55**

**<u>Plaintiff's Proposal: Elements of Tortious Interference with Contract or Business
Expectancy</u>**

In Count 5 of its Complaint, Navient claims that the Defendants engaged in tortious interference with contract or business expectancy by inducing student loan holders—including ones who were not behind on their payments—to stop making payments on their promissory notes, go into default, and to trigger telephone calls from Navient that arguably violated a law against automatic calls.

The essential elements in an action for tortious interference with contract or business expectancy are: (1) the existence of a valid contractual relationship; (2) knowledge of the relationship on the part of the interferor; (3) intentionally inducing or causing a breach or termination in the relationship or expectancy; and (4) the breach caused damage to the party whose relationship or expectancy has been disrupted.  Malice is not required for a showing of tortious interference.

Tortious interference may include interference by conduct that is unethical, illegal, or independently tortious, although a plaintiff claiming intentional interference with contract or business expectancy need not allege and prove all elements of liability for an the underlying independent tort.

To demonstrate the existence of a business expectancy, Navient must establish expectancy by and between at least two parties based upon something that is a concrete move in that direction.

**Supporting Authority:**

*Chaves v. Johnson*, 335 S.E.2d 97, 102-03 (Va. 1985).

*Duggin v. Adams*, 360 S.E.2d 832, 836 (Va. 1987).

*Moore v. United Int'l Investigative Servs., Inc.*, 209 F. Supp. 2d 611, 619-20 (E.D. Va. 2002).

## **Defendants' Proposal: Elements of Tortious Interference with Contract or Business Expectancy**

Navient's final claim is that the Defendants engaged in tortious interference with contract or business expectancy by inducing student loan holders—including ones who were not behind on their payments—to stop making payments on their promissory notes, go into default, and to trigger telephone calls from Navient that arguably violated a law against automatic calls.

The essential elements in an action for tortious interference with contract or business expectancy are: (1) the existence of a valid contractual relationship; (2) knowledge of the relationship on the part of the interferor; (3) intentionally inducing or causing a breach or termination in the relationship or expectancy; and (4) the breach caused damage to the party whose relationship or expectancy has been disrupted.  Malice is not required for a showing of tortious interference.

Tortious interference may include interference by unethical conduct, illegal, or independently tortious, although a plaintiff claiming international interference with contract or business expectancy need not allege and prove all elements of liability for the underlying independent tort.

To demonstrate the existence of a business expectancy, Navient must establish expectancy by and between at least two parties based upon something that is a concrete move in that direction.

Navient is not a party to the promissory notes between the student loan holders and their lenders.[80]  Navient serviced the loans pursuant to a separate contract with the lenders.[81] Because

---

[80] *ECF 324* at ¶ 21.
[81] *Id.*, Ex. 1 and 2.

NSL was not a party to the promissory notes, NSL must prove that the defendant(s) acted with the purpose of interfering with NSL's contract between itself and the lenders.[82]  In other words, if a defendant induces a student to breach a promissory note with a lender, NSL may be harmed by the action, but NSL is not within the scope of the protection afforded by the claim of tortious interference with contract, unless the defendant intended to affect NSL.[83] Even then NSL cannot recover unless the defendant acted for the purpose of interfering with contract between the lender and NSL.[84]

**Supporting Authority:**

*Chaves v. Johnson*, 335 S.E.2d 97, 102-03 (Va. 1985).

*Duggin v. Adams*, 360 S.E.2d 832, 836 (Va. 1987).

*Moore v. United Int'l Investigative Servs., Inc.*, 209 F. Supp. 2d 611, 619-20 (E.D. Va. 2002).

---

[82] *DurretteBradshaw, P.C. v. MRC Consulting, L.C.*, 670 S.E.2d 704, 707 (Va. 2009).
[83] *Id.*
[84] *Id.*

**PROPOSED JURY INSTRUCTION NO. 56**

**Defendants' Proposal: Tortious Interference: Justification and Privilege**

A defendant does not tortiously interfere with a contract where the defendant's conduct was justified, that is, where the defendant was legally entitled to perform acts complained of by the plaintiff.[85]

"The giving of requested advice" is justified, privileged, and cannot constitute grounds for a claim of tortious interference. [86] The goal of the privilege is to protect advice that is motivated, even in part, by a good faith intent to benefit the principal's interest. [87]

The advisor loses the privilege only if he acts solely to feather his own nest, and without believing that (or caring whether) he is helping his client, and he causes the client to break a contract to the detriment of the other party to the contract.[88]

The defendant must prove by a preponderance of the evidence that his conduct was justified.[89]

**Plaintiff's Proposal: (No Instruction)**

Plaintiff would omit this instruction.

---

[85] *Lewis-Gale Med. Ctr., LLC v. Alldredge,* 710 S.E.2d 716, 722 (Va. 2011).
[86] *Chaves v. Johnson*, 335 S.E.2d 97, 103 (Va. 1985).
[87] *In re General Capacitor*, 325 F. Supp.3d 1029, 1039 (N.D. Cal. 2018).
[88] *J.D. Edwards & Co. v. Podany*, 168 F.3d 1020, 1023 (7th Cir. 1999).
[89] *Id.*

## PROPOSED JURY INSTRUCTION NO. 57

### **Partially Agreed: Tortious Interference: Damages**

If you find that Navient has established the necessary elements of tortious interference with contract or business expectancy, Navient is entitled to an amount of money shown to be fair and adequate compensation for such or damage, if any, as proximately resulted from the tortious interference.

**Plaintiff's Proposal:** Such damages may include

(1) the Plaintiff's direct expenses;[90]

(2) lost profits;[91] and

(3) damage to the Plaintiff's business reputation.[92]

While a plaintiff must provide sufficient facts and circumstances concerning his damages, a plaintiff need not prove his compensatory damages to an exact amount.[93]   **(Defendants would omit all but the first paragraph.)**

**Supporting Authority:**

O'Malley 6th ed., § 127:03.

---

[90] *Simbeck, Inc.v. Dodd-Sisk Whitlock Corp.*, 44 Va.Cir. 54,65(City of Winchester1997), aff'd, 257 Va. 53, 508 S.E.2d 601 (1999) (citing Bettius & Sanderson, P.C. v. Nat'l Fire Ins. Co., 839 F.2d 1009, 1012 (4th Cir. 1988))

[91] *Hop-In Food Stores, Inc. v. Serv-N-Save, Inc.*, 247 Va. 187, 190-91, 440 S.E.2d 606, 608 (1994)

[92] *United Constr. Workers v. Laburnum Constr. Corp.*, 194 Va. 872, 887, 75 S.E.2d 694, 704 (1953), aff'd, 347 U.S. 656 (1954

[93] *Murray v. Hadid*, 238 Va. 722, 731, 385 S.E.2d 898, 904 (1989).

## PROPOSED JURY INSTRUCTION NO. 58

### Plaintiff's Proposal: Punitive Damages

If you find the Defendants liable for fraud or tortious interference, you must determine if the Defendants are also liable for damages above and beyond what might satisfy Navient for its actual losses.  These additional damages are often referred to as punitive damages.

Punitive or exemplary damages are awarded in situations where mere compensation is not enough and the conduct of the Defendants require an additional motivation not to engage in this type of conduct again—*i.e.*, to punish a wrongdoer for some extraordinary misconduct, and to serve as an example or warning to others not to engage in such conduct.

If, from a preponderance of the evidence, it appears that Navient is entitled to a verdict for actual or compensatory damages, and if you should further find that the alleged act or omission of the Defendants, if any, which proximately caused actual injury or damage to Navient, was malicious or so willful and wanton as to demonstrate a conscious disregard for the rights of others, then you may add to the award of actual damages such amount as you may unanimously agree to be proper, as punitive and exemplary damages.

An act or a failure to act is "maliciously" done, if prompted or accompanied by ill will, or spite, or grudge, either toward the injured person individually, or toward all persons in one or more groups of categories of which the injured person is a member.

An act or a failure to act is "wantonly" done if done in conscious disregard of another person's rights or acting with reckless indifference to the consequences, with the Defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another.

An act or a failure to act is "oppressively" done if done in a way or manner that injures, damages, or otherwise violates the rights of another person with unnecessary harshness or severity, as by misuse or abuse of authority or power, or by taking advantage of some weakness, disability, or misfortune of another person.

Whether or not to make any award of punitive and exemplary damages, in addition to actual damages, is a matter exclusively within the province of a jury.

**Supporting Authority:**

*Sit-Set, A.G. v. Universal Jet Exchange, Inc.*, 747 F.2d 921, 927-28 (4th Cir. 1984).

*Lucher v. Hildenbrandt*, 794 F. Supp. 581, 583 (E.D. Va. 1992).

## Defendant's Proposal: (No Instruction)

The Lohman Defendants object to any instruction being given. In the event an instruction is given, Defendants propose the following instruction:

## Defendant's Proposal: Punitive Damages

As jurors, you may but are not required to award punitive damages.

To be entitled to punitive damages, Navient must establish that the defendant's conduct was willful or wanton.[94] Willful and wanton conduct is an action undertaken in conscious disregard of another's rights, or with reckless indifference to consequences with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another.[95] When the act or omission complained of is free from fraud, malice, oppression, or other special motives of aggravation, punitive damages cannot be awarded, and only

---

[94] *Huffman v. Love*, 245 Va. 311, 314 (1993).
[95] *Alfonso v. Robinson*, 257 Va. 540, 545 (1999).

compensatory damages may be awarded.[96]

---

[96] *Wright v. Everett*, 197 Va. 608, 615, 90 S.E.2d 855, 859 (1956).

**PROPOSED JURY INSTRUCTION NO. 59**

**Plaintiff's Proposal: Punitive Damages: Relevant Evidence**

In making a determination as to punitive damages, you may consider only that evidence which relates to the following:

1. The reprehensibility of the Defendants' motive and conduct, if you have so found;

2. The likelihood at the relevant time of serious harm to Navient;

3. The degree of the Defendant's awareness of the probable consequences of its conduct;

4. The duration of the Defendant's conduct;

5. The actual damages suffered by Navient;

6. Any concealment by the Defendant of the facts or consequences of its conduct;

7. The existence and frequency of any similar past conduct by the Defendant, if you so find; and

8. Whether the Defendant profited by the conduct.

Finally, if you determine, in your discretion, to award punitive damages, then you may award to the Plaintiff an amount that bears a rational relationship to the sum reasonably needed to punish the Defendants for egregiously wrongful acts and to deter the Defendant and others from committing similar wrongful acts.

**Supporting Authority:**

O'Malley 6th ed., § 124:31.

*TXO Prod. Corp. v. Alliance Res. Corp.*, 509 U.S. 443, 459-62 (1993).

*Smith v. Wade*, 461 U.S. 30 (1983).

*Pacific Milt. Life Ins. Co. v. Haslip*, 499 U.S. 1, 15-20 (1991).

*BMW of North America, Inc v. Gore, Jr.*, 517 U.S. 559 (1996).

## <u>Defendants' Proposal: (No Instruction)</u>

The Lohman Defendants object to any instruction being given.

## PROPOSED JURY INSTRUCTION NO. 60

### Agreed: Telephone Consumer Protection Act ("TCPA")

The Telephone Consumer Protection Act, or "TCPA," prohibits the making of a call to a cellular telephone, except with the prior express consent of the called party, "using any automatic telephone dialing system, or "ATDS."

**Supporting Authority:**

47 U.S.C. § 227(b)(1)(A)(iii).

## PROPOSED JURY INSTRUCTION NO. 61

### Plaintiff's Proposal: Definition of "ATDS"

Under the TCPA, to qualify as an "automatic telephone dialing system," a device must have the capacity either to store a telephone number using a random or sequential generator or to produce a telephone number using a random or sequential number generator. In this action, Defendants do not contend that Navient violated the TCPA in the past by using an ATDS.

**Supporting Authority:**

47 U. S. C. §227(a)(1).

*Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021).

### Defendants' Proposal: Definition of "ATDS"

During the time period that Navient and the Lohman Defendants were litigating and resolving the underlying TCPA claims, Navient claimed its telephone system was not an ATDS. The Lohman Defendants claimed that Navient's telephone system was an ATDS. The law was unsettled, and the definition of an ATDS was the subject of significant litigation in federal courts. Sometimes decision-makers agreed with Navient. Sometimes decision makers agreed with the Lohman Defendants. In any event, the parties had the full and fair opportunity to litigate whether Navient used an ATDS.

**Supporting Authority:**

*ECF 100* at ¶¶ 48, 106.

*ECF 324* at ¶¶ 29-30.

**PROPOSED JURY INSTRUCTION NO. 62**

**Plaintiff's Proposal: *Noerr-Pennington* Immunity**

The *Noerr-Pennington* doctrine safeguards the First Amendment right to petition the government for a redress of grievances by immunizing citizens from the liability that may attend the exercise of that right.[97] Arbitration is part of the adjudicatory process and litigation activity in the context of arbitrations may be protected by the First Amendment.[98]

Conduct incidental to the prosecution of a lawsuit may be immune from liability based on the *Noerr-Pennington* doctrine, but conduct not in a litigation context is not included.[99]

However, the First Amendment offers no protection when petitioning activity is a mere sham to cover up an attempt to violate federal law.[100]  A "sham" situation involves a party whose activities are not genuinely aimed at procuring favorable relief or who genuinely seek relief but does so through improper means. [101]When purported sham litigation encompasses a series of legal proceedings rather than a singular legal action, you should not focus on any single case.  Rather you must conduct a holistic evaluation of whether the administrative and judicial processes have been abused.[102]  Corruption of an adjudicative process removes any shield that the First

---

[97] *Navient Solutions LLC v. Lohman,* 2020 WL 1917837at *8  (E.D. Va. April 20, 2020);  *Waugh Chapel South LLC v. United Food & Commercial Workers Union Local 27*, 728 F.3d 354, 362 (4th Cir. 2013).
[98] *Eurotech, Inc. v. Cosmos European Travels Aktiengesellschaft*, 189 F. Supp.2d 385, 393 (E.D. Va. 2002).
[99] *Sosa v. DirecTV, Inc.*, 437 F.3d 923, 934-935 (9th Cir. 2006).
[100] *Navient Solutions LLC v. Lohman,* 2020 WL 1917837at *8 (E.D. Va. April 20, 2020);  *Waugh Chapel South LLC v. United Food & Commercial Workers Union Local 27, 728 F.3d 354, 362 (4th Cir. 2013)*.
[101] *Columbia v. Omni Outdoor Advertising, Inc*., 499 US 365, 380-81 (1991); *Allied Tube & Conduit Corp. v. Indian Head, Inc.*, 486 U. S. 496, 500, n. 4 (1988)
[102] *Waugh Chapel South LLC v. United Food & Commercial Workers Union Local 27, 728 F.3d 354, 364 (4th Cir. 2013) (citing Cal. Motor Transp. Co. v. Trucking Unlimited, 404 U.S. 508, 515 (1972))*.

Amendment otherwise would provide.[103]  If you conclude that there was a pattern of baseless, repetitive claims, you may conclude that the administrative and judicial processes have been abused.[104]

### Defendants' Proposal: First Amendment Immunity

Defendants Jeffrey Lohman, Jeremy Branch, and the Law Offices of Jeffrey Lohman claim that Navient's claims against them are barred by the First Amendment.

Under the First Amendment, a defendant is immune from liability for his/her litigation conduct, unless the defendant's litigation was a "sham."[105]

Arbitration is part of the adjudicatory process and litigation activity in the context of arbitrations is protected by the First Amendment.[106]  Conduct incidental to the prosecution of a lawsuit, including communications between private parties is also protected by the First Amendment.[107]

Successful litigation cannot be characterized as a "sham."[108]

Unsuccessful litigation is a "sham" only if:

1)   The lawsuit is objectively baseless in the sense that no reasonable litigant could reasonably expect success on the merits.[109]  "[E]ven litigation that is deceitful,

---

[103] *Chevron v. Donziger*, 974 F. Supp. 2d 362, 590 (S.D.N.Y. 2014), *aff'd*, 833 F.3d 74 (2d Cir. 2016), *cert. denied*, 137 S. Ct. 2268 (2017).

[104] *Waugh Chapel South LLC v. United Food & Commercial Workers Union Local 27*, 728 F.3d 354, 364 (4th Cir. 2013).

[105] *IGEN Int'l, Inc. v. Roche Diagnostics GmbH*, 335 F.3d 303, 320 (4th Cir. 2003) (citing *United Mine Wkrs. of Am. v. Pennington*, 381 U.S. 657, 670 (1965) and *Eastern R.R. Presidents Conf. v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 138 (1961)).

[106] *Eurotech, Inc. v. Cosmos European Travels Aktiengesellschaft*, 189 F. Supp.2d 385, 393 (E.D. Va. 2002).

[107] *Sosa v. DirecTV, Inc.*, 437 F.3d 923, 934-935 (9th Cir. 2006).

[108] *A Fisherman's Best, Inc. v. Recreational Fishing Alliance*, 310 F.3d 183, 191 (4th Cir. 2002).

[109] *Professional Real Estate Inv., Inc. v. Columbia Pictures Ind., Inc. I* ("*PRE*"), 508 U.S. 49, 60 (1993).

underhanded, or morally wrong will not defeat immunity unless it satisfies the baselessness requirement";[110] *and*

2)   Even if the litigation is objectively baseless, the litigation is only a "sham" if the defendant was also subjectively motivated by an improper purpose.[111]

When considering whether the Lohman Defendants engaged in "sham" litigation, you should not focus on any single case. Rather you must conduct a holistic evaluation of all the litigation activities engaged in by the Lohman Defendants.[112]

Navient must prove by a preponderance of the evidence that Jeffrey Lohman, Jeremy Branch, and the Law Offices of Jeffrey Lohman engaged in "sham" litigation.[113]

---

[110] *IGEN Int'l, Inc.*, 335 F.3d at 312.

[111] *PRE*, 508 U.S. at 60-61.

[112] *Waugh Chapel South LLC v. United Food & Commercial Workers Union Local 27, 728 F.3d 354, 364 (4th Cir. 2013) (citing Cal. Motor Transp. Co. v. Trucking Unlimited, 404 U.S. 508, 515 (1972)).*

[113] *IGEN Int'l, Inc.*, 335 F.3d at 312.

**PROPOSED JURY INSTRUCTION NO. 63**

**<u>Partially Agreed: Accord and Satisfaction</u>**

Defendants Jeffrey Lohman, Jeremy Branch, and the Law Offices of Jeffrey Lohman contend that the agreements signed by Navient to settle various legal claims released those Defendants from any subsequent legal claim related to these facts, demonstrating that the parties reached an accord and satisfaction of any of their obligations to Navient.  **<u>Plaintiff's Proposal:</u>** In order for the Defendants to prevail on this defense, they must show that the parties specifically agreed to the Defendants' release with respect to an existing obligation.  **<u>(Defendants would omit this sentence.)</u>**

Accord is a satisfaction agreed upon between the party injuring and the party injured, which, when performed, is a bar to all actions upon the claim.[114]

In plain language, the "accord" is the agreement between the parties. The "satisfaction" is the exchange of consideration between the parties that "satisfies" or settles or discharges the claim.

To be valid, the agreement must be offered and accepted and there must be an exchange of consideration.[115] The agreement must also contain a written and conspicuous statement that the it is offered in full satisfaction of the claim.[116] A reasonable person would understand that the agreement was tendered in full satisfaction of the claim.[117]

A person is a third-party beneficiary of an agreement if the parties to the agreement have agreed between themselves to bestow a benefit upon the third party.[118] A third party beneficiary

---

[114] *Owen v. Wade*, 37 S.E.2d 759, 762 (Va. 1946).
[115] *Middleburg Volunteer Fire Dep't, Inc. v. McNell & Co., Inc.*, 60 F. Supp.3d 640, 651 (E.D. Va. 2014).
[116] *Id.*
[117] *Id.*
[118] *Copenhaver v. Rogers*, 384 S.E.2d 593, 596 (Va. 1989).

may enforce the terms of a contract even though he is not a party to the contract.[119]  The essence of a third-party beneficiary's claim is that others have agreed between themselves to bestow a benefit upon the third-party but one of the parties to the agreement is failing to uphold its portion of the bargain.[120]

Defendants must prove an accord and satisfaction by a preponderance of the evidence.

**Supporting Authority:**

O'Malley 6th ed., § 107:03.

---

[119] *Environmental Staffing Acquisition Group v. B&R Const. Management, Inc.*, 725 S.E.2d 550, 553 (Va. 2012).
[120] *Id.*

**PROPOSED JURY INSTRUCTION NO. 64**

**<u>Defendants' Proposal: Collateral Estoppel</u>**

The doctrine of collateral estoppel bars the relitigation of issues that were decided in a prior proceeding. Issues cannot be relitigated in a subsequent proceeding if:

(1)     The issues are identical to those in a prior proceeding;

(2)      The issues were actually litigated;

(3)     The determination of the issues was necessary to the resulting judgment; and

(4)     The party seeking to relitigate the issues had a full and fair opportunity in the prior litigation to litigate the issues. [121]

**<u>Plaintiff's Proposal: (No Instruction)</u>**

Plaintiff would omit this instruction.

---

[121] *Filler v. United States*, 148 Fed. Cl. 123, 133 (2020).

## PROPOSED JURY INSTRUCTION NO. 65

### <u>Agreed: Waiver</u>

"Waiver" is the intentional relinquishment or abandonment of a known right.[122]

For waiver to apply, Defendants must establish: (1) that NSL had knowledge of the facts basic to the exercise of the right; and (2) NSL intended to relinquish the right.[123]

Defendants must prove these two elements by clear, precise, and unequivocal evidence.[124]

---

[122] *Malvo v. Mathena*, 254 F. Supp.3d 820, 833 (E.D. Va. 2017), *aff'd*, 893 F.3d 265 (4th Cir. 2018), *cert. dismissed*, 104 S.Ct. 919 (2020).
[123] *Signature Flight Support Corp. v. Landow Aviation Ltd. Partnership*, 698 F. Supp.2d 602, 625 (E.D. Va. 2010).
[124] *Id.*

## PROPOSED JURY INSTRUCTION NO. 66

### Agreed: Plaintiff's Duty to Mitigate Damages

A plaintiff must pursue all contingencies likely to mitigate its loss.[125]

The defendant bears the burden to prove that the plaintiff failed to mitigate damages.[126]

Mitigation of damages is not a defense that, if proven, constitutes an absolute bar to the plaintiff's claim.[127] Instead, a defense of mitigation recognizes that a plaintiff's conduct may have contributed to its own damage and may, thus, be reason for reducing damages, but it does not necessarily bar all recovery.[128]

---

[125] *Liquidation Com'n of Banco Intercontinental, S.A. v. Renta*, 530 F.3d 1339, 1351 (11th Cir. 2008); *see also Bieter v. Blomquist,* 987 F.2d 1319, 1329 (8th Cir.1993) ("Other courts have recognized that civil RICO is 'a statutory tort remedy-simply one with particularly drastic remedies.' It follows then, that limitations on damages suggested by tort law would also apply to civil RICO" (citing *Brandenburg v. Seidel,* 859 F.2d 1179, 1189 (4th Cir.1988), *overruled on other grounds by Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996))); *Glen Flora Dental Ctr., Ltd. v. First Eagle Bank*, 487 F. Supp.3d 722, 737 (N.D. Ill. 2020) (RICO claim was subject to a failure to mitigate defense).

[126] *Monahan v. Obici Medical Management Serv., Inc.*, 628 S.E.2d 330, 336 (Va. 2006).

[127] *Id.* at 337.

[128] *See id.*

**PROPOSED JURY INSTRUCTION NO. 67**

**Agreed: Rendering a Verdict**

You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson.  The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should.  But do not make a decision simply because other jurors think it is right, or simply to reach a verdict.  Remember at all times that you are judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors.  I will respond as soon as possible either in writing or orally.  Remember, you should not tell anyone—including me—how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law I have given to you in these instructions.  The verdict must be unanimous.  Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case.  Nothing said in these instructions and nothing in any verdict form prepared for your

convenience is meant to suggest or convey in any way or manner any suggestions or hint as to what verdict I think you should reach.  Determining what the verdict shall be is your sole and exclusive duty and responsibility.  You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

**Supporting Authority:**

O'Malley 6th ed., §§ 103:50, 106:07.

## JURY VERDICT FORMS

### <u>Plaintiff's Proposed Jury Verdict Form</u>

Plaintiff's proposed jury verdict form follows.

## <u>JURY VERDICT FORM</u>

Unless otherwise instructed herein, at the conclusion of your deliberations under the standards set forth in the Court's instructions to you, please answer each question below.  After you have completed the form, please have your jury foreperson sign and date the form on the lines provided below.

**A.**   **Racketeer Influenced and Corrupt Organizations Act (RICO) - Section 1962(c)**
          **RICO Conspiracy – Section 1962(d)**

1.   Is Defendant The Law Offices of Jeffrey Lohman liable to Plaintiff Navient Solutions, LLC ("Navient") for violating RICO by conducting or participating in the conduct of an enterprise's affairs through a pattern of racketeering activity? (check one)

Yes ☐          No ☐

2.   Is Defendant The Law Offices of Jeffrey Lohman liable to Navient for conspiring to conduct or participate in the affairs of an enterprise through a pattern of racketeering activity? (check one)

Yes ☐          No ☐

3.   Is Defendant Jeffrey Lohman liable to Navient for violating RICO by conducting or participating in the conduct of an enterprise's affairs through a pattern of racketeering activity? (check one)

Yes ☐          No ☐

4.   Is Defendant Jeffrey Lohman liable to Navient for conspiring to conduct or participate in the affairs of an enterprise through a pattern of racketeering activity? (check one)

Yes ☐          No ☐

5.   Is Defendant Jeremy Branch liable to Navient for violating RICO by conducting or participating in the conduct of an enterprise's affairs through a pattern of racketeering activity? (check one)

Yes ☐          No ☐

6.   Is Defendant Jeremy Branch liable to Navient for conspiring to conduct or participate in the affairs of an enterprise through a pattern of racketeering activity? (check one)

Yes ☐          No ☐

7.      Is Defendant GST Factoring, Inc. ("GST Factoring") liable to Navient for violating RICO by conducting or participating in the conduct of an enterprise's affairs through a pattern of racketeering activity? (check one)

Yes ☐          No ☐

8.      Is Defendant GST Factoring liable to Navient for conspiring to conduct or participate in the affairs of an enterprise through a pattern of racketeering activity? (check one)

Yes ☐          No ☐

9.      Is Defendant Rick Graff liable to Navient for violating RICO by conducting or participating in the conduct of an enterprise's affairs through a pattern of racketeering activity? (check one)

Yes ☐          No ☐

10.     Is Defendant Rick Graff liable to Navient for conspiring to conduct or participate in the affairs of an enterprise through a pattern of racketeering activity? (check one)

Yes ☐          No ☐

11.     Is Defendant Gregory Trimarche liable to Navient for violating RICO by conducting or participating in the conduct of an enterprise's affairs through a pattern of racketeering activity? (check one)

Yes ☐          No ☐

12.     Is Defendant Gregory Trimarche liable to Navient for conspiring to conduct or participate in the affairs of an enterprise through a pattern of racketeering activity? (check one)

Yes ☐          No ☐

13.     If you answered "Yes" to any or all of questions 1 through 12, please write in the total amount of damages necessary to fully, justly, and reasonably compensate Navient for the Defendant's or Defendants' violations of RICO and RICO Conspiracy:

_____

**B.      Fraud Claims**

14.      Is Defendant the Law Offices of Jeffrey Lohman liable to Navient for fraud? (check one)

Yes ☐          No ☐

15.      Is Defendant Jeffrey Lohman liable to Navient for fraud? (check one)

Yes ☐          No ☐

16.      Is Defendant Jeremy Branch liable to Navient for fraud? (check one)

Yes ☐          No ☐

17.      If you answered "Yes" to any or all of questions 14 through 16, please write in the total amount of damages necessary and sufficient to compensate Navient for the injuries that it incurred as a result of the Defendant's or Defendants' fraudulent conduct:

_____

**C.      Tortious Interference with Contract or Business Expectancy Claims**

18.      Is Defendant the Law Offices of Jeffrey Lohman liable to Navient for tortious interference with contract? (check one)

Yes ☐          No ☐

19.      Is Defendant Jeffrey Lohman liable to Navient for tortious interference with contract? (check one)

Yes ☐          No ☐

20.      Is Defendant Jeremy Branch liable to Navient for tortious interference with contract? (check one)

Yes ☐          No ☐

21.      Is Defendant Rick Graff liable to Navient for tortious interference with contract? (check one)

Yes ☐          No ☐

22.      Is Defendant Gregory Trimarche liable to Navient for tortious interference with contract? (check one)

Yes ☐          No ☐

23. Is Defendant GST Factoring liable to Navient for tortious interference with contract? (check one)

Yes ☐   No ☐

24. If you answered "Yes" to any or all of questions 18 through 23, please write in the total amount of damages necessary and sufficient to compensate Navient for the injuries that it incurred as a result of the Defendant's or Defendants' tortious interference with contract:

_____

**D. Punitive Damages**

25. (Answer this question only if you answered "Yes" to questions 14 and/or 18) Do you find that Defendant The Law Offices of Jeffrey Lohman should be liable to Navient for punitive damages because its fraudulent conduct was done maliciously, wantonly, or oppressively? (check one)

Yes ☐   No ☐

26. (Answer only if you answered "Yes" to question 25) Please write in the total amount of punitive damages that Navient should be awarded from Defendant The Law Offices of Jeffrey Lohman:

_____

27. (Answer this question only if you answered "Yes" to questions 15 and/or 19) Do you find that Defendant Jeffrey Lohman should be liable to Navient for punitive damages because its fraudulent conduct was done maliciously, wantonly, or oppressively? (check one)

Yes ☐   No ☐

28. (Answer only if you answered "Yes" to question 27) Please write in the total amount of punitive damages that Navient should be awarded from Defendant Jeffrey Lohman:

_____

29. (Answer this question only if you answered "Yes" to questions 16 and/or 20) Do you find that Defendant Jeremy Branch should be liable to Navient for punitive damages because its fraudulent conduct was done maliciously, wantonly, or oppressively? (check one)

Yes ☐   No ☐

30.     (Answer only if you answered "Yes" to question 29) Please write in the total amount of punitive damages that Navient should be awarded from Defendant Jeremy Branch:

_____

31.     (Answer this question only if you answered "Yes" to question 21) Do you find that Defendant Rick Graff should be liable to Navient for punitive damages because its fraudulent conduct was done maliciously, wantonly, or oppressively? (check one)

                    Yes ☐              No ☐

32.     (Answer only if you answered "Yes" to question 32) Please write in the total amount of punitive damages that Navient should be awarded from Defendant Rick Graff:

_____

33.     (Answer this question only if you answered "Yes" to questions 22) Do you find that Defendant Gregory Trimarche should be liable to Navient for punitive damages because its fraudulent conduct was done maliciously, wantonly, or oppressively? (check one)

                    Yes ☐              No ☐

34.     (Answer only if you answered "Yes" to question 33) Please write in the total amount of punitive damages that Navient should be awarded from Defendant Gregory Trimarche:

_____

35.     (Answer this question only if you answered "Yes" to questions 23) Do you find that Defendant GST Factoring should be liable to Navient for punitive damages because its fraudulent conduct was done maliciously, wantonly, or oppressively? (check one)

                    Yes ☐              No ☐

36.     (Answer only if you answered "Yes" to question 35) Please write in the total amount of punitive damages that Navient should be awarded from Defendant GST Factoring:

_____

**E.     Attorneys' Fees**

37.     Do you find that attorneys' fees should be awarded to Navient as damages? (check one)

                    Yes ☐              No ☐

38.    (Answer only if you answered "Yes" to question 37) Please write in the total amount of attorneys' fees that should be awarded to Navient.

_____

_____                    _____
Date                                        Foreperson's Signature

**<u>Defendants' Proposed Jury Verdict Forms</u>**

Defendants' three proposed jury verdict forms follow.

## SPECIAL VERDICT FORM (RICO)

We, the jury, find the following answers to the following questions:

**RICO – 18 U.S.C. § 1962(c) – Participation in the Affairs of an Enterprise Through a Pattern of Racketeering Activity**

1. Did Jeffrey Lohman conduct an enterprise through a pattern of racketeering activity in violation of section 1962(c)?

   _____        _____
      Yes           No

2. Did Jeremy Branch conduct an enterprise through a pattern of racketeering activity in violation of section 1962(c)?

   _____        _____
      Yes           No

3. Did the Law Offices of Jeffrey Lohman, P.C. conduct an enterprise through a pattern of racketeering activity in violation of section 1962(c)?

   _____        _____
      Yes           No

4. Did GST Factoring, Inc. conduct an enterprise through a pattern of racketeering activity in violation of section 1962(c)?

   _____        _____
      Yes           No

5. Did Rick Graff conduct an enterprise through a pattern of racketeering activity in violation of section 1962(c)?

   _____        _____
      Yes           No

6. Did Gregory Trimarche conduct an enterprise through a pattern of racketeering activity in violation of section 1962(c)?

   _____        _____
      Yes           No

*If you answered "no" to all Question Nos. 1-6, you should skip all remaining questions, your foreperson should sign and date the form, and return it to the Court.*

113

**RICO – 18 U.S.C. § 1962(d) – Conspiray to Participate in the Affairs of an Enterprise Through a Pattern of Racketeering Activity**

7. Did Jeffrey Lohman conspire to conduct an enterprise through a pattern of racketeering activity in violation of section 1962(d)?

        _____    _____
         Yes        No

8. Did Jeremy Branch conspire to conduct an enterprise through a pattern of racketeering activity in violation of section 1962(d)?

        _____    _____
         Yes        No

9. Did the Law Offices of Jeffrey Lohman, P.C. conspire to conduct an enterprise through a pattern of racketeering activity in violation of section 1962(d)?

        _____    _____
         Yes        No

10. Did GST Factoring, Inc. conspire to conduct an enterprise through a pattern of racketeering activity in violation of section 1962(d)?

        _____    _____
         Yes        No

11. Did Rick Graff conspire to conduct an enterprise through a pattern of racketeering activity in violation of section 1962(d)?

        _____    _____
         Yes        No

12. Did Gregory Trimarche conspire to conduct an enterprise through a pattern of racketeering activity in violation of section 1962(d)?

        _____    _____
         Yes        No

**RICO – 18 U.S.C. § 1964(c) – Standing**

13. If you answered "yes" to any Question Nos. 1 - 12, was Navient injured in its business or property by reason of the RICO violation(s)?

                                        _____      _____

                                            Yes          No

**RICO – Damages**

14. If you answered "yes" to Question No. 13, what amount would compensate Navient for the injuries each sustained to its business or property caused by reason of the RICO violation(s)?  *Your answer to this question should state only that amount that Navient has standing to recover under RICO.*

    $_____

_____

DATE                                                          FOREPERSON

## **SPECIAL VERDICT FORM (STATE CLAIMS)**

We, the jury, find the following answers to the following questions:

**Fraud**

1.  Did Jeffrey Lohman commit fraud against Navient?

    _____          _____
    Yes                No

2.  Did Jeremy Branch commit fraud against Navient?

    _____          _____
    Yes                No

3.  Did the Law Offices of Jeffrey Lohman, P.C. commit fraud against Navient?

    _____          _____
    Yes                No

**Damages**

4.  If you answered "yes" to Question No. 1, 2, or 3, what is the amount of the damages that Navient sustained as a result of the fraud? *Do not include in this number any damages that you have awarded to Navient on the RICO verdict form.*

    $_____

**Tortious Interference with Contract – Lohman Defendants**

5.  Did Jeffrey Lohman tortiously interfere with Navient's contract to service student loans owned by others?

    _____          _____
    Yes                No

6.  If you answered "yes" to Question No. 7, was Jeffrey Lohman's interference justified?

    _____          _____
    Yes                No

7.  Did Jeremy Branch tortiously interfere with Navient's contract to service student loans owned by others?

    _____          _____

116

                                              Yes            No

8.  If you answered "yes" to Question No. 9, was Jeremy Branch's interference justified?

                                       _____      _____
                                           Yes            No

9.  Did the Law Offices of Jeffrey Lohman, P.C. tortiously interfere with Navient's contract
    to service student loans owned by others?

                                       _____      _____
                                           Yes            No

10. If you answered "yes" to Question No.11, was the Law Offices of Jeffrey Lohman, P.C.'s
    interference justified?

                                       _____      _____
                                           Yes            No


*Answer the next question only if you answered "no" to Question Nos. 6, 8, or 10.*

**Damages**

11. What is the amount of the damages that Navient sustained as a result of the Lohman
    Defendants' tortious interference? *Do not include in this number any damages that you
    have awarded to Navient on the RICO verdict form and in response to Question No. 4.*

    $_____


**<u>Tortious Interference with Contract – GST Defendants</u>**

12. Did GST Factoring, Inc. tortiously interfere with Navient's contract to service student
    loans owned by others?

                                       _____      _____
                                           Yes            No

13. Did Rick Graff tortiously interfere with Navient's contract to service student loans owned
    by others?

                                       _____      _____
                                           Yes            No

14. Did Rick Trimarche tortiously interfere with Navient's contract to service student loans
    owned by others?

————————   ———————
 Yes        No

*Answer the next question <u>only if</u> you answered "yes" to Question Nos. 12, 13, or 14.*

**Damages**

15. What is the amount of the damages that Navient sustained as a result of the GST Defendants' tortious interference? *Do not include in this number any damages that you have awarded to Navient on the RICO verdict form.*

$_____

———————————————————————     ———————————————————————
DATE                                                     FOREPERSON

118

## SPECIAL VERDICT FORM (AFFIRMATIVE DEFENSES)

We, the jury, find the following answers to the following questions:

**First Amendment Immunity**

1. Are Navient's claims against Jeffrey Lohman, Jeremy Branch, and the Law Offices of Jeffrey Lohman, P.C. barred by the First Amendment?

    _____        _____
        Yes             No

**Accord and Satisfaction**

2. Does the doctrine of accord and satisfaction bar Navient's claims against Jeffrey Lohman, Jeremy Branch, and the Law Offices of Jeffrey Lohman, P.C., to the extent Navient entered agreements to settled the underlying Telephone Consumer Protection Act ("TCPA) claims?

    _____        _____
        Yes             No

**Collateral Estoppel**

3. Does the doctrine of collateral estoppel bar Navient's claims against Jeffrey Lohman, Jeremy Branch, and the Law Offices of Jeffrey Lohman, P.C., to the extent the underlying TCPA claims were resolved by decision-makers in arbitration proceedings or court cases?

    _____        _____
        Yes             No

**Waiver**

4. Did Navient waive its right to recover damages against the Lohman Defendants to the extent it dismissed or settled the underlying TCPA claims?

    _____        _____
        Yes             No

**Mitigation of Damages**

5. Did Navient fail to mitigate its damages?

    _____        _____
        Yes             No

6.  If you answered "yes" to Question No. 5, state the dollar amount by which Navient failed to mitigate its damages. Any dollar amount you state here will be deducted from the damages you awarded to Navient on your RICO and State Claim verdict forms.

$_____

_____   _____
DATE                                                         FOREPERSON

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2021, I will electronically file Plaintiff Navient Solutions,

LLC's Submission of Joint Proposed Jury Instructions and Jury Verdict Form using the Court's

CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.


Dated:  July 30, 2021                                        Respectfully submitted,

                                                             /s/ Jeffrey R. Hamlin
                                                             Jeffrey R. Hamlin (Va. Bar No. 46932)
                                                             George R. Calhoun V (*pro hac vice*)
                                                             IFRAH PLLC
                                                             1717 Pennsylvania Avenue NW
                                                             Suite 650
                                                             Washington, DC 20006-2004
                                                             (202) 524-4140 – Tel.
                                                             (202) 524-4141 – Fax
                                                             jhamlin@ifrahlaw.com
                                                             george@ifrahlaw.com

                                                             *Counsel for Plaintiff Navient Solutions, LLC*