## UNITED STATES DISTRICT COURTEASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | |
|---|---|
| NAVIENT SOLUTIONS, LLC, | |
| Plaintiff, | |
| v. | Civil Action No. 1:19-cv-00461 |
| THE LAW OFFICES OF JEFFREY LOHMAN, et al., | |
| Defendants. | |

### DEFENDANTS' OBJECTIONS TO
### PLAINTIFF NAVIENT SOLUTIONS, LLC'S PROPOSED
### <u>JURY INSTRUCTIONS AND JURY VERDICT FORM</u>

**OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 22**
**Introduction to Plaintiffs' Claims**

Plaintiffs' proposed instruction is unnecessary and inappropriate. The instruction does not instruct the jury on the law. The information provided in the proposed instruction is more appropriate for Plaintiffs' opening statement. The instruction is argumentative and prejudicial. No instruction should be given.

**OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 26**
**Definition of "Enterprise"**

Plaintiff's proposed instruction is misleading, inadequate, and prejudicial.

Plaintiff's proposed instruction fails to inform the jury of the enterprise that has served as the basis for Plaintiff's claim throughout this litigation, i.e., that Defendants formed an association-in-fact enterprise. This is the enterprise pled in Plaintiff's complaint. Plaintiff has never sought to amend its enterprise at any point during this litigation. This is the enterprise that defined the scope of discovery. Plaintiff's proposed instruction would effectively allow Plaintiff to argue to the jury that they can find liability based on any association-in-fact enterprise established by the evidence, even though no other enterprise was ever pled or identified by Plaintiff at any other point in the litigation, nor was any other enterprise the subject of the parties' discovery efforts. Trial by ambush is not allowed. *See, e.g., DR Distributors, LLC v. 21 Century Smoking, Inc.,* 2021 WL 185082, *88 (N.D. Ill. Jan. 19, 2021) ("[t]he gravamen of the Federal Rules of Civil Procedure is to eliminate trail by ambush"); *Mikulec v. Town of Cheektowaga*, 302 F.R.D. 25, 29 (W.D.N.Y 2014) (same). Because Plaintiff's proposed instruction does not inform the jury that the enterprise consists of all Defendants, the proposed instruction is both inadequate and misleading. Moreover, it would greatly prejudice Defendants if Plaintiff is effectively allowed to amend its enterprise allegations on the eve of trial or at any point during trial.

One of the primary factual and legal disputes in this litigation is whether Defendants

constitute an association-in-fact enterprise and, in particular, whether Defendants shared a sufficient "common purpose" as members of the alleged enterprise. Plaintiffs' proposed instruction does not provide the jury with any guidance regarding the common purpose criterion.  The "common purpose" legal standards provided in the Lohman Defendants' proposed instruction are provided by controlling Supreme Court and Fourth Circuit cases.  Plaintiff's proposed instruction is inadequate.

### OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 28
### <u>Definition of "To Participate in the Conduct of the Enterprise's Affairs"</u>

Plaintiff's proposed instruction is inadequate, does not accurately state the law, is biased, and prejudicial.

Plaintiff's instruction provides only the most general legal standards regarding the definition of the controlling legal language found in *Reves v. Ernst & Young*, 507 U.S. 170 (1993). The instruction is biased in favor of Plaintiff and does not accurately state the law because it fails to instruct the jury that a defendant can be liable under section 1962(c) only if the defendant conducts the affairs of the enterprise as a whole. A defendant cannot be liable under 1962(c) if he conducts only the affairs of himself or if he conducts the affairs of less than the whole enterprise. *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001)*; Democratic Nat'l Comm. v. Russian Federation*, 392 F. Supp.3d 410, 441 (S.D.N.Y. 2019).  Whether the Lohman Defendants conducted the affairs of the enterprise as a whole, especially the affairs of the Marketing Defendants, will be a critical issue for the jury to decide, and the instructions on this issue must be accurate.

Plaintiffs' proposed instruction is also inadequate and unfairly pro-Plaintiff because it fails to instruct the jury on the rigorous nature of the operation and management test and fails to inform the jury that the test is not satisfied by merely parallel conduct or by merely providing beneficial goods or services to the enterprise.

Finally, Plaintiffs' proposed instruction fails to address any of the unique legal standards that have been adopted with regard professionals who are accused of operating or managing an enterprise in violation of section 1962(c). Courts have always been careful to ensure that professionals are not held liable under RICO for merely acting as professionals.   The Supreme Court has held that an accounting firm does not act as an operator or manager by merely engaging in conduct that complied with professional accounting standards. *Reves v. Ernst &* Young, 507 U.S. 170, 186 (1993). Since *Reves*, standards that apply to attorneys, in particular, and other professionals have been adopted and widely accepted by the courts. *See Rivers v. United States*, 2020 WL 6603457, *24 (W.D. Va. Nov. 10, 2020) (quoting *Handeen v. Lemaire*, 112 F.3d 1339, 1349 (8th Cir. 1997); *Terry A. Lambert Plumbing, Inc. v. Western Sec. Bank*, 934 F.2d 976, 981 (8th Cir. 1991)(citing *Menasco, Inc. v. Wasserman*, 886 F.2d 681, 685 (4th Cir. 1989)).

Whether the Lohman Defendants conducted the affairs of the enterprise is an issue of fact and law that is critical in this case. As with all the instructions, the Lohman Defendants' ability to defend themselves and their due process rights depend on the jury being adequately and accurately instructed on the law.  The jury cannot receive instructions that are prejudicial and biased in favor of Plaintiff.

## OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 30
### Racketeering Activity: Mail Fraud

Plaintiff proposes language that is not suitable for a general instruction on mail fraud, and the language proposed by Plaintiff applies equally to the wire fraud statute. Plaintiff's proposed language is more suitable for inclusion in Instruction No. 39, and substance of Plaintiff's proposed language already appears in Plaintiff's proposed Instruction No. 39. Plaintiff's proposed instruction is likely to lead to jury confusion and is inaccurate.

## OBJECTION TO PLAINTIFFS' PROPOSED JURY INSTRUCTION NO. 31

**Plaintiff's Proposal: Elements of Mail Fraud**

The last paragraph of Plaintiff's proposed instruction is argumentative and is contrary to prevailing authority. The prevailing authority cited in support of the Lohman Defendant's proposed Instruction No. 40 dictates that litigation activities such as those as issue in this case cannot constitute mail or wire fraud. The content to which the Lohman Defendants' object is (at most) appropriate for a closing argument, not a jury instruction.

## OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 33
### Elements of Wire Fraud

The last sentence of the third paragraph and the fourth (final) paragraph are argumentative and contrary to prevailing authority.  The prevailing authority cited in support of the Lohman Defendant's proposed Instruction No. 40 dictates that litigation activities such as those as issue in this case cannot constitute mail or wire fraud. The content to which the Lohman Defendants' object is (at most) appropriate for a closing argument, not a jury instruction.

## OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 35
### Elements of Witness Tampering

Plaintiff's proposed instruction is inadequate and misstatements to the law.

No authority supports the proposition that an arbitration proceeding is an "official proceeding" under 18 U.S.C. § 1515(a). The statutory definition of an "official proceeding" is very specific and limited federal proceedings and some proceedings relating the insurance industry. To be accurately informed of the law, the jury must be instructed that an arbitration proceeding is not an "official proceeding" under 18 U.S.C. § 1512(b).

Plaintiff's proposed instruction is inaccurate because it fails to inform the jury that there must be a nexus between the obstructive act and the particular official proceeding. This element of the claim is explicitly set forth in *United States v. Johnson*, 553 F. Supp. 2d 582, 623 (E.D. Va. 2008), which Plaintiff cites in support of its proposed instruction. Plaintiff inexplicably fails to

include this element in its instruction. Plaintiff's proposed instruction is inadequate.

Plaintiff's proposed instruction is misleading and inadequate because it fails to inform the jury that bad faith litigation tactics alone do not constitute witness tampering. *Snow Ingredients, Inc. v. Snowlizard Inc.*, 833 F.3d 512, 523-25 (5th Cir. 2016).

## OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION NO. 39
### False Statements

The information appearing in the numbered paragraphs of Plaintiff's instruction is redundant and argumentative. It is also like to confuse the jury because rather than defining Plaintiff's burden, the proposed instruction explains what is ***not*** Plaintiff's burden. To the extent, the law does not place a burden on Plaintiff, Plaintiff is (at most) free to make that argument to the jury, but such information is not appropriate for a jury instruction from the Court.

## COMMENT ON DEFENDANTS' PROPOSED INSTRUCTION NO. 41
### Formality in Forming an Attorney-Client Relationship

Plaintiff has argued and will argue to the jury that the Lohman Defendants engaged in mail/wire fraud by taking actions on behalf of clients that it was not authorized to represent. The Lohman Defendants' engagement agreement were consented to by reply email, rather than by a formal signature. Although not as formal some means of assent, these emails evidence the Lohman Defendants' authority to represent their clients. The jury must be instructed that the client authority received by the Lohman Defendants was adequate under controlling authority. Without this instruction, Plaintiff's arguments may unfairly prejudice the jury.

## COMMENT ON DEFENDANTS' PROPOSED INSTRUCTION NO. 42
### Ratification

Plaintiff has argued and will argue to the jury that the Lohman Defendants engaged in mail/wire fraud by initiating litigation without client authority and taking other unauthorized actions on behalf of clients. There is no dispute that the Lohman Defendants' clients have retained

the benefits of the Lohman Defendants' actions or otherwise taken actions or made comments evidencing that they ratified the Lohman Defendants' actions. To be properly instructed on the law, the jury must be informed that contracts and actions may be ratified and that ratification relates back to the execution of the contract and renders it obligatory from its inception. Without this instruction, Plaintiff's arguments may unfairly prejudice the jury.

### COMMENT ON DEFENDANTS' PROPOSED INSTRUCTION NO. 43
### Strategic Default

Plaintiff has argued and will argue to the jury that some members of the enterprise engaged in mail or wire fraud by instructing the student loan borrowers to default on their promissory notes that were serviced by Plaintiff.    Prevailing authority and common sense dictates that it is not fraudulent to advise a debtor to default on a debt. Such advice is common practice in many areas of the law, including bankruptcy, family law, entertainment law, and sports law. Without this instruction, Plaintiff's arguments may unfairly prejudice the jury.

### COMMENT ON DEFENDANTS' PROPOSED INSTRUCTION NO. 44
### Unanimity on Racketeering Acts

Pursuant to the authority citied in support of Defendants' proposed instruction, it is common practice for a federal jury receive this instruction, so it should be given to the jury in this matter.

### OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION NO. 47
### Elements of a 1962(d) Violation

Plaintiff's proposed instruction is fundamentally flawed because it does not explicitly instruct the jury that there can be no conspiracy without a substantive violation. In other words, if Plaintiff fails to prove a violation section 1962(c), Plaintiff's conspiracy claim under section 1962(d) necessarily fails as well. *See, e.g., Salinas v. United States*, 522 U.S. 52, 65 (1997) ("[a] conspirator must intend to further an endeavor which, if completed, would satisfy the elements of a substantive criminal offense); *GE Inv. Private Placement Partners II v. Parker*, 247 F.3d 543, 551

(4th Cir. 2001) (stating that "[b]ecause the pleadings do not state a substantive RICO claim under

section 1962(c), Plaintiffs' RICO conspiracy claim fails as well"); *Yagman v. Gabbert*, 684 Fed.

Appx. 625, 627 (9th Cir. 2017) (same); *All Direct Travel Services, Inc. v. Delta Air Lines, Inc.*, 120

Fed. Appx. 673, 676 (9th Cir.), *cert. denied*, 545 U.S. 1104 (2005) (the plaintiff's failure to establish

genuine fact disputes relating to any possible claim under section 1962(c) also precluded the

plaintiff's conspiracy claim); *Field v. GMAC LLC*, 660 F. Supp. 2d 679, 688 (E.D. Va. 2008)

(stating that a cause of action for conspiracy under § 1962(d) necessarily fails if the substantive

claim fails); *Chambers v. King Buick GMC, LLC*, 43 F. Supp.3d 575, 607-608 (D. Md. 2014)

(stating that "[a] compared with an allegation under general conspiracy law, the objective of a

RICO conspiracy is the violation of a substantive RICO provision"); *Palatkevich v. Choupak*, 152

F. Supp.3d 201, 217 (S.D.N.Y. 2016)("[a]ny claim based on conspiracy to violate the other

subsections of section 1962 necessarily must fail if the substantive claims are themselves

deficient"); *Super Vision Int'l, Inc. v. Mega Int'l Commercial Bank Co., Ltd.*, 534 F. Supp.2d

1326, 1342 (S.D. Fla. 2008) (the plaintiff's section 1962(d) claim "necessarily failed" where the

section 1962(a) or (c) claims failed). Plaintiff's proposed instruction misstates the law, is likely to

confuse the jury, and could result in an erroneous finding of liability even if Plaintiff fails to prove

that anyone violated any substantive provision of RICO.

Because the instruction does not condition conspiratorial liability on a substantive violation,

the instruction also fails to inform the jury that a Defendant can be held liable as a conspirator only

if they agree to further or facilitate the operator/manager's substantive violation. In Defendant's

version, the jury receives no direction on the parties to the agreement, i.e., the operator/manager

and the conspirator. Defendants' proposed instruction is confusing and misstates the law.

Defendants further object to all but the first sentence of the second to the last paragraph. In

particular, Defendants object to that portion of the proposed instruction that reads:

> Once it has been shown that a conspiracy exists, the evidence need only establish a slight connection between the Defendant and the conspiracy. In other words, although the Plaintiff must prove both the existence of a conspiracy and the Defendants' connection to it, that connection need only be slight.

This language is confusing in that it is Plaintiff's burden to prove all elements of its claims by a preponderance of the evidence, including a particular Defendant's connection to the conspiracy. Moreover, to the extent this is simply another way of saying that Plaintiff can prove the connection through circumstantial evidence, the proposed instruction already informs the jury that the conspiracy may be proven by circumstantial evidence. Accordingly, Plaintiff's proposed language should not be included in the instruction to reduce the likelihood of confusion and to eliminate unnecessary redundancy.

## OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 48
### RICO: Conspiracy Agreement

Defendants object to the language that Plaintiff proposes to add to the instruction, i.e.:

> To prove that an individual was a member of a RICO conspiracy, a plaintiff need show only "slight evidence" that he or she was a member of the conspiracy once the conspiracy itself is establish. Under Section 1962(d), remote associates of an enterprise can be held liable as conspirators on the basis of purely circumstantial evidence.

This language is confusing in that it is Plaintiff's burden to prove all elements of its claims by a preponderance of the evidence, including a particular Defendant's membership in the conspiracy. Moreover, to the extent this is simply another way of saying that Plaintiff can prove the connection through circumstantial evidence, the proposed instruction already informs the jury that "[t]he agreement may be inferred from all the circumstances and the conduct of the alleged participants." Accordingly, Plaintiff's proposed language should not be included in the instruction to reduce the likelihood of confusion and to eliminate unnecessary redundancy.

**COMMENT ON DEFENDANTS' PROPOSED INSTRUCTION NO. 49**
**RICO: Civil Standing**

Plaintiff's proposal to not provide any instruction on RICO's standing requirements is fundamentally flawed. The jury cannot be accurately instructed on the law unless it is instructed on standing. Plaintiff has no right to bring this civil action unless it establishes standing by a preponderance of the evidence. 18 U.S.C. § 1964(c); *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985) (stating that the RICO "plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation"). The jury must receive clear instructions regarding what constitutes standing under RICO, and Plaintiff's burden to prove standing.

**OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 50**
**RICO: Injury**

Plaintiff's proposed instruction is confusing because it primarily concerns causation, not injury. Plaintiff's proposed Instruction No. 51 primarily concerns injury.

Plaintiff's proposed instruction also misstates that law when it says that RICO's proximate cause standard concerns "whether the conduct has been so significant and important a cause that the Defendant should be held responsible." RICO's proximate cause standard focuses on *directness*, not whether a factor is substantial, significant, foreseeable, or important. As explained by the Supreme Court:

> … proximate cause thus requires "some direct relation between the injury asserted and the injurious conduct alleged." [Citation omitted.] A link that is "too remote," "purely contingent," or "indirect[t]" is insufficient.
>        * * * *
> … [A]s we reiterated in *Holmes*, "[t]he general tendency of the law, in regard to damages at least, is not to go beyond the first step." [Citations omitted.] Our cases confirm that the "general tendency" applies with full force to proximate cause inquiries under RICO. [Citations omitted.] Because the [plaintiff's] theory of causation requires us to move well beyond the first step, that theory cannot meet RICO's direct relationship requirement.

*Hemi Group, LLC v. City of New York, N.Y.*, 559 U.S. 1, 9-10 (2010) (quoting *Holmes v. Securities Inv. Protection Corp.*, 503 U.S. 258, 271-272 (1992)). The Supreme Court further stated:

> … [t]he concepts of direct relationship and foreseeability are of course two of the "many shapes [proximate cause] took at common law." [citing *Holmes*] Our precedents make clear that in the RICO context, the focus is on the directness of the relationship between the conduct and the harm. Indeed, [the precedents] … never even mention the concept of foreseeability.

*Id.* at 12. Just as the Supreme Court has never mentioned foreseeability in the context of RICO's proximate cause standard, it has also never mentioned that proximate cause exists when the conduct has a "substantial, significant, or important" relationship to the injury. *See id.* (citing *Holmes,* 503 U.S. at 271-272; *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 470 (2006)). Plaintiff's proposed instruction misstates that law because if fails to "focus … on the directness of the relationship between the conduct and the harm."

Plaintiff's proposed instruction is also inaccurate because it does not instruct the jury on the need to find "but for" causation as required by the Supreme Court. *Holmes*, 503 U.S. at 268 (a plaintiff must show "that the defendant's violation not only was a 'but for' cause of his injury, but was the proximate cause as well).

Plaintiff's proposed instruction is inaccurate because it fails to instruct the jury that a defendant is liable under RICO only for harm caused by the acts of racketeering and is not liable under RICO for harm caused by other wrongful conduct that does not constitute an act of racketeering. 18 U.S.C. §§ 1961(1), 1962(c), 1964(c); *Sedima*, 473 U.S. at 496. This limitation is important given that Plaintiff intends to introduce evidence of ethical violations, breach of contracts, and other wrongful behavior by defendants and third-parties. The jury must be informed that this other wrongful behavior does not violate RICO.

Plaintiff's proposed instruction is inaccurate because it does not instruct the jury that Plaintiff does not have standing to recover for injuries sustained by other persons, like the student borrowers or the owners of the loans. *Holmes*, 503 U.S. at 268; *see also Slay's Restoration, LLC v. Wright Nat'l Flood Ins. Co.*, 884 F.3d 489, 494-495 (4th Cir. 2018). Given the presence of other victims in this case, the jury must be instructed that Plaintiff has not standing to recover for harm done to those other victims.

Plaintiff's proposed instruction is inaccurate because it does not instruct the jury that intervening or attenuating factors may break the chain causation. *Holmes*, 503 U.S. at 270, 259; *Empire Merchants, LLC v. Reliable Churchill LLLP,* 902 F.3d 132, 142-143 (2d Cir. 2018); *Doe v. Trump Corp.,* 385 F. Supp. 3d 265, 276–77 (S.D.N.Y. 2019). Plaintiff's attenuated chain of causation gives rise to many intervening factors, such as the decisions made by arbitrator's and the TCPA claimant's decisions to retain or not retain the Lohman Defendants.

Finally, Plaintiff's proposed instruction is inaccurate because it does not instruct the jury that Defendants are not liable for injuries caused by Plaintiff's own conduct. *Cordoba v. DIRECTTV, LLC*, 942 F.3d 1259, 1271 (11th Cir. 2019); *Holmes*, 503 U.S. at 270, 259; *Ellis v. Jackson*, 319 F. Supp.3d 23, 32 (D.D.C. 2018), *aff'd*, 850 Fed. Appx. 6 (D.C. Cir. 2021). Defendants assert that Plaintiff directly caused its own injuries by (among other things) continuing to call claimants when they asked Plaintiff to stop, by pursuing litigation strategies that were not efficient or effective, by choosing to limit its loses by settling claims rather than run the risk of an adverse adjudication, by settling case that it admittedly knew were "manufactured" (as Plaintiff defines that term), and by not bringing suit against the Lohman Defendants earlier, which would have brought an earlier end to the litigation, the settlements obtained by the Lohman Defendants, and the damages sought in this case. It is critical that the

jury be properly instructed and informed that Plaintiff cannot recover for its self-inflicted injuries.

### OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 51
#### RICO: Injury to Business or Property

Plaintiff's proposed instruction contains a paragraph defining what constitutes "injury to business or property." This paragraph is unnecessary. As a corporation, Plaintiff cannot suffer a personal injury, and all damages claimed in this case are necessarily damages to "business or property." Defendants' instruction simply states that Plaintiff's injuries are injuries to "business or property" and is, accordingly, more efficient and less confusing.

In any event, Plaintiff's instruction refers to "lost profits." Plaintiff has never asserted a claim for "lost profits" at any point in this litigation. Plaintiff's damage chart is limited to the amounts paid to resolve the TCPA claims, i.e., cash paid, debt forgiven, and attorney fees. Because Plaintiff has not previously claimed "lost profits," there has been no discovery on these damages. Trial by ambush is not allowed. *See, e.g., DR Distributors, LLC,* 2021 WL 185082 at 88; *Mikulec*, 302 F.R.D. at 29.

Defendants' proposed instruction also better reflects the prevailing case law relative to the circumstances of this case.

### OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 52
#### Elements of Fraud

The first paragraph of Plaintiff's proposed instruction is argumentative, not suitable for an instruction, and should be deleted.

The third paragraph of Plaintiff's proposed instruction is not supported by the Virginia cases cited as authority, and Defendants could not find any support for the language of the third

paragraph in any Virginia case. That paragraph should be stricken because it misstates Virginia law.

Plaintiff's proposed instruction is also inadequate because it fails to instruct the jury on the long-standing principles set forth in *Haynes v. Bunting*, 147 S.E. 211, 212 (Va. 1929).

### COMMENT ON DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 53
### Reliance

Like causation under RICO, Plaintiffs' must prove reliance to sustain its fraud claim. Plaintiff cannot prove reliance because Plaintiff knew about the alleged "manufacturing" of TCPA claims (as alleged in its complaint) since the beginning or near the beginning of the period during which the Lohman Defendants began to file TCPA claims.

Given its inability to satisfy the reliance requirement, Plaintiff has made several arguments that are not supported by the law. Plaintiff will make those same arguments to the jury, and Defendants' must be able to argue to the jury that the arguments are contrary to Virginia law. For example, Plaintiff will argue that the jury can presume reliance, but controlling authority establishes that reliance cannot be presumed under the circumstances of this case. *Chisolm v. TranSouth Fin. Corp.*, 194 F.R.D. 538, 559-560(E.D. Va. 2000).

Plaintiff will argue that, although it suspected fraud and knew about some of the activities that constituted the "manufacture" of TCPA claims, it lacked sufficient notice of the fraud. Under Virginia law, however, a plaintiff cannot prove reasonable reliance if it made a partial inquiry and elected to act upon that partial inquiry and not conduct a complete investigation. *Hitachi Credit America Corp. v. Signet Bank*, 166 F.3d 614, 629 (4th Cir. 1999); *Beck v. Smith*, 538 S.E.2d 312, 315 (Va. 2000). The jury must be instructed that suspicion of fraud can constitute sufficient notice that disables Plaintiff from proving reasonable reliance. *PNC Bank,*

*N.A. v. Dominion Energy Mgmt., Inc.*, 2018 WL 1768061, *11 (E.D. Va. April 12,2018). That is

the law of this jurisdiction, and the jury must be instructed on this law.

Finally, prevailing authority establishes that a party cannot reasonably rely on

representations made by an opponent in the context of litigation. *Green Leaf Nursery v. E.I.*

*DuPont De Nemours & Co.*, 341 F.3d 1292, 1305 (11th Cir. 2003). That principle is critical in

this case because all of the claimed "fraud" occurred in the context of litigating the TCPA

claims.

### OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 55
### Elements of Tortious Interference with Contract or Business Expectancy

The first paragraph of Plaintiff's proposed instruction is argumentative, not suitable for

an instruction, and should be deleted.

Plaintiff's instruction misstates the facts and law. Throughout this litigation, Plaintiff has

admitted that it is not a party to the "promissory notes" that were allegedly interfered with. In its

complaint, Plaintiff affirmatively alleges that the loans "are owned by various trusts or other

entities." (*ECF 100* at ¶ 39; *ECF 325* at ¶ 21.) Plaintiff merely serviced the loans; it is not a party

to the loan agreements. (*Id.*) Accordingly, Plaintiff does not have a claim for tortious interference

as it relates to the promissory notes. *DurretteBradshaw, P.C. v. MRC Consulting, L.C.*, 670 S.E.2d

704, 706 (Va. 2009). Plaintiffs never had a contract with the student loan borrowers. Defendants

are liable under this count only if they acted with the purpose of interfering with Plaintiff's contract

with the owners of the loans. *Id.* The jury must be instructed on the law as it applies to a claim for

tortious interference made by a plaintiff who is not a party to the underlying contract, here the

promissory notes between the students and the lenders. Defendants' proposed instruction informs

the jury of the applicable standard set forth in *DurretteBradshaw*, and the jury must be instructed on that standard.

### COMMENTS ON DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 56
### <u>Tortious Interference: Justification and Privilege</u>

Virginia law has consistently recognized "justification" as a defense to a claim for tortious interference. *Lewis-Gale Med. Ctr., LLC v. Alldredge,* 710 S.E.2d 716, 722 (Va. 2011). The "giving of requested advice" is justified, privileged, and cannot constitute grounds for a claim of tortious interference. *Chaves v. Johnson*, 335 S.E.2d 97, 103 (Va. 1985). The Lohman Defendants will argue to the jury that their actions were justified, are entitled to this privilege, and cannot serve as the basis for Plaintiff's claim of tortious interference. If this instruction is not given to the jury, the Lohman Defendants will be deprived of a critical defense.

Due process and fairness requires that the jury be instructed on the defense of "justification and privilege."

### OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 57
### <u>Tortious Interference: Damages</u>

Plaintiff seeks to instruct the jury that damages "may include" the Plaintiffs' direct expenses, lost profits, and damage to Plaintiff's business reputation. Plaintiff has always clearly defined the scope of its damage claim throughout this litigation. Its claim is limited to the money paid by Plaintiff in cash settlements, debt forgiveness, and attorney fees. (*ECF 333*, Ex. A.) Plaintiff has never claimed lost profits or damage to business reputation as damages. (*Id.*) No discovery was ever taken on these damage elements because Plaintiff never notified anyone that it was seeking these damages. Plaintiff's damage claims are limited to the scope that has been consistently articulated by Plaintiff throughout this litigation. Allowing Plaintiff to argue it

suffered lost profits or damage to its business reputation would constitute trial by ambush, which is not allowed. *See, e.g., DR Distributors, LLC,* 2021 WL 185082 at 88; *Mikulec*, 302 F.R.D. at 29.

### OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 58
### Punitive Damages

There should be no instruction on punitive damages because there is no basis to award punitive damages.

Plaintiff's proposed instruction misstates Virginia law. If an instruction is given, it should be Defendants' proposed instruction because it accurately states Virginia law.

### OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 59
### Punitive Damages: Relevant Evidence

There should be no instruction on punitive damages because there is no basis to award punitive damages.

### OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 61
### Definition of "ATDS"

Plaintiff's proposed definition of ATDS is based on *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021). As the Court stated at the hearing on August 2, 2021, the issue in this litigation is whether Defendant's had a good-faith basis to allege that Plaintiff used an ATDS, not whether Plaintiff did or did not – in fact – use an ATDS under the conflicting legal standards that were being applied between 2016 and 2020. The standard adopted by *Facebook, Inc.* in 2021 is immaterial to the issues in dispute in this litigation. It would also unfairly prejudice or confuse the jury, potentially leading jurors to believe that the *Facebook* standard somehow governed the TCPA litigation that serves as the basis for Plaintiff's damage claim, when the *Facebook* standard did not exist until long after those TCPA cases were resolved.

Defendants' proposed instruction accurately reflects the understanding of what an ATDS was during the relevant time period and is based on Plaintiff's own admissions and stipulations. Defendants proposed instruction is the only instruction that is accurate and helpful to the jury.

### OBJECTIONS TO PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 62
### *Noerr-Pennington* Immunity

The title of Plaintiff's proposed instruction will confuse the jury. The jury will have no idea what *Noerr-Pennington* means. The jury will be less likely to be confused if the instruction is identified as a First Amendment immunity.

Plaintiff's proposed instruction misstates the law because it does not inform the jury that, under the controlling law of this Circuit, successful litigation cannot be "sham" litigation. *A Fisherman's Best, Inc. v. Recreational Fishing Alliance*, 310 F.3d 183, 191 (4th Cir. 2002). Defendants intend to argue that the only reason they were sued is because their TCPA claims were successful, and Plaintiff's entire damage claim seeks to return the amount lost by Plaintiff pursuant to those successful claims. The success of Defendants' TCPA litigation is critical to the application of *Noerr-Pennington* immunity, and Defendants' ability to defend themselves in this matter.

Plaintiff's reliance on this Court's earlier decision, *Navient Solutions LLC v. Lohman,* 2020 WL 1917837 (E.D. Va. April 20, 2020), is also misplaced. In that decision, the Court ruled that *Noerr-Pennington* did not bar application of the crime-fraud exception to the attorney-client privilege and, as such, was "not a bar to discovery of evidence." *Id.* at *8.  Plaintiff's proposed instruction relies heavily on *WaughChapel South LLC v. United Food & Commercial Workers Union Local 27*, 728 F.3d 354, 362 (4th Cir. 2013). *Waugh*, however, concerned underlying litigation that was clearly ***not*** successful. In *Waugh*, the court was evaluating whether the

underlying claims were objectively baseless (in addition to being unsuccessful) and whether the litigation was motivated by an improper purpose. *Id.* The standards set forth in *Waugh* do not apply here, where the underlying litigation was successful.

## OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 63
### Accord and Satisfaction

Plaintiffs cite no authority, let alone Virginia authority, in support of the sentence it seeks to include. In addition to not being supported by Virginia law, the use of the phrase "existing obligation" in Plaintiff's proposed sentence is not defined and will likely confuse the jury.

Virginia law simply requires that the agreement must contain a written and conspicuous statement that it is offered in full satisfaction of the claim. *Middleburg Volunteer Fire Dep't, Inc. v. McNell & Co., Inc.*, 60 F. Supp.3d 640, 651 (E.D.Va. 2014). This is all that is required by Virginia law with respect to the "accord."

To the extent the phrase "existing obligation" means "the claim," Plaintiff's proposed sentence is redundant and unnecessarily confusing.

## OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 64
### Collateral Estoppel

To the extent issues were resolved in the underlying TCPA claims, regardless of whether the resolutions were favorable or unfavorable to Plaintiff, collateral estoppel bars Plaintiff from relitigating those issues decided in an action to which it was a party. Due process and fairness require that the jury be instructed on collateral estoppel.

## OBJECTION TO PLAINTIFF'S PROPOSED JURY VERDICT FORM

If Plaintiff's proposed jury verdict form was given to the jury, it could result in an erroneous application of fact to law. In particular, Plaintiff's proposed jury verdict form does not

condition liability under section 1962(d) on a finding that at least one defendant violated section

1962(c). In other words, nothing prevents the jury from checking "no" on all the substantive

liability questions, i.e., Question Nos. 1, 3, 5, 7, 9, and 11, while checking "yes" on one or more

of the conspiracy liability questions, i.e., Question Nos. 2, 4, 6, 8, 10, or 12. Such a result be

clearly erroneous as a matter of law. *See, e.g., Salinas*, 522 U.S. at 65 ("[a] conspirator must

intend to further an endeavor which, if completed, would satisfy the elements of a substantive

criminal offense); *GE Inv. Private Placement Partners II*, 247 F.3d at 551 (stating that

"[b]ecause the pleadings do not state a substantive RICO claim under section 1962(c), Plaintiffs'

RICO conspiracy claim fails as well"); *Yagman*, 684 Fed. Appx. at 627 (same); *All Direct Travel*

*Services, Inc.*, 120 Fed. Appx. at 676 (the plaintiff's failure to establish genuine fact disputes

relating to any possible claim under section 1962(c) also precluded the plaintiff's conspiracy

claim); *Field*, 660 F. Supp. 2d at 688 (stating that a cause of action for conspiracy under §

1962(d) necessarily fails if the substantive claimfails); *Chambers*, 43 F. Supp.3d at 607-608

(stating that "[a] compared with an allegation under general conspiracy law, the objective of a

RICO conspiracy is the violation of a substantive RICO provision"); *Palatkevich*, 152 F. Supp.3d

at 217 ("[a]ny claim based on conspiracy to violate the other subsections of section 1962

necessarily must fail if the substantive claims are themselves deficient");  *Super Vision Int'l,*

*Inc.*, 534 F. Supp.2d at 1342 (the plaintiff's section 1962(d) claim "necessarily failed" where the

section 1962(a) or (c) claims failed). No Defendant can be liable under section 1962(d) unless

someone violated section 1962(c).

      Plaintiff's proposed verdict form does not accurately state RICO's causation or injury

standard found in section 1964(c). Under section 1964(c), the plaintiff is not entitled to "the total

amount of damages necessary to fully, justly, and reasonably compensate Navient." Under

section 1964(c), Plaintiff is only entitled to recover for injuries to "business or property" and may only recover for those injuries if, and to the extent, that the RICO violation was the "but for" and proximate cause of the injuries. 18 U.S.C. § 1964(c); *Sedima,* 473 U.S. at 496 (stating that the RICO "plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation"); *Holmes*, 503 U.S. at 268 (a RICO plaintiff must establish "but for" and proximate causation). Plaintiff's instruction does not instruct the jury on the elements of standing under RICO, and Plaintiff's verdict form does not apply RICO's standing requirements. Plaintiff's approach to standing, as reflected in these instructions and on this verdict form, is contrary to clear and controlling authority.

Plaintiff's damage question pertaining to fraud does not protect against a double-recovery, whereby the jury could award damages under the fraud claim that it already awarded under the RICO claim. *Equal Employment Opp. Comm'n v. Waffle House, Inc.*, 534 U.S. 279, 297 (2002) ("courts can and should preclude double recovery by an individual"); *Green v. Diagnostic Imaging Assoc., P.C.*, 843 S.E.2d 371, 378 (Va. 2020) ("[a] fundamental principle of damages is that a plaintiff may not receive double recovery for a single injury").

Plaintiff's questions relating to tortious interference do not allow the jury to determine whether the Lohman Defendants' conduct was justified and privileged and would deprive the Lohman Defendants of their due process right to assert this defense and have it decided by a jury. *See Lewis-Gale Med. Ctr., LLC,* 710 S.E.2d at 722; *Chaves*, 335 S.E.2d at 103.

Plaintiff's damage question pertaining to tortious interference does not protect against a double-recovery, whereby the jury could award damages under the tortious interference claim that it already awarded under the RICO and fraud claims. *Waffle House, Inc.*, 534 U.S. at 297 (2002) ("courts can and should preclude double recovery by an individual"); *Green*, 843 S.E.2d

at 378 ("[a] fundamental principle of damages is that a plaintiff may not receive double recovery for a single injury"). Plaintiff's verdict form also lumps together all damages and does not segregate damages by individual Defendants or even Defendant groups (such as the Lohman Defendants and the GST Defendants). Plaintiff has not asserted any claim for common law conspiracy. Moreover, Plaintiff has not submitted an instruction on joint and several liability. Under Virginia law, when the injury is divisible, liability must be allocated based on the amount of injury each tortfeasor's actions caused the third-party. *Gross v. Shearson Lehman Bros. Holdings, Inc.*, 43 Fed. Appx. 672, 677 (4th Cir. 2002). Here, it is possible that the jury could find that all Defendants tortiously interfered with the contract between Plaintiff and the lenders, but only one group of Defendants, either the Lohman Defendants or the GST Defendants, caused injury to Plaintiff. The joint and several liability of Defendants is not a forgone conclusion, and since Plaintiff failed to submit an instruction on joint and several liability, Plaintiff has waived any claim of joint and several liability.

There is no basis for punitive damages in this case. These questions should not be included on Plaintiff's verdict form.

To the extent the attorneys' fees incurred by Plaintiff to resolve the underlying TCPA claims are included in their demand and evidence of damages under RICO and its common law claims (*See ECF 333*, Ex. A), a separate question that specifically asks the jury to award damages for attorneys' fees is confusing and could lead to an impermissible double-recovery. *See Waffle House, Inc.*, 534 U.S. at 297 (2002) ("courts can and should preclude double recovery by an individual"); *Green*, 843 S.E.2d at 378 ("[a] fundamental principle of damages is that a plaintiff may not receive double recovery for a single injury"). To the extent Plaintiff seeks attorneys' fees as a prevailing party under RICO (18 U.S.C. § 1964(c)), such fees are determined

through post-trial submissions to the Court. *See, e.g., Allstate Ins. Co. v. Plambeck*, 802 F.3d

665, 672 (5th Cir. 2015); *State Farm Mut. Auto. Ins. Co. v. Lincow*, 715 F. Supp.2d 617, 649

(E.D. Pa. 2010); *System Management, Inc. v. Loiselle*, 154 F. Supp.2d 195, 208-212 (D. Mass.

2001).

DATED:  August 10, 2021                    Respectfully submitted,


                                           /s/ Thomas F. Urban II
                                           Thomas F. Urban II, VSB No. 40540
                                           FLETCHER, HEALD & HILDRETH, PLC
                                           1300 North 17th Street, Suite 1100
                                           Arlington, VA 22209
                                           (703) 861-5235 FAX (703) 812-0486
                                           Urban@fhhlaw.com

                                           Jeffrey E. Grell (pro hac vice)
                                           GRELL FEIST PLC
                                           825 Nicollet Mall, Suite 625
                                           Minneapolis, MN 55402
                                           (612) 353-5530 -Tel.
                                           jgrell@grellfeist.com

                                           *Counsel for The Law Offices of Jeffrey Lohman,*
                                           *P.C., Jeffrey Lohman, and Jeremy Branch*


                                            /s/ Mikhael D. Charnoff
                                           Mikhael D. Charnoff, VSB No. 43929
                                           PERRY CHARNOFF PLLC
                                           1010 N. Glebe Road, Suite 310
                                           Arlington, VA 22201
                                           Tel: 703-291-6650
                                           Fax: 703-563-6692
                                           mike@perrycharnoff.com

                                           *Counsel for GST Factoring, Inc., Gregory*
                                           *Trimarche, and Rick Graff*

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2021, I electronically filed the Defendants' Objections

to Plaintiff Navient Solutions, LLC's Proposed Jury Instructions and Verdict Form, which will

send a notification of such filing (NEF) to the following counsel of record:

Jeffrey R. Hamlin                         Lisa Marie Simonetti
George R. Calhoun V                       Shirin Afsous
IFRAH PLLC                                GREENBERG TRAURIG, LLP
1717 Pennsylvania Avenue NW, Suite 650    1840 Century Park East, Suite 1900
Washington, DC 20006-2004                 Los Angeles, CA 90067
jhamlin@ifrahlaw.com                      simonettil@gtlaw.com
george@ifrahlaw.com                       afsoussh@gtlaw.com

*Counsel for Plaintiff Navient Solutions, LLC*