1456

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

NAVIENT SOLUTIONS, LLC,          .     Civil Action No. 1:19cv461
                                 .
                Plaintiff,       .
                                 .
        vs.                      .     Alexandria, Virginia
                                 .     August 20, 2021
THE LAW OFFICES OF JEFFREY       .     9:50 a.m.
LOHMAN, et al.,                  .
                                 .
                Defendants.      .
                                 .
.   .   .   .   .   .   .   .   .   .

                TRANSCRIPT OF JURY TRIAL
        BEFORE THE HONORABLE LEONIE M. BRINKEMA
            UNITED STATES DISTRICT JUDGE


                    VOLUME X

APPEARANCES:

FOR THE PLAINTIFF:              GEORGE R. CALHOUN, ESQ.
                                Ifrah PLLC
                                1717 Pennsylvania Avenue, N.W.
                                Suite 650
                                Washington, D.C. 20006


FOR THE LOHMAN DEFENDANTS:      JEFFREY E. GRELL, ESQ.
                                Grell Feist PLC
                                825 Nicollet Mall, Suite 625
                                Minneapolis, MN 55402
                                  and
                                THOMAS F. URBAN, II, ESQ.
                                Fletcher, Heald & Hildreth, PLC
                                1300 N. 17th Street, Suite 1100
                                Arlington, VA 22209


FOR DEFENDANTS GST              MIKHAEL D. CHARNOFF, ESQ.
    FACTORING, INC.;            Perry Charnoff PLLC
    GREGORY TRIMARCHE; AND      1010 N. Glebe Road, Suite 310
    RICK GRAFF:                 Arlington, VA 22201


                (Pages 1456 - 1474)

        COMPUTERIZED TRANSCRIPTION OF STENOGRAPHIC NOTES

1457

```
1    APPEARANCES:  (Cont'd.)

2    ALSO PRESENT:                JEFFREY LOHMAN, ESQ.

3    OFFICIAL COURT REPORTER:     ANNELIESE J. THOMSON, RDR, CRR
                                  U.S. District Court, Third Floor
4                                 401 Courthouse Square
                                  Alexandria, VA 22314
5                                 (703)299-8595

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1458

```
 1                   P R O C E E D I N G S

 2                     (Jury out.)

 3            THE CLERK:  Civil Action 19-461, Navient Solutions,

 4   LLC, versus the Law Offices of Jeffrey Lohman, et al.  Would

 5   counsel please note their appearances for the record.

 6            MR. CALHOUN:  Good morning.  George Calhoun on behalf

 7   of Navient Solutions.

 8            THE COURT:  Good morning.

 9            MR. GRELL:  Good morning.  Jeff Grell on behalf of

10   the Lohman defendants.

11            THE COURT:  Good morning, Mr. Grell.

12            MR. CHARNOFF:  Good morning, Your Honor.  Mike

13   Charnoff on behalf of GST Factoring, Inc.; Greg Trimarche; and

14   Rick Graff.

15            THE COURT:  All right.  Mr. Charnoff, you had

16   something you wanted to raise with the Court?

17            MR. CHARNOFF:  I do.  It's not a motion.  I just

18   wanted to alert the Court to something.  So the reason that

19   we're starting a few minutes early is that Mr. Calhoun is going

20   to be going downstairs to Judge Buchanan's courtroom to deal

21   with a default judgment in this case with respect to a couple

22   of other defendants.

23            THE COURT:  Ah, okay.

24            MR. CHARNOFF:  What I wanted to raise is I do not

25   represent Buddy Sievers, I've never spoken to Buddy Sievers,
```

1    but he is the "S" in GST.  And given that our jury is still

2    out, given that Your Honor has on the record contemplated

3    whether a directed verdict will be appropriate regardless of

4    what the jury has done, I just don't know that it's appropriate

5    for default judgments to be entered under the fact pattern

6    that, you know, was admitted.

7          THE COURT:  Well, the magistrate judge can't enter a

8    default judgment.

9          MR. CHARNOFF:  I understand.

10         THE COURT:  All she can do is -- is this for ex parte

11   proof of damages then, or what is the hearing for?

12         MR. CALHOUN:  Your Honor, she set a hearing --

13         THE COURT:  Wait, just why don't you two switch

14   positions.  Yeah.

15         MR. CALHOUN:  We're not sure, Your Honor.  She set

16   the hearing after the -- we waived a hearing.  She set it.  So

17   it probably is to discuss damages.

18         THE COURT:  All right.  Well, normally there has to

19   be proof of damages --

20         MR. CALHOUN:  Yeah.

21         THE COURT:  -- even if the case is, you know, at this

22   point in default.

23         So I think -- did you talk to her this morning?  I

24   thought you were down on the fifth floor.

25         MR. CALHOUN:  I went down to the fifth floor, but the

1460

1  courtroom wasn't open yet, so I haven't talked to her yet.

2       THE COURT:  Okay.  Hold on one second.

3       Why don't you go -- Mr. Hendrick, go check on the

4  jury.  If they're all here, you can start bringing them up.

5       THE COURT SECURITY OFFICER:  Okay.

6       THE COURT:  Okay?

7       THE COURT SECURITY OFFICER:  Bring them out?

8       THE COURT:  Yeah, yeah.

9       THE COURT SECURITY OFFICER:  Okay, Judge.

10       THE COURT:  Okay.  I think you need to -- I'm sorry,

11  I have not -- I think she knows that we're in trial on this

12  case, and I can't see how any judgment that she might recommend

13  would be any different from what the jury is going to award in

14  this case, if they enter an award.

15       MR. CALHOUN:  I can't either, Your Honor.  I can't

16  either.  And, you know, it's a little different.  You know, by

17  defaulting, they've admitted the facts, but, you know, we'll

18  address that with her, and she'll make a recommendation.

19       I imagine that's going to trail this process most by

20  definition.

21       THE COURT:  Well, what would be interesting is if the

22  jury were to come in either with a defense verdict or less

23  damages than what you're requesting.  I mean, again, I don't

24  know what's holding them up at this point.  It's been --

25  they've really almost been deliberating as long as the trial

1461

1 actually went in, and I think, you know, depending upon where

2 they're at today, my feeling is until we get a question from

3 them or a comment that they're having difficulty, I'm going to

4 just let them continue doing what they're doing, but if we

5 should start to get rumblings that there's a problem, you know,

6 we'll have to address that.  So you do want to stay close by

7 today.

8            It's interesting that they're stopping at five.  I

9 don't think any of these jurors expressed a problem --

10                         (Jury present.)

11            THE COURT:  Good morning, folks.  Well, you're a lot

12 like, you know, the Postal Service.  Neither rain nor sleet, no

13 matter what's going on out there, is going to keep you from

14 your appointed duties.  But again, I mean, you're here early on

15 a very rainy Friday morning, and I want to again express to you

16 the appreciation of the Court and the attorneys for your

17 diligence.  I know this is a difficult case, complicated case,

18 and you're working very hard.

19            Again, last night, did any of you bump into any

20 problems at all?

21                    (Jurors shaking heads.)

22            THE COURT:  No?  Are you all feeling all right?

23                    (Jurors nodding heads.)

24            THE COURT:  Good.  Well, then I'm going to send you

25 down to the, to the deliberation room to continue your work,

1462

1    and obviously, if you need to communicate with us, you know the

2    procedure.

3            The one thing I realize I forgot to mention to you

4    when I gave you the final instructions is if and when you do

5    reach any verdicts, the procedure besides having the

6    foreperson, you know, fill out the form and sign it is to fold

7    it over.  You don't show it to my court security officer or

8    anybody.  You -- and the foreperson brings them in her

9    possession into the courtroom, and then you hand it to the

10   court security officer, and he hands it to me, and then I read

11   the verdict to the, to the attorneys, all right?  So that's

12   that procedure, all right?

13           So we're going to let you-all go, and hopefully the

14   temperature is all right down there.  If not, we'll adjust it

15   accordingly.  Thank you.

16           We're going to stay in session.  I have a few matters

17   to talk out with counsel.  Thank you.

18                        (Jury out.)

19           THE COURT:  All right.  So as I said, I think at this

20   point, we're just going to wait and see what the jury does.

21   Just let Judge Buchanan know that the jury is still out.

22           MR. CALHOUN:  Of course.

23           THE COURT:  And it may be a very short hearing with

24   her.  Is it the first matter on her docket today?

25           MR. CALHOUN:  I believe it is, Your Honor.

1463

1    THE COURT:  All right.  Well, I want to get you-all
2  down there in time then, all right?  And we'll just recess
3  court to await the decision of the jury.
4           (Recess from 9:56 a.m., until 11:13 a.m.)
5                    (Jury present.)
6    THE CLERK:  Madam Foreperson, has the jury reached
7  its verdict?
8    FOREPERSON DANZI:  We have.
9    THE CLERK:  Can you hand it to the court security
10 officer, please.
11       In the matter of Civil Action 19-461, Navient
12 Solutions, LLC, versus the Law Offices of Jeffrey Lohman, et
13 al., as to Count II (RICO Violation 18-1962(c)), has Navient
14 Solutions, LLC, proven by a preponderance of the evidence that
15 Rick Graff conducted or participated in conducting an
16 enterprise through a pattern of racketeering?
17       "Yes."
18       Question 2:  As to Count III (Conspiracy to Violate
19 RICO statute 18 U.S.C. 1962(d)), has Navient Solutions, LLC,
20 proven by a preponderance of the evidence that Rick Graff
21 conspired to conduct or to participate in the conduct of an
22 enterprise through a pattern of racketeering?
23       "Yes."
24       Question 3:  If and only if you answered yes to
25 either Question 1 or 2, what, if any, damages do you

1464

1    unanimously find Navient Solutions, LLC, has proven by a

2    preponderance of the evidence?

3         "$50,000."

4         Question 4:  As to Count V (Tortious Interference

5    with Contract or Business Expectancy), has Navient Solutions,

6    LLC, proven by a preponderance of the evidence that Rick Graff

7    tortiously interfered with Navient Solutions, LLC's contracts

8    or business expectancies?

9         "No."

10        Signed by Jury Foreperson, Sarah Danzi, August 20,

11   2021.

12        THE COURT:  I think to make the record nice and

13   clear, let's have the jury acknowledge each of the verdicts

14   individually, all right?

15        THE CLERK:  All right.  Ladies and gentlemen, is this

16   your unanimous verdict?

17        ALL JURORS:  Yes.

18        THE COURT:  All right.  For the record, all eight

19   jurors nodded yes or said yes.

20        THE CLERK:  Special Jury Verdict as to Gregory

21   Trimarche.  Question 1:  As to Count II (RICO statute Violation

22   18 U.S.C. 1962(c)), has Navient Solutions, LLC, proven by a

23   preponderance of the evidence that Gregory Trimarche conducted

24   or participated in conducting an enterprise through a pattern

25   of racketeering?

1    "Yes."

2    Question 2:  As to Count III (Conspiracy to Violate

3    RICO statute 18 U.S.C. 1962(d)), has Navient Solutions, LLC,

4    proven by a preponderance of the evidence that Gregory

5    Trimarche conspired to conduct or to participate in the conduct

6    of an enterprise through a pattern of racketeering?

7    "Yes."

8    Question 3:  If and only if you answered yes to

9    either Question 1 or 2, what, if any, damages do you

10   unanimously find Navient Solutions, LLC, has proven by a

11   preponderance of the evidence?

12   "$50,000."

13   Question 4:  As to Count V (Tortious Interference

14   with Contract or Business Expectancy), has Navient Solutions,

15   LLC, proven by a preponderance of the evidence that Gregory

16   Trimarche tortiously interfered with Navient Solutions, LLC's

17   contracts or business expectancies?

18   "No."

19   Signed Foreperson, Sarah A. Danzi, August 20, 2021.

20   Ladies and gentlemen, is this your unanimous verdict?

21                    (Jurors nodding heads.)

22   THE CLERK:  Special Jury Verdict as to GST Factoring,

23   Inc.  Question 1:  As to Count II (RICO Violation statute 18

24   U.S.C. 1962(c)), has Navient Solutions, LLC, proven by a

25   preponderance of the evidence that GST Factoring, Inc.,

1466

1   conducted or participated in conducting an enterprise through a

2   pattern of racketeering?

3           "Yes."

4           Question 2:  As to Count III (Conspiracy to Violate

5   RICO statute 18 U.S.C. 1962(d)), has Navient Solutions, LLC,

6   proven by a preponderance of the evidence that GST Factoring,

7   Inc., conspired to conduct or to participate in the conduct of

8   an enterprise through a pattern of racketeering?

9           "Yes."

10          Question 3:  If and only if you answered yes to

11  Question -- either Question 1 or 2, what, if any, damages do

12  you unanimously find Navient Solutions, LLC, has proven by a

13  preponderance of the evidence?

14          "$860,000."

15          Question 4:  As to Count V (Tortious Interference

16  with Contract or Business Expectancy), has Navient Solutions,

17  LLC, proven by a preponderance of the evidence that GST

18  Factoring, Inc., tortiously interfered with Navient Solutions,

19  LLC's contracts or business expectancies?

20          "Yes."

21          Question 5:  If and only if you answered yes to

22  Question 4, what, if any, damages do you unanimously find

23  Navient Solutions, LLC, has proven by a preponderance of the

24  evidence?

25          "$860,000."

1467

1    Question 6:  If the jury has awarded damages for more

2    than one count, did the jury intend for the damages to be added

3    to each other?

4    "No."

5    Signed Foreperson, Sarah A. Danzi, August 20, 2021.

6    Ladies and gentlemen, is this your unanimous verdict?

7    (Jurors nodding heads.)

8    THE COURT:  Again, the jurors all nodded yes.

9    THE CLERK:  Special Jury Verdict as to Jeffrey

10   Lohman.  Question 1, as to Count II, (RICO Violation statute 18

11   U.S.C. 1962(c)), has Navient Solutions, LLC, proven by a

12   preponderance of the evidence that Jeffrey Lohman conducted or

13   participated in conducting an enterprise through a pattern of

14   racketeering?

15   "Yes."

16   Question 2:  As to Count III (Conspiracy to Violate

17   RICO statute 18 U.S.C. 1962(d)), has Navient Solutions, LLC,

18   proven by a preponderance of the evidence that Jeffrey Lohman

19   conspired to conduct or to participate in the conduct of an

20   enterprise through a pattern of racketeering?

21   "Yes."

22   Question 3:  If and only if you answered yes to

23   either Questions 1 or 2, what, if any, damages do you

24   unanimously find Navient Solutions, LLC, has proven by a

25   preponderance of the evidence?

1468

1          "$100,000."

2          Question 4:  As to Count IV (Fraud), has Navient

3  Solutions, LLC, proven by clear and convincing evidence that

4  Jeffrey Lohman committed fraud against Navient Solutions, LLC?

5          "Yes."

6          Question 5:  If and only if you answered yes to

7  Question 4, what, if any, damages do you unanimously find

8  Navient Solutions, LLC, has proven by a preponderance of the

9  evidence?

10         "$100,000."

11         Question 6:  As to Count V (Tortious Interference

12  with Contract or Business Expectancy), has Navient Solutions,

13  LLC, proven by a preponderance of the evidence that Jeffrey

14  Lohman tortiously interfered with Navient Solutions, LLC's

15  contracts or business expectancies?

16         "Yes."

17         Question 7:  If and only if you answered yes to

18  Question 6, what, if any, damages do you unanimously find

19  Navient Solutions, LLC, has proven by a preponderance of the

20  evidence?

21         "$100,000."

22         Question 8:  If the jury has awarded damages for more

23  than one count, did the jury intend for damages to be added to

24  each other?

25         "No."

1469

1    Signed Foreperson, Sarah A. Danzi, August 20, 2021.

2    Ladies and gentlemen, is this your unanimous verdict?

3    (Jurors nodding heads.)

4    THE COURT:  Again, all jurors have nodded yes.

5    THE CLERK:  Special Jury Verdict as to the Law

6  Offices of Jeffrey Lohman.  Question 1:  As to Count II, (RICO

7  Violation statute 18 U.S.C. 1962(c)), has Navient Solutions,

8  LLC, proven by a preponderance of the evidence that the Law

9  Offices of Jeffrey Lohman conducted or participated in

10  conducting an enterprise through a pattern of racketeering?

11    "Yes."

12    Question 2:  As to Count III (Conspiracy to Violate

13  RICO statute 18 U.S.C. 1962(d)), has Navient Solutions, LLC,

14  proven by a preponderance of the evidence that the Law Offices

15  of Jeffrey Lohman conspired to conduct or to participate in the

16  conduct of an enterprise through a pattern of racketeering?

17    "Yes."

18    Question 3:  If and only if you answered yes to

19  either Question 1 or 2, what, if any, damages do you

20  unanimously find Navient Solutions, LLC, has proven by a

21  preponderance of the evidence?

22    "$1,146,500."

23    As to Count IV (Fraud), has Navient Solutions, LLC,

24  proven by clear and convincing evidence that the Law Offices of

25  Jeffrey Lohman committed fraud against Navient Solutions, LLC?

1470

1      "Yes."

2      Question 5:  If and only if you answered yes to

3  Question 4, what, if any, damages do you unanimously find

4  Navient Solutions, LLC, has proven by a preponderance of the

5  evidence?

6      "$1,146,500."

7      Question 6:  As to Count V (Tortious Interference

8  with Contract or Business Expectancy), has Navient Solutions,

9  LLC, proven by a preponderance of the evidence that the Law

10  Offices of Jeffrey Lohman tortiously interfered with Navient

11  Solutions, LLC's contracts or business expectancies?

12      "Yes."

13      Question 7:  If and only if you answered yes to

14  Question 6, what, if any, damages do you unanimously find

15  Navient Solutions, LLC, has proven by a preponderance of the

16  evidence?

17      "$1,146,500."

18      Question 8:  If the jury has awarded damages for more

19  than one count, did the jury intend for the damages to be added

20  to each other?

21      "No."

22      Signed Foreperson, Sarah A. Danzi, August 20, 2021.

23      Ladies and gentlemen, is this your unanimous verdict?

24           (Jurors nodding heads.)

25      THE COURT:  All right.  Again, the jurors all -- and

1471

1  for each verdict, the jury has all nodded their heads.

2           Counsel, does anyone want the jury individually

3  polled?

4           MR. CHARNOFF:  Yes, Your Honor.

5           THE COURT:  All right.  All that means, ladies and

6  gentlemen, is we're going to ask each one of you by your name

7  if these five verdicts are -- fully accord with your

8  understanding of what the group agreed to and what you

9  personally agreed to, all right?

10          THE CLERK:  Juror No. 47, James Tyree, is this your

11  unanimous verdict?

12          JUROR TYREE:  Yes.

13          THE CLERK:  Juror No. 7, Sarah Anne Danzi, is this

14  your unanimous verdict?

15          FOREPERSON DANZI:  Yes.

16          THE CLERK:  Juror No. 38, Eva Schroeder, is this your

17  unanimous verdict?

18          JUROR SCHROEDER:  Yes.

19          THE CLERK:  Juror No. 11, Nadja Golding, is this your

20  unanimous verdict?

21          JUROR GOLDING:  Yes.

22          THE CLERK:  Juror No. 45, Mark Thomas, is this your

23  unanimous verdict?

24          JUROR THOMAS:  Yes.

25          THE CLERK:  Juror No. 4, Brenda Butler, is this your

1  unanimous verdict?

2           JUROR BUTLER:  Yes.

3           THE CLERK:  Juror No. 16, Christian Jensen, is this

4  your unanimous verdict?

5           JUROR JENSEN:  Yes.

6           THE CLERK:  Juror No. 30, Dana Peifer, is this your

7  unanimous verdict?

8           JUROR PEIFER:  Yes.

9           THE COURT:  All right.  Then, ladies and gentlemen,

10  on behalf of the Court and the parties, we all want to thank

11  you for two weeks of service to this Court and to our civil

12  justice system.  I know there's a lot of jokes about, oh, dear,

13  I've got jury service, and people don't want to do it, but, you

14  know, this is an extremely important civic function.  It's just

15  like serving in the military.  It's like going to the polls and

16  voting.

17           Good citizens are willing to do this type of job.

18  It's a real sacrifice, which we do appreciate each of you has

19  been willing to undergo, but we could not conduct our trials

20  without the willingness of civilian citizens like yourselves to

21  sit in court and listen carefully to the evidence and do what

22  you feel is the best you can given the strange way in which we

23  try cases.  So I want to thank you.

24           We're going to release you now.  If you'll go back

25  down to the third floor room, we'll be in touch with you in a

1473

1    couple of minutes just to finish everything up.  But we'll stay

2    in session for a second while you-all leave.

3                        (Jury excused.)

4              THE COURT:  All right.  Now, I think what I'm going

5    to do on this is we'll obviously have the decision of the jury

6    reflected.  I'm going to give you-all two weeks to file

7    posttrial motions.  I also strongly recommend you might want to

8    sit down among yourselves and see whether you can resolve any

9    of the issues here.  If not, you know, we'll obviously have

10   some posttrial matters to take care of.  There's also the issue

11   of the plaintiff's attorneys' fees.

12             Again, to the extent you can work that out, that

13   would be valuable, but I think two weeks should give you enough

14   time since most of these issues have been briefed anyway.  So

15   I'll say two weeks for the defense to file any posttrial

16   motions that you have, and then, Mr. Calhoun, Navient will have

17   two weeks to respond to them.  We'll probably set this down for

18   oral argument, all right?

19             But I will direct at this point that the judgment of

20   the jury be entered, and we'll adjust it as necessary if

21   necessary.  All right?

22             Anything further?  You removed everything from the

23   courtroom, so I don't think there's anything left here.

24             What did Judge Buchanan do with the, with the --

25             MR. CALHOUN:  She just took it under advisement, Your

1474

1    Honor.

2              THE COURT:  All right.  So we'll let her know what

3    the jury did in this case.

4              Anything further at this point?

5              MR. CALHOUN:  No, Your Honor.

6              THE COURT:  No?  All right, then we'll recess court

7    for the day.

8                          (Which were all the proceedings

9                           had at this time.)

10

11                CERTIFICATE OF THE REPORTER

12       I certify that the foregoing is a correct transcript of

13   the record of proceedings in the above-entitled matter.

14

15

16                    _____
                                  /s/
17                         Anneliese J. Thomson

18

19

20

21

22

23

24

25